1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pat Lundvall (NSBN 3761)
McDonald Carano LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
lundvall@mcdonaldcarano.com

Marshall M. Searcy III (*pro hac vice* pending)
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
marshallsearcy@quinnemanuel.com

*Attorneys for Defendant*
*Fenix International Limited dba OnlyFans*

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., FENIX INTERNATIONAL LIMITED dba ONLYFANS; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.:<br><br><br>**APPENDIX OF EXHIBITS REGARDING NOTICE OF REMOVAL OF CIVIL ACTION – VOLUME 2** |
| DG MEDIA & ENTERTAINMENT GROUP, INC.; MEOW GANG PRODUCTION STUDIOS, INC.; MARCELLO RAZAVI; and BRITTANYA RAZAVI,<br><br>Counterclaimants,<br><br>v.<br><br>LAUREN COLVIN, YOUREE GEMMILL, and PATHAMAWAN HANFORD,<br><br>Counter - Defendants. | |

Defendant Fenix International Limited dba OnlyFans ("Fenix"), submits its Appendix of

Exhibits to its Notice of Removal of Civil Action.

| Exhibit No. | Exhibit Description | Volume | Bates No. |
|---|---|---|---|
| A | Complaint filed 6/9/2021 | 1 | 001-014 |
| B | Plaintiffs' Ex Parte Motion For Order Directing the Issuance of a Prejudgment Writ of Attachment Without Notice filed 6/10/2021 | 1 | 015-023 |
| C | Order for Issuance of Prejudgment Writ of Attachment filed 7/8/21 | 1 | 024-028 |
| D | (Filed Under Seal) Defendants' Notice of Document to Be Filed Under Seal filed 7/19/21 | 1 | 029 |
| E | Notice of Appearance filed 7/20/2021 | 1 | 030-031 |
| F | Initial Appearance Fee Disclosure filed 7/20/21 | 1 | 032-033 |
| G | Defendants' Motion to Vacate Order or, Alternatively, Discharge Prejudgment Writ of Attachment on Order Shortening Time (Razavi) filed 7/20/21 | 1 | 034-080 |
| H | Defendants Motion to File Under Seal Exhibit C on Order Shortening Time filed 7/20/21 | 1 | 081-097 |
| I | Stipulation and Order to Vacate Court's July 8,2021 Order granting Plaintiff's Ex Parte Motion for Order Directing the Issuance of a Prejudgment Writ of Attachment Without Notice filed 7/27/21 | 1 | 098-105 |
| J | Notice of Entry of Stipulation and Order filed 7/27/21 | 1 | 106-115 |
| K | Substitution of Attorney for Plaintiffs filed 8/12/21 | 1 | 116-119 |
| L | Motion to Associate Counsel (Michael D. Kuznetsky and Michael W. Fattorosi) filed 9/16/21 | 1 | 120-153 |
| M | Notice of Hearing filed 9/17/21 | 1 | 154 |
| N | Defendants' Opposition to Motion to Associate Counsel filed 9/24/21 | 1 | 155-169 |

| O | Reply Brief in Support of Motion to Associate Counsel filed 9/30/21 | 1 | 170-173 |
|---|---|---|---|
| P | Minute Order filed 10/25/21 | 1 | 174 |
| Q | Order Granting Motion to Associate Counsel (Michael Kuznetsky) filed 10/25/21 | 1 | 175-179 |
| R | Order Granting Motion to Associate Counsel (Michael Fattorosi) filed 10/25/21 | 1 | 179-182 |
| S | Notice of Entry of Order Granting Motion to Associate Counsel (Michael Kuznetsky) filed 10/27/21 | 1 | 183-190 |
| T | Notice of Entry of Order Granting Motion to Associate Counsel (Michael Fattorosi) filed 10/27/21 | 1 | 191-198 |
| U | Summons – Brittanya Razavi filed 11/10/21 | 1 | 199-201 |
| V | Summons - Marcello L. Razavi filed 11/10/21 | 1 | 202-204 |
| W | Summons - Meow Gang Productions Studios, Inc. filed 11/10/21 | 1 | 205-207 |
| X | Summons – DG Media & Entertainment filed 11/10/21 | 1 | 208-210 |
| Y | Notice Of Change Of Address Of Counsel filed 12/14/21 | 1 | 211-213 |
| Z | Notice Of Change Of Address Of Counsel filed 12/14/21 | 1 | 214-216 |
| AA | Affidavit of Due Diligence - Brittanya Razavi filed 2/10/22 | 1 | 217-224 |
| BB | Affidavit of Due Diligence - Marcello Razavi filed 2/10/22 | 1 | 225-234 |
| CC | Affidavit of Due Diligence - DG Media & Entertainment filed 2/10/22 | 1 | 235-246 |
| DD | Affidavit of Due Diligence - Meow Gang Production Studio filed 2/10/22 | 2 | 247-256 |
| EE | Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant Brittanya Razavi and Request for Permission to Serve by Publication filed 2/11/22 | 2 | 257-276 |

| FF | Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant Marcello Razavi and Request for Permission to Serve by Publication filed 2/11/22 | 2 | 277-298 |
|----|----|----|----|
| GG | Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant Meow Gang Production Studios, Inc. and Request for Permission to Serve by Publication filed 2/11/22 | 2 | 299-322 |
| HH | Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant DG Media & Entertainment Group, Inc. and Request for Permission to Serve by Publication filed 2/11/22 | 2 | 323-348 |
| II | Order Granting Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant DG Media & Entertainment Group, Inc. and Request for Permission to Serve by Publication filed 2/14/22 | 2 | 349-352 |
| JJ | Order Granting Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant Brittanya Razavi and Request for Permission to Serve by Publication filed 2/14/22 | 2 | 353-356 |
| KK | Order Granting Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant Marcello Razavi and Request for Permission to Serve by Publication filed 2/14/22 | 2 | 357-360 |
| LL | Order Granting Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant DG Media & Entertainment Group, Inc. and Request for Permission to Serve by Publication filed 2/14/22 | 2 | 361-364 |
| MM | Notice of Entry of Order Granting Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant Brittanya Razavi and Request for Permission to Serve by Publication filed 2/22/22 | 2 | 365-371 |
| NN | Notice of Entry of Order Granting Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant Marcello Razavi and Request for Permission to Serve by Publication filed 2/22/22 | 2 | 372-378 |
| OO | Notice of Entry of Order Granting Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant Meow Gang Production Studios Inc and Request for Permission to Serve by Publication filed 2/22/22 | 2 | 379-385 |

| PP | Notice of Entry of Order Granting Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant DG Media & Entertainment Group, Inc. and Request for Permission to Serve by Publication filed 2/22/22 | 2 | 386-392 |
|----|----|----|----|
| QQ | Affidavit of Publication filed 3/24/22 | 2 | 393 |
| RR | Affidavit of Publication filed 3/24/22 | 2 | 394 |
| SS | Affidavit of Publication filed 3/24/22 | 2 | 395 |
| TT | Affidavit of Publication filed 3/24/22 | 2 | 396 |
| UU | Defendants' Answer to Plaintiffs' Complaint and Counterclaim filed 5/31/22 | 2 | 397-410 |
| VV | Defendants' Initial Appearance Fee filed 5/31/22 | 2 | 411-413 |
| WW | First Amended Counterclaim filed 6/8/22 | 2 | 414-425 |
| XX | First Amended Complaint filed 6/21/22 | 2 | 426-446 |
| YY | Plaintiffs and Counter-Defendants' Answer to First Amended Counterclaim filed 6/29/22 | 2 | 447-451 |
| ZZ | Defendants' Answer to Plaintiffs' First Amended Complaint filed 7/5/22 | 2 | 452-456 |
| AAA | Joint Case Conference Report filed 7/29/22 | 2 | 457-466 |
| BBB | Mandatory Rule 16 Pre-Trial Scheduling Conference Order | 2 | 467-473 |

Dated this 26th day of August, 2022.

McDONALD CARANO LLP

By: __/s/ Pat Lundvall_____
Pat Lundvall (NSBN 3761)
McDonald Carano LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
lundvall@mcdonaldcarano.com

Marshall M. Searcy III (pro hac vice pending)
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
marshallsearcy@quinnemanuel.com

*Attorneys for Defendant*

*Fenix International Limited dba OnlyFans*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of McDonald Carano LLP, and that on the 26th day of August, 2022, I caused a true and correct copy of the foregoing **APPENDIX OF EXHIBITS REGARDING NOTICE OF REMOVAL OF CIVIL ACTION – VOLUME 2** to be electronically filed with the Clerk of the Court by using CM/ECF service and serving on all parties of record via U.S. Mail as follows:

| | |
|---|---|
| Michael A. Urban, Esq.<br>THE URBAN LAW FIRM<br>4270 S. Decatur Blvd., Suite A-9<br>Las Vegas, Nevada 89103<br>murban@theurbanlawfirm.com | Nick D. Crosby, Esq.<br>Marquis Aurbach<br>10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>ncrosby@maclaw.com |
| Michael D. Kuznetsky, Esq<br>(Admitted pro hac vice)<br>KUZNETSKY LAW GROUP, P.C.<br>210 N. Pass Avenue, Suite 103<br>Burbank, California 91505<br>mike@kuzlaw.com | *Attorney for Defendants and Counterclaimants Brittanya Razavi, Marcello Razavi, Meow Gang Production Studios Inc. and DG Media & Entertainment Group Inc.* |

Michael W. Fattorosi, Esq.
(Admitted pro hac vice)
LAW OFFICES OF MICHAEL W.
FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com

*Attorney for Plaintiffs and Counter-Defendants*
*Lauren Colvin, Youree Gemmill and*
*Pathamawan Hanford*

      /s/  Beau Nelson
An employee of McDonald Carano LLP

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD CARANO

# EXHIBIT DD

Electronically Filed
2/10/2022 9:55 AM
Steven D. Grierson
CLERK OF THE COURT

AFDD
URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087
Counsel for Plaintiff's

DISTRICT COURT

CLARK COUNTY, NEVADA

LAUREN COLVIN, an individual, YOUREE GEMMILL, an individual, and PATHAMAWAN HANFORD, an individual,

Plaintiffs,

vs.

BRITTANYA RAZAVI, et al.,

Defendants.

CASE NO.: A-21-836019-C
DEPT NO.: 11

**AFFIDAVIT OF DUE DILIGENCE RE: MEOW GANG PRODUCTION STUDIOS, INC.**

State of Nevada )
) ss.
County of Clark )

I, Michelle Alvarez, being first duly sworn, depose and say:

1. That at all times mentioned herein I am a citizen of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve under Nevada license number 389.

2. That Legal Wings, Inc. received a copy of the Summons and Complaint on December 3, 2021, to serve Defendant Meow Gang Productions, Inc. by serving Kaylee Trabucco, Registered Agent at 9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149. (SEE EXHIBIT A for the results at this address) (Note: I checked with Clark County Assessor's Office which revealed the current owner of this property to be 3906 Blue Gull LLC with Trustee Brittanya McCall Razavi, Co-Defendant with a recorded date of April 5, 2021.)

3. I received instructions from the office of Urban Law to conduct a skip trace on Meow Gang Production Studios, Inc.

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

4.  I checked with Nevada Secretary of State which revealed an active record for Meow Gang Production Studios, Inc. with Kaylee Trabucco, Registered Agent at 9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149 and Brittanya Razavi as President, Secretary, Treasurer and Director at 6440 Sky Point Drive, Suite 140-434, Las Vegas, Nevada, Las Vegas 89131. (Note: The address is a UPS Store and on January 14, 2022 and on January 28, 2022 requesting the physical address and have not received them back to date.)

5.  I checked TLO which revealed a record for Kaylee Trabucco, Social Security Number XXX-XX-3933, with a date of birth of March 29, 2000 and the following address history within the last year:

a.  29668 Desert Terrace Drive, Menifee, California 92584 (Riverside County) from May 26, 2020 until December 9, 2021; and (SEE EXHIBIT B for results at this address) (Note: I checked with Riverside County Assessor's Office which revealed the current owner to be Jeremy and Lilia Lieu with a recorded date of January 2012 and does not show the Registered Agent as a previous owner.)

b.  34890 Cameron Lane, Wildomar, California 92595 (Riverside County) from July 13, 2018 until May 1, 2021. (SEE EXHIBIT B for results at this address) (I checked with Riverside County Assessor's Office which revealed the current owner to be Megan Green with a recorded date of March 2012 and does not show the Registered Agent as a previous owner.)

The record further revealed the following phone number (951) 609-6690 having a 86% chance to be associated with the Registered Agent. On January 25, 2022 at 2:29 p.m. I called and spoke to a unidentified male who stated wrong number.

6.  I sent postal orders to the United States Post Office on January 14, 2022 and on January 28, 2022 for the following addresses listed below and have not received them back to date:

a.  9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149.

b.  29668 Desert Terrace Drive, Menifee, California 92584; and

c.  34890 Cameron Lane, Wildomar, California 92595.

7.  I checked with Nevada Secretary of State which revealed the following 3 active corporations below, with Kaylee Trabucco as Registered Agent at 9303 Gilcrease Drive #1137, Las Vegas, Nevada 89139:

a.  3725 Seneca Highlands LLC – Managing member to be Brittanya M. Razavi, President, Secretary, Treasurer, and Director of entity at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89131; and

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-2-

b.  DG Media & Entertainment Group, Inc. – Managing member to be Marcello L. Razavi, President, Secretary, Treasurer, and Director at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89130; and

c.  3906 Blue Gull LLC – Managing member to be Brittanya M. Razavi, President, Secretary, Treasurer, and Director of entity at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89131.

(Note: While doing locates on Marcello & Brittanya Razavi, Co-Defendant's and managing members of the entities in question and I found the following addresses to attempt service for the individuals and as the managing members at: (SEE EXHIBIT A for the results at these addresses)

a.  10300 Mystic Ledge Court, Las Vegas, Nevada 89149; and

b.  4895 S. Torrey Pines Drive #201, Las Vegas, Nevada 89103.

8.  I checked with the Nevada Department of Motor Vehicles which revealed no record for Kaylee Trabucco having a driver's license or identification card. It further revealed no vehicles currently registered in her name.

9.  I checked the Clark County and Riverside County Voter's Registrar which revealed no record for Kaylee Trabucco.

10.  I checked with Clark County, Nevada Assessor's Office by name which revealed no record of Kaylee Trabucco owning any real property or manufactured homes.

11.  I checked with Riverside County, California Assessor's Office by name which revealed no record for Kaylee Trabucco owning any real property or manufactured homes.

12.  I checked with the Clark and Riverside County Detention Center, City of Las Vegas Jail, City of Henderson Jail, and the Nevada & California Department of Corrections, which revealed no record for the Kaylee Trabucco currently being incarcerated

13.  I checked with Clark County, the City of Las Vegas, and the City of North Las Vegas, and Henderson which did not reveal a business license for Meow Gang Production Studios, Inc.

14.  I checked with Clark County Fictitious Firm Name which revealed no record for Meow Gang Production Studios, Inc.

15.  I checked with Nevada State Contractors Board which revealed no record for Meow Gang Production Studios, Inc.

16.  I searched the internet on Google for Meow Gang Production Studios, Inc and found website www.meowgang.com and that website says, "cannot be reached".

17.  I checked social media Facebook, Twitter and LinkedIn and found no profile for Meow Gang Production Studios, Inc.

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-3-

18.     That based on the foregoing information, I was unable to locate and serve Meow Gang Production Studios, Inc. in Clark County, Nevada and Riverside County, California.

I declare that the assertions of this affidavit are true and correct.



Michelle Alvarez
Registered Work Card R-102605

Subscribed and Sworn to Before me
this 28 day of January 2022.

Notary Public in and for said
County and State

NOTARY PUBLIC
CATHLEEN V. HOLMES
STATE OF NEVADA · COUNTY OF CLARK
MY APPOINTMENT EXP. JUNE 21, 2023
No: 07-3770-1

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-4-

250

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

# EXHIBIT A

THE URBAN LAW FIRM
4270 S DECATUR BLVD STE A-9
LAS VEGAS, NV 89103
(702) 968-8087



**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

---

TYLER TREWET, SABRINA ROSE, depose(s) and say(s):
That affiant(s) are and were at all times mentioned herein citizen(s) of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

Legal Wings, Inc. received on 12/3/2021 a copy of the:
SUMMONS; COMPLAINT

Based on the results at the address(es) listed below, affiant(s) were unable to serve:
**Defendant MEOW GANG PRODUCTION STUDIOS, INC. BY SERVING KAYLEE ELIZABETH TRABUCCO, REGISTERED AGENT**

**10300 MYSTIC LEDGE CT, LAS VEGAS, NV 89149**

SABRINA ROSE            12/3/2021     5:43 PM
No answer, left contact sheet. Package outside cannot see label. Ring doorbell is not working. Spoke to neighbor at 10301 who stated that Marc isn't home, but to use the doorbell because the main door leads to a courtyard and they will not hear me knocking. Chevy suburban parked in driveway.

SABRINA ROSE            12/4/2021     10:13 AM
No answer, doorbell not working. Contact sheet still there, but package gone. Car still in driveway.

SABRINA ROSE            12/5/2021     11:59 AM
No answer, ring doorbell worked for the first ring then no longer operating. Contact sheet and car still there.

SABRINA ROSE            12/6/2021     5:30 PM
Contact sheet is moved, no answer, and no lights on inside.

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

TYLER TREWET            12/26/2021     5:20 PM
**Stake Out** - Upon arrival a black SUV parked in the driveway, trash cans not out and no activity at property. Departed at 7:40 p.m.

TYLER TREWET            1/2/2022     6:32 PM
Trash Cans out on street for trash pickup.

TYLER TREWET            1/3/2022     9:30 AM
Trash cans still on street and trash not picked up.

TYLER TREWET            1/9/2022     4:30 PM
**Stake Out #2** - Arrived at 4:30 p.m. and trash cans already out front and Rolls Royce's parked behind gate on side of house.

TYLER TREWET            1/13/2022     2:35 PM
No answer at door, ring doorbell not active and Suburban with Nevada plate #RAZAVI parked in the driveway.

### 4895 S. TORREY PINES DR. #201, LAS VEGAS, NV 89103

TYLER TREWET            12/23/2021     5:28 PM
Gated community - could not gain access.

TYLER TREWET            12/26/2021     2:52 PM
Spoke to an unidentified female who stated the Defendant is unknown. Went to the neighbor's in unit 101 & 104 and received no answer.

### 9303 GILCREASE AVE, #1137, LAS VEGAS, NV 89149

SABRINA ROSE            12/3/2021     6:01 PM
No answer and no noise. Lights are off inside.

SABRINA ROSE            12/4/2021     9:58 AM
No answer, blinds are closed cannot see inside. No answer at neighbor in 1130 left contact sheet.

SABRINA ROSE            12/5/2021     12:08 PM
No answer at door, contact sheet still present. Individually owned condos unable to check leasing.

SABRINA ROSE            12/6/2021     5:50 PM
Contact sheet is gone, lights are on inside and can hear noises within. No answer at the door.

LAUREN COLVIN, ET AL.
       Plaintiff

vs

BRITANYA RAZAVI, ET AL.
       Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

SABRINA ROSE        12/10/2021     5:14 PM
No answer, lights are on upstairs.

SABRINA ROSE        12/11/2021     9:31 AM
Noise within, no answer at door.

SABRINA ROSE        12/12/2021     1:10 PM
No answer and no noise. No answer at neighbor at 1130.

SABRINA ROSE        12/13/2021     6:20 PM
Unable to gain access through apartment gates.

Pursuant to NRS 53.045, I declare under
penalty of perjury under the law of the
State of Nevada that the forgoing is true
and correct.

TYLER TREWET
Registered Work Card R-2019-04184

Executed: Tuesday, January 25, 2022

SABRINA ROSE
Registered Work Card R-2020-00191

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

-6-

## AFFIDAVIT OF NON-SERVICE

**State of Nevada**                                              **County of Clark, District**

Case Number: A-21-836019-C

Plaintiff:
**Lauren Colvin**

vs.

Defendant:
**Brittanya Razavi**

For:
Legal Wings, Inc.
1118 Fremont St.
Las Vegas, NV 89101

Received by Sano Attorney Service to be served on **Meow Gang Production Studios, Inc. Kaylee Elizabeth Trabucco, Registered Agent, 29668 Desert Terrace Dr., Menifee, CA 92584**.

I, Devan Shockley, being duly sworn, depose and say that on the **20th day of January, 2022** at **3:35 pm, I:**

**NON-SERVED the Summons and Complaint** : After due search, careful inquiry and diligent efforts, an employee, independent contractor and/or myself have been unable to effect service of process for the reasons detailed below.

**Additional Information pertaining to this Service:**
Attempted Service. 29668 Desert Terrace Dr., Menifee, CA - 1/4/22 @ 7:05 pm - No answer. House dark.  1/6/22 @ 8:20 am - No answer.  1/7/22 @ 3:12 pm - No answer.  1/9/22 @ 1:10 pm - No answer.

Bad Address. 34890 Cameron Lane, Wildomar, CA - 1/15/22 @ 3:50 pm - This home is completely fenced and posted for sale. No response.  1/18/22 @ 6:45 pm - No response to horn or whistling.  1/20/22 @ 3:35 pm - Defendant is unknown at this address.

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 25th day
of January, 2022 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**KATHY MCCOOL**
COMM. #2366015
NOTARY PUBLIC • CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Jul 16, 2025

**Devan Shockley**
# 1534

**Sano Attorney Service**
**P.O. Box 1568**
**Riverside, CA 92502**
**(909) 425-2248**

Our Job Serial Number: SNO-2022000446
Ref: 1955424.03
Service Fee: _____

Service was
( ) made (X) attempted
outside the state of Nevada
not subject to NRS 14.025

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c



256

# EXHIBIT EE

Electronically Filed
2/11/2022 10:05 AM
Steven D. Grierson
CLERK OF THE COURT

**EAET**
MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
*PH: (818) 710-2727*
  (Admitted *pro hac vice* under SCR 42)

MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999
  *(Admitted pro hac vice under SCR 42)*

MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
PH: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com

*Counsel for Plaintiffs*

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, | Case No.:    A-21-836019-C |
| Plaintiffs, | Dept. No.:   11 |
| v. | **PLAINTIFFS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT BRITTANYA RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** |
| BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; | |
| Defendants. | |

Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, Plaintiffs LAUREN COLVIN, an

individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD (hereinafter

1

208845

**257**

"Plaintiffs") hereby moves this Court for an order enlarging the time for service and allowing Plaintiffs to serve Defendant BRITTANYA RAZAVI (hereinafter "BRITTANYA") by publication.

As set forth below, Plaintiffs have made good faith efforts to serve BRITTANYA within the time allowed and service by publication is now appropriate. Plaintiffs' good faith efforts to provide personal service upon BRITTANYA has been futile and warrant the granting of an Order to serve BRITTANYA by publication.

This motion is made and based upon the papers and pleadings on file, the Memorandum of Points and Authorities submitted herewith, as well as the exhibits and affidavits included therein. A proposed Order is attached hereto as **Exhibit 1** for the Court's consideration.

Dated: February 11, 2022                    **THE URBAN LAW FIRM**


_/s/ Michael A. Urban_
MICHAEL A. URBAN, Nevada State Bar No. 3875
**_Counsel for Plaintiffs_**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'**</u>

<u>**MOTION TO ALLOW SERVICE BY PUBLICATION**</u>

**I.      BACKGROUND**

This action arises from Brittanya Razavi's, Marcello Razavi's, Meow Gang Production Studios, Inc.'s, and DG Media & Entertainment Group, Inc.'s (hereinafter collectively "Defendants") wrongful conduct wherein, upon information and belief, Defendants intentionally misrepresented that they would take a fifty percent (50%) commission from Plaintiffs' earnings in exchange for management services. Once given access to Plaintiffs' bank accounts, Defendants, and each of them, surreptitiously placed all of Plaintiffs' earnings directly into Defendants' own bank accounts.

The Complaint in this case was filed on June 9, 2021, by prior counsel. Then, on August 12, 2021, a Substitution of Counsel was filed with this Court, for local counsel. *See* Affidavit of Michael A. Urban (hereinafter "Urban Aff."), attached hereto as **Exhibit 2**. Urban Aff. ¶ 4. Because co-counsel

<div align="center">2</div>

was not admitted to the State Bar of Nevada, Pro Hac Vice applications were subsequently filed on September 14, 2021, with the State Bar of Nevada. Urban Aff. ¶ 5.

Local counsel's office filed Plaintiffs' Motion to Associate Counsel on September 16, 2021, which was heard in Chambers on October 22, 2021. Finally, the Order Granting Motion to Associate Counsel was entered on October 25, 2021. The Notices of Entry of Order to Associate Counsel were filed on October 27, 2021.

Prior counsel never filed Summons in this case. The Summons for BRITTANYA was issued by this Court on November 30, 2021. Urban Aff. ¶ 6.

## II.    LEGAL ARGUMENT

Plaintiffs have made good faith efforts to serve BRITTANYA within the time allowed and Plaintiffs are entitled to an order allowing service by publication of BRITTANYA.

### A.    <u>Enlargement of Time</u>

Pursuant to Nevada Rules of Civil Procedure 4, this request for extension of time is supported by the Urban Aff.  Plaintiffs have exhausted its efforts to serve BRITTANYA by traditional means. The summons in this case was issued by the Court on November 30, 2021. Since the time of the Summons being issued, Plaintiffs' good faith efforts to provide personal service upon BRITTANYA has been futile and warrant the granting of an Order to serve BRITTANYA by publication, as more fully discussed below.

Rule 4 of the Nevada Rules of Civil Procedure provides, among other things, as follows:

> "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed…unless the party on whose behalf such service was required files a motion to enlarge the time for service and shows good cause why such service was not made within that period.

Rule 6(b)(B)(ii) of the Nevada Rules of Civil Procedure provides, among other things, as follows:

> Extending Time.  When an act may or must be done within a specified time, (B) the court may, for good cause, extend the time (ii) on motion

made after the time has expired if the party failed to act because of excusable neglect.

If an extension is sought in good faith and will not prejudice any party, courts will routinely grant motions for enlargement of time. <u>Domino v. Gaughan</u>, 103 Nev. 582.  An extension of time to serve BRITTANYA is being made in good faith and will not prejudice any party to this case. Plaintiffs are requesting an extension of time to serve BRITTANYA, who has been difficult to locate and believed to be avoiding service. The independent process servers hired by Plaintiffs have been diligent in their attempts to locate BRITTANYA and counsel was diligent in pursuing alternative means of service.  *See* Process Server's Affidavit of Due Diligence, filed with this Court, attached hereto as **Exhibit 3;** Urban Aff. ¶ 8.

Plaintiff also seeks this extension of time in order to allow this Court to consider concurrently Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant Brittanya Razavi and Request for Permission to Serve by Publication. It is respectfully submitted that Plaintiffs' request for Enlargement of Time is based upon good cause and should be granted by this Court. The request for extension of time may properly be granted by this Court under the explicit authority granted to this Court under the Nevada Rules of Civil Procedure.

### B.     <u>Service by Publication</u>

Plaintiffs have exhausted traditional channels to serve BRITTANYA. Service by publication is warranted, as BRITTANYA is a necessary and proper party and Plaintiffs' good faith efforts to personally serve her have been futile.

The Nevada Rules of Civil Procedure govern service of summonses and complaints in Nevada courts of general jurisdiction.  Nevada Rule of Civil Procedure 4(c) provides, in relevant part:

> [W]hen the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by publication of summons.

4

208845

1       Requests for service by publication are appropriate when Plaintiffs diligently attempt service

2  and use means to locate the Defendant who cannot be served. Abreu v. Gilmer, 115 Nev. 308, 311, 985

3  P.2d 746, 747 (1999). Here, Plaintiffs engaged the services of an experienced process server to serve

4  the Summons and Complaint upon BRITTANYA at her last known address of 10300 Mystic Ledge

5  Court, Las Vegas, Nevada 89149.  Urban Aff. ¶ 7.

6       In addition, the process server conducted a skip trace report in an attempt to locate an alternate

7  address for BRITTANYA, which included mailing, attempting to locate BRITTANYA through

8  property records addresses, Department of Motor Vehicle search, Clark County Voter Registrar's

9  Office, Clark County Recorder's Office, Secretary of State office, Clark County Assessor's Office,

10  Correctional Facilities in Nevada, and open and closed Court cases in Nevada.  *See* **Exhibit 3;**

11  Urban Aff. ¶ 11.  Despite these efforts, Plaintiffs have been unsuccessful in their efforts to locate and

12  serve BRITTANYA.

13       For the reasons set forth above, Plaintiffs respectfully ask that the Court allow Plaintiffs to

14  complete service upon BRITTANYA by publication in the Nevada Legal News or another publication

15  of the Court's choice.

16               **III.    CONCLUSION**

17       Based on the foregoing Memorandum of Points and Authorities, Plaintiffs respectfully request

18  that its EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT

19  BRITTANYA RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION be

20  granted.

21

22  Dated: February 11, 2022

23                    **THE URBAN LAW FIRM**

24                    */s/ Michael A. Urban*

25                    MICHAEL A. URBAN, Nevada State Bar No. 3875
                       4270 S. Decatur Blvd., Suite A-9

26                    Las Vegas, Nevada 89103
                       Phone: (702) 968-8087

27                    Fax: (702) 968-8088
                       murban@theurbanlawfirm.com

28                    ***Counsel for Plaintiffs***

# EXHIBIT 1

MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
*PH: (818) 710-2727*
   (Admitted *pro hac vice* under SCR 42)

MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999
   *(Admitted pro hac vice under SCR 42)*

MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
PH: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com

***Counsel for Plaintiffs***

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, | Case No.:   A-21-836019-C |
| | Dept. No.:   11 |
| Plaintiffs, | |
| v. | **[PROPOSED]** |
| | **ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT BRITTANYA RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** |
| BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; | |
| Defendants. | |

/ / /

/ / /

Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant BRITTANYA RAZAVI. and Request for Permission to Serve by Publication, and for good cause shown,

**IT IS ORDERED** that the Summons in this action may be served upon Defendant BRITTANYA RAZAVI by publication in the Nevada Legal News, a newspaper of general circulation published daily in Las Vegas, Nevada, and that said publication be made for a period of four consecutive weeks, and at least once each week for said period.

**IT IS FURTHER ORDERED** that the time period in which to serve BRITTANYA RAZAVI is hereby enlarged to and including _____, 2022.

**IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail, postage prepaid, to Defendant BRITTANYA RAZAVI at her last known addresses.

Dated this _____ day of _____, 2022

_____
DISTRICT COURT JUDGE

Submitted by:

**THE URBAN LAW FIRM**

_____*/s/ Michael A. Urban*_____
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
***Counsel for Plaintiffs***

# EXHIBIT 2

**AFFIDAVIT OF MICHAEL A. URBAN, ESQ.**

State of Nevada          )
                         )          ss:
County of Clark          )

Being first duly sworn, Michael A. Urban deposes and says that:

1.     I am an attorney licensed to practice in the State of Nevada.  I am counsel for Plaintiffs Lauren Colvin, Youree Gemmill, and Pathamawan Hanford, in Case Number A-21-836019-C, currently pending before this Court.

2.     I offer this Affidavit in Support of Plaintiff's *Ex-Parte* Application for Enlargement of Time to Serve Defendant Brittanya Razavi and Request Permission to Serve by Publication.

3.     I have personal knowledge of the matters addressed in this affidavit except where stated upon information and belief and, as to those matters, I believe them to be true.  I am competent to testify if called to do so.

4.     A Substitution of Counsel was filed with this Court on August 12, 2021. My office became local counsel in this case.

5.     Co-counsel in this case were not admitted to the State Bar of Nevada, therefore Pro Hac Vice applications were submitted to the State Bar of Nevada, and filed on September 14, 2021.

6.     Prior counsel did not file Summons in this case. Summons was issued for Defendant, Brittanya Razavi (hereinafter "BRITTANYA"), on November 30, 2021.

7.     My firm engaged the services of Legal Wings to serve the Summons and Complaint upon BRITTANYA, at her last known address at 10300 Mystic Ledge Ct., Las Vegas, NV 89149. Legal Wings is a registered process service company.

8.     As noted in the affidavit from Legal Wings' registered process servers, the process servers could not serve BRITTANYA at her last known address. *See* **Exhibit 3**.

9.     BRITTANYA is believed to be avoiding this obligation, which she is aware exists.

10.    My firm further engaged the services of Legal Wings to perform a skip trace of BRITTANYA.

11.    The search of public records, property records addresses, Department of Motor Vehicle search, Clark County Voter Registrar's Office, Clark County Recorder's Office, Secretary of State

1  office, Clark County Assessor's Office, Correctional Facilities in Nevada, and open and closed Court

2  cases in Nevada for the Defendant was performed by Legal Wings and is noted in their Affidavit of

3  Due Diligence. *See* **Exhibit 3**.

4     12. BRITTANYA is believed to be avoiding this obligation, which she is aware exists.

5     13. The efforts to serve BRITTANYA have been extensive and made in good faith, yet

6  have been unsuccessful.  Plaintiffs now seeks this Court's permission for an extension of time to serve

7  BRITTANYA and requests permission to serve BRITTANYA by publication, pursuant to Rule 4 of

8  the Nevada Rules of Civil Procedure.

9     14. In order to allow the Court sufficient time to consider this request and still publish

10  the notice for the four weeks required, a short extension of time in which to serve is necessary. This

11  request is made in good faith and only after it became apparent that efforts to serve BRITTANYA

12  through traditional channels had been exhausted.

13     15. I respectfully request that Plaintiffs' Motion be considered on an *ex-parte* basis because

14  Plaintiffs have been unable to locate the BRITTANYA to provide this motion and request for

15  extension of time to serve and request to serve by publication.

MICHAEL A. URBAN

19  Subscribed and sworn to before me
20  this _10_ day of February, 2022.

NOTARY PUBLIC

**APRIL DENNI**
Notary Public, State of Nevada
No. 13-11255-1
My Appt. Exp. June 20, 2025

2

**267**

# EXHIBIT 3

Electronically Filed
2/10/2022 9:55 AM
Steven D. Grierson
CLERK OF THE COURT

**AFDD**
**URBAN LAW FIRM**
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087
Counsel for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAUREN COLVIN, an individual, YOUREE GEMMILL, an individual, and PATHAMAWAN HANFORD, an individual, | CASE NO.: A-21-836019-C<br>DEPT NO.: 11 |
| Plaintiffs, | |
| vs. | |
| BRITTANYA RAZAVI, et al., | |
| Defendants. | |

### AFFIDAVIT OF DUE DILIGENCE RE: BRITTANYA RAZAVI

State of Nevada    )
                   ) ss.
County of Clark    )

I, Michelle Alvarez, being first duly sworn depose and say:

1.    That I was at all times mentioned herein a citizen of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve under Nevada license number 389.

2.    That Legal Wings, Inc. received a copy of the Summons and Complaint on December 3, 2021, to serve on Defendant Brittanya Razavi at 10300 Mystic Ledge Court, Las Vegas, Nevada 89149. (SEE EXHIBIT A for the results at this address)

3.    I received instructions from the office of Urban Law to conduct a skip trace on the Defendant.

4.    I checked with TLO, *(TLO is a skip-trace database and online people sarxh which can include a subject's Social Security Number, date of birth, address history, phone numbers, email addresses, relatives, social media platforms, employment, and professional licenses. Only valid information resulting from search will be listed.)* which revealed a record for Brittanya Razavi, Social Security Number XXX-XX-5407, with a date of birth of July 7, 1985, and the following address history in the last year:

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-1-

**269**

a.   10300 Mystic Ledge Court, Las Vegas, Nevada 89149 (Clark County) from July 6, 2018 until November 10, 2021; and (SEE EXHIBIT A for results at t this address) (Note: I checked with Clark County Assessor's Office which revealed the current owner to be Family Faith Fortune Irrevocable Trust etal Marcello Lucky Razavi TRS with a recorded date of July 2, 2018. This is the Co-Defendant and Defendant's husband.)

b.   9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149 (Clark County) from June 24, 2021 until July 21, 2021. (SEE EXHIBIT A for results at this address) (Note: I checked with Clark County Assessor's Office which revealed the current owner to be 3906 Blue Gull LLC and the trustee to be Brittanya M. Razavi with a recorded date of April 5, 2021.)

The record also revealed the following phone numbers, having a 67 % chance or higher to be associated with the Defendant. Next to the phone numbers are the results:

a.   (951)290-1291 – On January 25, 2022 at 3:12 p.m. I called and a unidentified female answered and asked who I was when I stated the reason for my call she hung up the phone, called again and left a voice message and sent a text. I have not received a reply back to date.

b.   (725) 230-1243 – On January 25, 2022 at 3:15 p.m. I called and was unable to leave a voice message as voicemail is not set up, sent a text message and no reply back to date; and

c.   (805) 988-1391 – On January 25, 2022 at 3:16 p.m. I called and the number is out of service.

5.   I checked with Nevada Department of Motor Vehicles, which revealed a record for Brittanya <u>McCall</u> Razavi at 10300 Mystic Ledge Court, Las Vegas, Nevada 89149, with a valid driver's license number XXXXXX4399 that was issued on July 20, 2018 and has an expiration date of July 7, 2026. It also revealed a date of birth of July 7, 1985 and a physical description being female, 5'2", 145 lbs., with brown hair and brown eyes. It further revealed the following vehicles currently registered to the Defendant at the above address:

a.   2015 Chevy Suburban with Nevada plate number RAZAVI with a last transaction date of July 22, 2021 and expires on July 22, 2022.

b.   2016 Rolls Royce Wraith with Nevada plate number FDY13TH with a last transaction date of July 9, 2021 and expires on July 6, 2022; and

c.   2012 Rolls Royce Ghost with Nevada plate number CASHKNG with a last transaction date July 9, 2021 and expires on July 6, 2022.

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-2-

6.      I checked with Clark County Voter's Registrar's Office which revealed an active record for Brittanya <u>McCall</u> Razavi at 10300 Mystic Ledge Court, Las Vegas, Nevada 89149, with a date of birth of July 7, 1985.

7.      I checked with Clark County Assessor's Office by name, which revealed no record of the Defendant owning any real property or manufactured homes.

8.      I checked with Clark County Recorder's Office, which revealed no marriage record for the Defendant.

9.      I checked with Nevada Secretary of State, which revealed a record for Brittanya M. Razavi as an officer at 6440 Sky Point Drive, Suite 140-434, Las Vegas, Nevada 89131 and shows the Registered Agent to be Kaylee Elizabeth Trabucco at 9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149 for the following active corporations:

      a.      3725 Seneca Highlands LLC as managing member

      b.      Meow Gang Production Studios, Inc. as managing member; and

      c.      3906 Blue Gull LLC as managing member.

10.      I sent postal orders to the United States Post Office on December 10, 2021 and on December 24, 2021 for the following addresses and have not received them back to date:

      a.      10300 Mystic Ledge Court, Las Vegas, Nevada 89149

      b.      9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149; and

      c.      6440 Sky Point Drive, Suite 140-434, Las Vegas, Nevada 89131.

11.      I checked with Clark County, City of Las Vegas, and City of North Las Vegas, which revealed no business license record for the Defendant.

12.      I checked with Clark County District Court, which revealed no other open cases besides this one, or recently closed cases that may provide service address information for the Defendant.

13.      I checked with Clark County Family Court which revealed no open cases or recently closed case that may provide service address information for the Defendant.

14.      I checked with Clark County Detention Center, City of Las Vegas Jail, City of Henderson Jail, and the Nevada Department of Corrections, which revealed no record for the Defendant currently being incarcerated.

- 
- 
- 
- 

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-3-

271

15.    That based on the foregoing information, I was unable to locate and serve the Defendant, Brittanya Razavi a.k.a. Brittanya McCall Razavi, in Clark County, Nevada.

I declare that the assertions of this affidavit are true and correct.



Michelle Alvarez
Registered Work Card R-102605

Subscribed and Sworn to Before me
this 2⁵ᵗʰ day of January 2022.

_____
Notary Public in and for said
    County and State

NOTARY PUBLIC
CATHLEEN V. HOLMES
STATE OF NEVADA · COUNTY OF CLARK
MY APPOINTMENT EXP. JUNE 21, 2023
No: 07-3770-1

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-4-

272

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

-5-

THE URBAN LAW FIRM
4270 S DECATUR BLVD STE A-9
LAS VEGAS, NV 89103
(702) 968-8087



## DISTRICT COURT
## CLARK COUNTY, NEVADA

LAUREN COLVIN, ET AL.
     Plaintiff

vs

BRITANYA RAZAVI, ET AL.
     Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

TYLER TREWET, SABRINA ROSE, depose(s) and say(s):
That affiant(s) are and were at all times mentioned herein citizen(s) of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

Legal Wings, Inc. received on 12/3/2021 a copy of the:
SUMMONS; COMPLAINT

Based on the results at the address(es) listed below, affiant(s) were unable to serve:
**Defendant BRITTANYA RAZAVI**

## 10300 MYSTIC LEDGE CT, LAS VEGAS, NV 89149

SABRINA ROSE          12/3/2021     5:45 PM
No answer, left contact sheet. Package outside cannot see label. Ring doorbell is not working. Spoke to neighbor at 10301 who stated that Marc isn't home, but to use the doorbell because the main door leads to a courtyard and they will not hear me knocking. Chevy suburban parked in driveway.

SABRINA ROSE          12/4/2021     10:13 AM
No answer, doorbell is not working. Contact sheet is still here, but package is gone. Car still in driveway.

SABRINA ROSE          12/5/2021     11:59 AM
No answer, ring doorbell worked for the first ring then no longer operating. Contact sheet and car still here.

SABRINA ROSE          12/6/2021     5:30 PM
Contact sheet is moved, no answer and no lights are on inside.

TYLER TREWET          12/26/2021     5:20 PM
**Stake Out** - Upon arrival a black SUV parked in the driveway, trash cans not out and no activity at property. Departed at 7:40 p.m.

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

### (CONTINUATION)

TYLER TREWET      1/2/2022      6:32 PM
Trash cans out on street for trash pickup.

TYLER TREWET      1/3/2022      9:30 AM
Trash cans still on street and trash not picked up, yet.

TYLER TREWET      1/9/2022      4:30 PM
**Stake Out #2** - Arrived at 4:30 p.m. and trash cans already out front and Rolls Royce's parked behind gate on side of house.

TYLER TREWET      1/13/2022      2:35 PM
No answer at door, ring doorbell not active and Suburban with Nevada plate #RAZAVI parked in the driveway.

### 4895 S. TORREY PINES DR. #201, LAS VEGAS, NV 89103

TYLER TREWET      12/23/2021      5:28 PM
Gated community - could not gain access.

TYLER TREWET      12/26/2021      2:52 PM
Spoke to an unidentified female who stated the Defendant is unknown. Went to the neighbor's in unit 101 & 104 and received no answer.

### 9303 GILCREASE AVE, #1137, LAS VEGAS, NV 89149

SABRINA ROSE      12/3/2021      6:01 pm
No answer and no noise. Lights are off inside.

SABRINA ROSE      12/4/2021      9:58 am
No answer, blinds are closed cannot see inside, and left contact sheet. No answer at neighbor in unit 1130.

SABRINA ROSE      12/5/2021      12:08 pm
No answer at door, contact sheet still present. Indivdiually owned condos unable to check leasing office.

SABRINA ROSE      12/6/2021      5:50 pm
Contact sheet is gone, lights are in inside and can hear noises inside, no answer at door.

SABRINA ROSE      12/10/2021      5:14 pm
No answer, lights are on upstairs.

SABRINA ROSE      12/11/2021      9:31 AM
Noise within, no answer at door.

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

SABRINA ROSE             12/12/2021     1:10 PM
No answer and no noise. No answer at neighbor in unit 1130.

SABRINA ROSE             12/13/2021     6:20 PM
Unable to gain access through apartment gates.

Pursuant to NRS 53.045, I declare under
penalty of perjury under the law of the
State of Nevada that the forgoing is true
and correct.

Executed: Monday, January 24, 2022

TYLER TREWET
Registered Work Card R-2019-04184

SABRINA ROSE
Registered Work Card R-2020-00191

# EXHIBIT FF

Electronically Filed
2/11/2022 10:12 AM
Steven D. Grierson
CLERK OF THE COURT

1  **EAET**
MICHAEL W. FATTOROSI, ESQ.
2  California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
3  5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
4  Michael@fattlegal.com
*PH: (818) 710-2727*
5    (Admitted *pro hac vice* under SCR 42)

6  MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
7  KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
8  Burbank, California 91505
mike@kuzlaw.com
9  PH: (818) 753-2450
Fax: (818) 736-0999
10   *(Admitted pro hac vice under SCR 42)*

11  MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
12  THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
13  Las Vegas, Nevada  89103
PH: (702) 968-8087
14  Fax: (702) 968-8088
murban@theurbanlawfirm.com
15
*Counsel for Plaintiffs*
16
**EIGHTH JUDICIAL DISTRICT COURT**
17
**CLARK COUNTY, NEVADA**
18

19  LAUREN COLVIN, an individual; YOUREE
GEMMILL, an individual; and PATHAMAWAN         Case No.:    A-21-836019-C
20  HANFORD, an individual,
                                                Dept. No.:   11
21                    Plaintiffs,

22         v.                                   **PLAINTIFFS' EX PARTE APPLICATION
                                                FOR ENLARGEMENT OF TIME TO
23  BRITTANYA RAZAVI; MARCELLO RAZAVI;          SERVE DEFENDANT MARCELLO
MEOW GANG PRODUCTION STUDIOS, INC.,             RAZAVI AND REQUEST FOR
24  DG MEDIA & ENTERTAINMENT GROUP,             PERMISSION TO SERVE BY
INC., and DOES 1-10 inclusive;                  PUBLICATION
25
                      Defendants.
26

27         Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, Plaintiffs LAUREN COLVIN, an

28  individual;  YOUREE  GEMMILL,  an  individual;  and  PATHAMAWAN  HANFORD  (hereinafter

209991

**277**

"Plaintiffs") hereby moves this Court for an order enlarging the time for service and allowing Plaintiffs to serve Defendant MARCELLO RAZAVI (hereinafter "MARCELLO") by publication.

As set forth below, Plaintiffs have made good faith efforts to serve MARCELLO within the time allowed and service by publication is now appropriate. Plaintiffs' good faith efforts to provide personal service upon MARCELLO has been futile and warrant the granting of an Order to serve MARCELLO by publication.

This motion is made and based upon the papers and pleadings on file, the Memorandum of Points and Authorities submitted herewith, as well as the exhibits and affidavits included therein. A proposed Order is attached hereto as **Exhibit 1** for the Court's consideration.

Dated: February 11, 2022                    **THE URBAN LAW FIRM**

                                            /s/ Michael A. Urban
                                            MICHAEL A. URBAN, Nevada State Bar No. 3875
                                            **Counsel for Plaintiffs**

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ALLOW SERVICE BY PUBLICATION

### I.   BACKGROUND

This action arises from Brittanya Razavi's, Marcello Razavi's, Meow Gang Production Studios, Inc.'s, and DG Media & Entertainment Group, Inc.'s (hereinafter "Defendants") wrongful conduct wherein, upon information and belief, Defendants intentionally misrepresented that they would take a fifty percent (50%) commission from Plaintiffs' earnings in exchange for management services. Once given access to Plaintiffs' bank accounts, Defendants, and each of them, surreptitiously placed all of Plaintiffs' earnings directly into Defendants' own bank accounts.

The Complaint in this case was filed on June 9, 2021, by prior counsel. Then, on August 12, 2021, a Substitution of Counsel was filed with this Court, for local counsel. *See* Affidavit of Michael A. Urban (hereinafter "Urban Aff."), attached hereto as **Exhibit 2**. Urban Aff. ¶ 4. Because co-counsel

was not admitted to the State Bar of Nevada, Pro Hac Vice applications were subsequently filed on September 14, 2021, with the State Bar of Nevada. Urban Aff. ¶ 5.

Local counsel's office filed Plaintiffs' Motion to Associate Counsel on September 16, 2021, which was heard in Chambers on October 22, 2021. Finally, the Order Granting Motion to Associate Counsel was entered on October 25, 2021. The Notices of Entry of Order to Associate Counsel were filed on October 27, 2021.

Prior counsel never filed Summons in this case. The Summons for MARCELLO was issued by this Court on November 30, 2021. Urban Aff. ¶ 6.

## II.   LEGAL ARGUMENT

Plaintiffs have made good faith efforts to serve MARCELLO within the time allowed and Plaintiffs are entitled to an order allowing service by publication of MARCELLO.

### A.   <u>Enlargement of Time</u>

Pursuant to Nevada Rules of Civil Procedure 4, this request for extension of time is supported by the Urban Aff.  Plaintiffs have exhausted its efforts to serve MARCELLO by traditional means. The summons in this case was issued by the Court on November 30, 2021. Since the time of the Summons being issued, Plaintiffs' good faith efforts to provide personal service upon MARCELLO has been futile and warrant the granting of an Order to serve MARCELLO by publication, as more fully discussed below.

Rule 4 of the Nevada Rules of Civil Procedure provides, among other things, as follows:

> "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed…unless the party on whose behalf such service was required files a motion to enlarge the time for service and shows good cause why such service was not made within that period.

Rule 6(b)(B)(ii) of the Nevada Rules of Civil Procedure provides, among other things, as follows:

> Extending Time.  When an act may or must be done within a specified time, (B) the court may, for good cause, extend the time (ii) on motion

made after the time has expired if the party failed to act because of excusable neglect.

If an extension is sought in good faith and will not prejudice any party, courts will routinely grant motions for enlargement of time. <u>Domino v. Gaughan</u>, 103 Nev. 582.  An extension of time to serve MARCELLO is being made in good faith and will not prejudice any party to this case. Plaintiffs are requesting an extension of time to serve MARCELLO, who has been difficult to locate and believed to be avoiding service. The independent process servers hired by Plaintiffs have been diligent in their attempts to locate MARCELLO and counsel was diligent in pursuing alternative means of service.  *See* Process Server's Affidavit of Due Diligence, filed with this Court, attached hereto as **Exhibit 3;** Urban Aff. ¶ 8.

Plaintiff also seeks this extension of time in order to allow this Court to consider concurrently Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant Marcello Razavi and Request for Permission to Serve by Publication. It is respectfully submitted that Plaintiffs' request for Enlargement of Time is based upon good cause and should be granted by this Court. The request for extension of time may properly be granted by this Court under the explicit authority granted to this Court under the Nevada Rules of Civil Procedure.

### B.    <u>Service by Publication</u>

Plaintiffs have exhausted traditional channels to serve MARCELLO. Service by publication is warranted, as MARCELLO is a necessary and proper party and Plaintiffs' good faith efforts to personally serve her have been futile.

The Nevada Rules of Civil Procedure govern service of summonses and complaints in Nevada courts of general jurisdiction.  Nevada Rule of Civil Procedure 4(c) provides, in relevant part:

> [W]hen the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by publication of summons.

4

1
2
3
4
5

Requests for service by publication are appropriate when Plaintiffs diligently attempt service and use means to locate the Defendant who cannot be served. <u>Abreu v. Gilmer</u>, 115 Nev. 308, 311, 985 P.2d 746, 747 (1999). Here, Plaintiffs engaged the services of an experienced process server to serve the Summons and Complaint upon MARCELLO at his last known address of 10300 Mystic Ledge Court, Las Vegas, Nevada 89149.  Urban Aff. ¶ 7.

6
7
8
9
10
11
12

In addition, the process server conducted a skip trace report in an attempt to locate an alternate address for MARCELLO, which included mailing, attempting to locate MARCELLO through property records addresses, Department of Motor Vehicle search, Clark County Voter Registrar's Office, Clark County Recorder's Office, Secretary of State office, Clark County Assessor's Office, Correctional Facilities in Nevada, and open and closed Court cases in Nevada.  *See* **Exhibit 3;** Urban Aff. ¶ 11. Despite these efforts, Plaintiffs have been unsuccessful in their efforts to locate and serve MARCELLO.

13
14
15

For the reasons set forth above, Plaintiffs respectfully ask that the Court allow Plaintiffs to complete service upon MARCELLO by publication in the Nevada Legal News or another publication of the Court's choice.

16

### III.    CONCLUSION

17
18
19
20

Based on the foregoing Memorandum of Points and Authorities, Plaintiffs respectfully request that its EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT MARCELLO RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION be granted.

21
22

Dated: February 11, 2022

23
24
25
26
27
28

**THE URBAN LAW FIRM**

*/s/ Michael A. Urban*
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
***Counsel for Plaintiffs***

5

# EXHIBIT 1

MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
*PH: (818) 710-2727*
  (Admitted *pro hac vice* under SCR 42)

MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999
  *(Admitted pro hac vice under SCR 42)*

MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
PH: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com

*Counsel for Plaintiffs*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, | Case No.:    A-21-836019-C |
| | Dept. No.:   11 |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT MARCELLO RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** |
| BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; | |
| Defendants. | |

/ / /

/ / /

1

Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant MARCELLO RAZAVI. and Request for Permission to Serve by Publication, and for good cause shown,

**IT IS ORDERED** that the Summons in this action may be served upon Defendant MARCELLO RAZAVI by publication in the Nevada Legal News, a newspaper of general circulation published daily in Las Vegas, Nevada, and that said publication be made for a period of four consecutive weeks, and at least once each week for said period.

**IT IS FURTHER ORDERED** that the time period in which to serve MARCELLO RAZAVI is hereby enlarged to and including _____, 2022.

**IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail, postage prepaid, to Defendant MARCELLO RAZAVI at her last known addresses.

Dated this _____ day of _____, 2022

_____
DISTRICT COURT JUDGE

Submitted by:

**THE URBAN LAW FIRM**

_____/s/ Michael A. Urban_____
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
***Counsel for Plaintiffs***

2

# EXHIBIT 2

**AFFIDAVIT OF MICHAEL A. URBAN, ESQ.**

State of Nevada          )
                         )          ss:
County of Clark          )

Being first duly sworn, Michael A. Urban deposes and says that:

1.      I am an attorney licensed to practice in the State of Nevada.  I am counsel for Plaintiffs Lauren Colvin, Youree Gemmill, and Pathamawan Hanford, in Case Number A-21-836019-C, currently pending before this Court.

2.      I offer this Affidavit in Support of Plaintiff's *Ex-Parte* Application for Enlargement of Time to Serve Defendant Marcello Razavi and Request Permission to Serve by Publication.

3.      I have personal knowledge of the matters addressed in this affidavit except where stated upon information and belief and, as to those matters, I believe them to be true.  I am competent to testify if called to do so.

4.      A Substitution of Counsel was filed with this Court on August 12, 2021. My office became local counsel in this case.

5.      Co-counsel in this case were not admitted to the State Bar of Nevada, therefore Pro Hac Vice applications were submitted to the State Bar of Nevada, and filed on September 14, 2021.

6.      Prior counsel did not file Summons in this case. Summons was issued for Defendant, Marcello Razavi (hereinafter "MARCELLO"), on November 30, 2021.

7.      My firm engaged the services of Legal Wings to serve the Summons and Complaint upon MARCELLO, at his last known address at 10300 Mystic Ledge Ct., Las Vegas, NV 89149. Legal Wings is a registered process service company.

8..      As noted in the affidavit from Legal Wings' registered process servers, the process servers could not serve MARCELLO at his last known address. *See* **Exhibit 3**.

9.      MARCELLO is believed to be avoiding this obligation, which he is aware exists.

10.      My firm further engaged the services of Legal Wings to perform a skip trace of MARCELLO.

11.      The search of public records, property records addresses, Department of Motor Vehicle search, Clark County Voter Registrar's Office, Clark County Recorder's Office, Secretary of State

1   office, Clark County Assessor's Office, Correctional Facilities in Nevada, and open and closed Court

2   cases in Nevada for the Defendants was performed by Legal Wings and is noted in their Affidavit of

3   Due Diligence. *See* **Exhibit 3**.

4        12.    MARCELLO is believed to be avoiding this obligation, which she is aware exists.

5        13.    The efforts to serve MARCELLO have been extensive and made in good faith, yet have

6   been unsuccessful.  Plaintiffs now seeks this Court's permission for an extension of time to serve

7   MARCELLO and requests permission to serve MARCELLO by publication, pursuant to Rule 4 of the

8   Nevada Rules of Civil Procedure.

9        14.    In order to allow the Court sufficient time to consider this request and still publish

10   the notice for the four weeks required, a short extension of time in which to serve is necessary. This

11   request is made in good faith and only after it became apparent that efforts to serve MARCELLO

12   through traditional channels had been exhausted.

13        15.    I respectfully request that Plaintiffs' Motion be considered on an *ex-parte* basis because

14   Plaintiffs have been unable to locate the MARCELLO to provide this motion and request for extension

15   of time to serve and request to serve by publication.

MICHAEL A. URBAN

19   Subscribed and sworn to before me
20   this 10 day of February, 2022.

NOTARY PUBLIC

**APRIL DENNI**
Notary Public, State of Nevada
No. 13-11255-1
My Appt. Exp. June 28, 2025

2

**287**

# EXHIBIT 3

Electronically Filed
2/10/2022 9:55 AM
Steven D. Grierson
CLERK OF THE COURT

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

1  **AFDD**
   **URBAN LAW FIRM**
2  4270 S. Decatur Blvd., Suite A-9
   Las Vegas, Nevada 89103
3  (702) 968-8087
   Counsel for Plaintiffs
4

                        DISTRICT COURT
5
                    CLARK COUNTY, NEVADA
6

7  LAUREN COLVIN, an individual, YOUREE      )   CASE NO.: A-21-836019-C
   GEMMILL, an individual, and               )   DEPT NO.: 11
8  PATHAMAWAN HANFORD, an individual,        )
                                             )
9           Plaintiffs,                       )
                                             )
10                                           )
   vs.                                       )
11                                           )
   BRITTANYA RAZAVI, et al.,                 )
12                                           )
                                             )
13          Defendants.                       )
   _____)

14

15          **AFFIDAVIT OF DUE DILIGENCE RE: MARCELLO RAZAVI**

16  State of Nevada      )
                         ) ss.
17  County of Clark      )

18         I, Michelle Alvarez, being first duly sworn depose and say:

19         1.      That I was at all times mentioned herein a citizen of the United States, over 18 years

20  of age, not a party to, nor interested in the within action, and licensed to serve under Nevada license

    number 389.
21
           2.      That Legal Wings, Inc. received a copy of the Summons and Complaint on
22
    December 3, 2021, to serve on Defendant Marcello Razavi at 10300 Mystic Ledge Court, Las Vegas,
23
    Nevada 89149. (SEE EXHIBIT A for the results at this address)
24
           3.      I received instructions from the office of Urban Law to conduct a skip trace on the
25  Defendant.

26         4.      I checked with TLO, *(TLO is a skip-trace database and online people sarxh which can include a subject's*

27  *Social Security Number, date of birth, address history, phone numbers, email addresses, relatives, social media platforms, employment, and*

28  *professional licenses. Only valid information resulting from search will be listed.)* which revealed a record for Marcello

    Razavi, Social Security Number XXX-XX-6777, with a date of birth of September 16, 1975, and the

    following address 4895 S. Torrey Pines Drive #201, Las Vegas, Nevada 89103 (Clark County) from

                                         -1-

                                                                                              **289**

July 20, 2021 until July 21, 2021 to be the only address history in the last year. (SEE EXHIBIT A for results at this address) (Note: I checked with Clark County Assessor's Office which revealed the current owner to be Family Faith Fortune Irrevocable Trust etal Marcello <u>Lucky</u> Razavi TRS with a recorded date of July 2, 2018.) The record also revealed the following phone numbers, having a 67% chance or higher to be associated with the Defendant. Next to the phone numbers are the results:

    a.    (949) 481-8808 – On January 25, 2022 at 3:41 p.m. I called and it rings busy.

    b.    (949) 444-9468 – On January 25, 2022 at 3:42 p.m. I called and left a voice message for the Defendant and sent a text at 3:46 p.m. and received a text back at 3:49 p.m. "There is no "Marcello" wrong number.

    c.    (702) 908-4081 – On January 25, 2022 at 3:43 p.m. I called and left a voice message for the Defendant and sent a text at 3:46 p.m. and have not received a reply back to date.

5.    I checked with Nevada Department of Motor Vehicles, which revealed a record for Marcello <u>Lucky</u> Razavi at 4895 S. Torrey Pines Dr. Unit 201, Las Vegas, Nevada 89103, with a valid driver's license number XXXXXX9040 that was issued on December 31, 2020 and has an expiration date of September 16, 2026. It also revealed a date of birth of September 16, 1975 and a physical description being male, 5'9", 200 lbs., with brown hair and brown eyes. It further revealed a 2016 Rolls Royce Dawn with license plate number REV3NGE, to be the current vehicle registered to the Defendant at the above address and a mailing address of 6440 Sky Pointe Drive Suite 201, Las Vegas, Nevada 89131. The registration has a last transaction date of July 9, 2021 and expires on August 29, 2022. (Note: The mailing address above is a UPS Store)

6.    I checked with Clark County Voter's Registrar's Office which revealed an active record for Marcello <u>Lucky</u> Razavi at 10300 Mystic Ledge Court, Las Vegas, Nevada 89149 and a mailing address at 4895 Torrey Pines Drive #201, Las Vegas, Nevada 89103, with a date of birth of September 16, 1975.

7.    I checked with Clark County Assessor's Office by name, which revealed 4 properties that are currently owned by Marcello Lucky Razavi Irrevocable Spendthrift TR & Marcello Lucky Razavi TRS with the Marcello Lucky Razavi as Trustee of the following properties listed below:

    a.    5334 Joshua Jose Street, North Las Vegas, Nevada 89031, with a recorded date of November 12, 2021. (SEE EXHIBIT B for the results at this address) (Note: Received both postal orders sent out

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

on December 10, 2021 and on December 23, 2021 back marked "Does receive mail at address given".)

b.   4912 Quiet Morning Street, Las Vegas, Nevada 89122, with a recorded date of November 19, 2021. (Note: I received the postal order sent out on December 23, 2021 and received it back marked "Not known at address given", therefore no attempt was made.)

c.   4179 Story Rock Street, Las Vegas, Nevada 89115, with a recorded date of November 12, 2021. (Note: Have not received the postal orders back to date.)

d.   4868 Vista Sandia Way, Las Vegas, Nevada 89115, with a recorded date of November 10, 2021; and (Note: Have not received the postal orders back to date.)

The record also revealed the following property 10300 Mystic Ledge Court, Las Vegas, Nevada 89149 is owned by Family Faith Fortune Irrevocable Trust etal & Marcello Lucky Razavi TRS with Marcello <u>Lucky</u> Razavi as Trustee with a recorded date of July 2, 2018. The record also revealed no record of the Defendant owning any manufactured homes.

8.     I checked with Clark County Recorder's Office, which revealed no marriage record for the Defendant.

9.     I checked with Nevada Secretary of State, which revealed an active record for DG Media & Entertainment Group, Inc. and the Registered Agent to be Kaylee Trabucco at 9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149 with Marcello <u>Lucky</u> Razavi as President, Secretary, Treasurer, and Director at 6440 Sky Pointe Drive Suite 140-440, Las Vegas, Nevada 89131.

10.     I checked with Clark County, City of Las Vegas, and City of North Las Vegas, which revealed no business license record for the Defendant.

11.     I checked with Clark County District Court, which revealed no other open cases besides this one, or recently closed cases that may provide service address information for the Defendant.

12.     I checked with Clark County Family Court which revealed no open cases or recently closed case that may provide service address information for the Defendant.

13.     I checked with Clark County Detention Center, City of Las Vegas Jail, City of Henderson Jail, and the Nevada Department of Corrections, which revealed no record for the Defendant currently being incarcerated.

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

**291**

14.   That based on the foregoing information, I was unable to locate and serve the Defendant, Marcello Razavi a.k.a. Marcello Lucky Razavi, in Clark County, Nevada.

I declare that the assertions of this affidavit are true and correct.

Michelle Alvarez
Registered Work Card R-102605

Subscribed and Sworn to Before me
this 28th day of January 2022.

Notary Public in and for said
County and State



NOTARY PUBLIC
CATHLEEN V. HOLMES
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JUNE 21, 2023
No. 07-3770-1



NOTARY PUBLIC
CATHLEEN V. HOLMES
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JUNE 21, 2023
No: 07-3770-1

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-4-

292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702) 384-0305

# EXHIBIT A

THE URBAN LAW FIRM
4270 S DECATUR BLVD STE A-9
LAS VEGAS, NV 89103
(702) 968-8087



<u>DISTRICT COURT</u>
<u>CLARK COUNTY, NEVADA</u>

LAUREN COLVIN, ET AL.
     Plaintiff

vs

BRITANYA RAZAVI, ET AL.
     Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

TYLER TREWET, SABRINA ROSE, depose(s) and say(s):
That affiant(s) are and were at all times mentioned herein citizen(s) of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

Legal Wings, Inc. received on 12/3/2021 a copy of the:
SUMMONS; COMPLAINT

Based on the results at the address(es) listed below, affiant(s) were unable to serve:
**Defendant MARCELLO RAZAVI**

**10300 MYSTIC LEDGE CT, LAS VEGAS, NV 89149**

SABRINA ROSE                12/3/2021      5:45 PM
No answer, left contact sheet. Package outside cannot see label. Ring doorbell is not working. Spoke to neighbor at 10301 who stated that Marc isn't home, but to use the doorbell because the main door leads to a courtyard and they will not hear me knocking. Chevy suburban parked in driveway.

SABRINA ROSE                12/4/2021      10:13 AM
No answer, doorbell is not working. Contact sheet is still here, but package is gone. Car still in driveway.

SABRINA ROSE                12/5/2021      11:59 AM
No answer, ring doorbell worked for the first ring then no longer operating. Contact sheet and car still here.

SABRINA ROSE                12/6/2021      5:30 PM
Contact sheet is moved, no answer and no lights are on inside.

TYLER TREWET                12/26/2021     5:20 PM
**Stake Out** - Upon arrival a black SUV parked in the driveway, trash cans not out and no activity at property. Departed at 7:40 p.m.

LAUREN COLVIN, ET AL.
Plaintiff

vs

BRITANYA RAZAVI, ET AL.
Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

TYLER TREWET   1/2/2022  6:32 PM
Trash cans out on street.

TYLER TREWET   1/3/2022  9:30 AM
Trash cans still on street and trash not picked up, yet.

TYLER TREWET   1/9/2022  4:30 PM
**Stake Out #2 -** Arrived at 4:30 p.m. and trash cans already out front and Rolls Royce's parked behind gate on side of house.

TYLER TREWET   1/13/2022  2:35 PM
No answer at door, ring doorbell not active and Suburban with Nevada plate #RAZAVI parked in the driveway.

**4895 S. TORREY PINES DR. #201, LAS VEGAS, NV 89103**

TYLER TREWET   12/23/2021  5:28 PM
Gated community - no access

TYLER TREWET   12/26/2021  2:52 PM
Spoke to an unidentified female who stated the Defendant is unknown. Went to the neighbor's in unit 101 & 104 and received no answer.

**9303 GILCREASE AVE, #1137, LAS VEGAS, NV 89149**

SABRINA ROSE   12/3/2021  5:43 PM
No answer and no noise. Lights are off inside.

SABRINA ROSE   12/4/2021  9:58 am
No answer, blinds are closed cannot see inside. No answer at neighbor in unit 1130 and left contact sheet.

SABRINA ROSE   12/5/2021  12:08 pm
No answer, contact sheet still present. Individually owned condos unable to check leasing office.

SABRINA ROSE   12/6/2021  6:50 pm
Contact sheet gone, lights are on inside and can hear voices within. No answer at door.

SABRINA ROSE   12/10/2021  5:14 pm
No answer, lights on upstairs.

SABRINA ROSE   12/11/2021  9:31 am
Noise within and no answer at door.

SABRINA ROSE   12/12/2021  1:10 pm
No answer and no noise

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

SABRINA ROSE          12/13/2021    6:20 pm
Unable to gain access through apartment gates.

Pursuant to NRS 53.045, I declare under
penalty of perjury under the law of the
State of Nevada that the forgoing is true
and correct.

Executed: Tuesday, January 25, 2022

TYLER TREWET
Registered Work Card R-2019-04184

SABRINA ROSE
Registered Work Card R-2020-00191

Legal Wings, Inc., 1118 Fremont Street, Las Vegas, NV 89101, (702) 384-0305, PILB #389

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

# EXHIBIT B

THE URBAN LAW FIRM
4270 S DECATUR BLVD STE A-9
LAS VEGAS, NV 89103
(702) 968-8087



### DISTRICT COURT
### CLARK COUNTY, NEVADA

LAUREN COLVIN, ET AL.
 Plaintiff

vs

BRITANYA RAZAVI, ET AL.
 Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

MICHELLE ALVAREZ, depose(s) and say(s):

That affiant(s) are and were at all times mentioned herein citizen(s) of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

Legal Wings, Inc. received on 12/3/2021 a copy of the:
SUMMONS; COMPLAINT

Based on the results at the address(es) listed below, affiant(s) were unable to serve:
**Defendant MARCELLO RAZAVI**

**5334 JOSHUA JOSE STREET, NORTH  LAS VEGAS, NV 89031**

MICHELLE ALVAREZ                1/27/2022                7:10 PM

Spoke to "Maria Escobar", current resident, Hispanic, female 35, 5'3, 145, brown hair and eyes, who stated she rents through a management company and the Defendant is unknown, no vehicles in driveway, just moved in this month. No answer at the neighbors at 5338 Joshua Jose

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Tuesday, January 25, 2022

MICHELLE ALVAREZ
Registered Work Card R-102605

# EXHIBIT GG

Electronically Filed
2/11/2022 10:18 AM
Steven D. Grierson
CLERK OF THE COURT

1  **EAET**
MICHAEL W. FATTOROSI, ESQ.
2  California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
3  5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
4  Michael@fattlegal.com
*PH: (818) 710-2727*
5   (Admitted *pro hac vice* under SCR 42)

6  MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
7  KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
8  Burbank, California 91505
mike@kuzlaw.com
9  PH: (818) 753-2450
Fax: (818) 736-0999
10   *(Admitted pro hac vice under SCR 42)*

11  MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
12  THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
13  Las Vegas, Nevada  89103
PH: (702) 968-8087
14  Fax: (702) 968-8088
murban@theurbanlawfirm.com
15
*Counsel for Plaintiffs*
16
**EIGHTH JUDICIAL DISTRICT COURT**
17
**CLARK COUNTY, NEVADA**
18

19  LAUREN COLVIN, an individual; YOUREE
GEMMILL, an individual; and PATHAMAWAN
20  HANFORD, an individual,

21                     Plaintiffs,

22         v.

23  BRITTANYA RAZAVI; MARCELLO RAZAVI;
MEOW GANG PRODUCTION STUDIOS, INC.,
24  DG MEDIA & ENTERTAINMENT GROUP,
INC., and DOES 1-10 inclusive;
25
                     Defendants.
26

Case No.:    A-21-836019-C

Dept. No.:   11

**PLAINTIFFS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT MEOW GANG PRODUCTION STUDIOS, INC. AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION**

27       Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, Plaintiffs LAUREN COLVIN, an

28  individual;  YOUREE  GEMMILL,  an  individual;  and  PATHAMAWAN  HANFORD  (hereinafter

1

209020

**299**

"Plaintiffs") hereby moves this Court for an order enlarging the time for service and allowing Plaintiffs to serve Defendant MEOW GANG PRODUCTION STUDIOS, INC.'s (hereinafter "MEOW") Registered Agent, Kaylee Elizabeth Trabucco (hereinafter "TRABUCCO"), by publication.

As set forth below, Plaintiffs have made good faith efforts to serve MEOW's Registered Agent, TRABUCCO within the time allowed and service by publication is now appropriate. Plaintiffs' good faith efforts to provide personal service upon MEOW's Registered Agent, TRABUCCO has been futile and warrant the granting of an Order to serve MEOW's Registered Agent, TRABUCCO by publication.

This motion is made and based upon the papers and pleadings on file, the Memorandum of Points and Authorities submitted herewith, as well as the exhibits and affidavits included therein. A proposed Order is attached hereto as **Exhibit 1** for the Court's consideration.

Dated: February 11, 2022    **THE URBAN LAW FIRM**

_/s/ Michael A. Urban_
MICHAEL A. URBAN, Nevada State Bar No. 3875
***Counsel for Plaintiffs***

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ALLOW SERVICE BY PUBLICATION

### I.    BACKGROUND

This action arises from Brittanya Razavi's, Marcello Razavi's, Meow Gang Production Studios, Inc.'s, and DG Media & Entertainment Group, Inc.'s (hereinafter "Defendants") wrongful conduct wherein, upon information and belief, Defendants intentionally misrepresented that they would take a fifty percent (50%) commission from Plaintiffs' earnings in exchange for management services. Once given access to Plaintiffs' bank accounts, Defendants, and each of them, surreptitiously placed all of Plaintiffs' earnings directly into Defendants' own bank accounts.

The Complaint in this case was filed on June 9, 2021, by prior counsel. Then, on August 12, 2021, a Substitution of Counsel was filed with this Court, for local counsel. *See* Affidavit of Michael A.

2

Urban (hereinafter "Urban Aff."), attached hereto as **Exhibit 2**. Urban Aff. ¶ 4. Because co-counsel was not admitted to the State Bar of Nevada, Pro Hac Vice applications were subsequently filed on September 14, 2021, with the State Bar of Nevada. Urban Aff. ¶ 5.

Local counsel's office filed Plaintiffs' Motion to Associate Counsel on September 16, 2021, which was heard in Chambers on October 22, 2021. Finally, the Order Granting Motion to Associate Counsel was entered on October 25, 2021. The Notices of Entry of Order to Associate Counsel were filed on October 27, 2021.

Prior counsel never filed Summons in this case. The Summons for MEOW's Registered Agent, TRABUCCO was issued by this Court on November 30, 2021. Urban Aff. ¶ 6.

## II.   LEGAL ARGUMENT

Plaintiffs have made good faith efforts to serve MEOW's Registered Agent, TRABUCCO within the time allowed and Plaintiffs are entitled to an order allowing service by publication of MEOW's Registered Agent, TRABUCCO.

### A.   Enlargement of Time

Pursuant to Nevada Rules of Civil Procedure 4, this request for extension of time is supported by the Urban Aff.  Plaintiffs have exhausted its efforts to serve MEOW's Registered Agent, TRABUCCO by traditional means. The summons in this case was issued by the Court on November 30, 2021. Since the time of the Summons being issued, Plaintiffs' good faith efforts to provide personal service upon MEOW's Registered Agent, TRABUCCO has been futile and warrant the granting of an Order to serve MEOW's Registered Agent, TRABUCCO by publication, as more fully discussed below.

Rule 4 of the Nevada Rules of Civil Procedure provides, among other things, as follows:

> "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed…unless the party on whose behalf such service was required files a motion to enlarge the time for service and shows good cause why such service was not made within that period.

Rule 6(b)(B)(ii) of the Nevada Rules of Civil Procedure provides, among other things, as follows:

> Extending Time.  When an act may or must be done within a specified time, (B) the court may, for good cause, extend time (ii) on motion made after the time has expired if the party failed to act because of excusable neglect.

If an extension is sought in good faith and will not prejudice any party, courts will routinely grant motions for enlargement of time. Domino v. Gaughan, 103 Nev. 582.  An extension of time to serve MEOW's Registered Agent, TRABUCCO is being made in good faith and will not prejudice any party to this case. Plaintiffs are requesting an extension of time to serve MEOW's Registered Agent, TRABUCCO, who has been difficult to locate and believed to be avoiding service. The independent process servers hired by Plaintiffs have been diligent in their attempts to locate MEOW's Registered Agent, TRABUCCO and counsel was diligent in pursuing alternative means of service. *See* Process Server's Affidavit of Due Diligence, filed with this Court, attached hereto as **Exhibit 3;** Urban Aff. ¶ 8.

Plaintiffs also seek this extension of time in order to allow this Court to consider concurrently Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant Meow Gang Production Studios, Inc. and Request for Permission to Serve by Publication. It is respectfully submitted that Plaintiffs' request for Enlargement of Time is based upon good cause and should be granted by this Court. The request for extension of time may properly be granted by this Court under the explicit authority granted to this Court under the Nevada Rules of Civil Procedure.

## B.   Service by Publication

Plaintiffs have exhausted traditional channels to serve MEOW's Registered Agent, TRABUCCO. Service by publication is warranted, as MEOW's Registered Agent, TRABUCCO is a necessary and proper party and Plaintiffs' good faith efforts to personally serve her have been futile.

The Nevada Rules of Civil Procedure govern service of summonses and complaints in Nevada courts of general jurisdiction.  Nevada Rule of Civil Procedure 4(c) provides, in relevant part:

> [W]hen the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint

<div align="center">4</div>

on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by publication of summons.

Requests for service by publication are appropriate when Plaintiffs diligently attempt service and use means to locate the Defendant who cannot be served. Abreu v. Gilmer, 115 Nev. 308, 311, 985 P.2d 746, 747 (1999). Here, Plaintiffs engaged the services of an experienced process server to serve the Summons and Complaint upon MEOW's Registered Agent, TRABUCCO at their last known address of 9303 Gilcrease Ave., #1137 Las Vegas, Nevada 89149.  Urban Aff. ¶ 7.

In addition, the process server conducted a skip trace report in an attempt to locate an alternate address for MEOW, which included mailing, attempting to locate MEOW through property records addresses, Department of Motor Vehicle search, Clark County Voter Registrar's Office, Clark County Recorder's Office, Secretary of State office, Clark County Assessor's Office, Correctional Facilities in Nevada, and open and closed Court cases in Nevada.  See **Exhibit 3;** Urban Aff. ¶ 11.  Despite these efforts, Plaintiffs have been unsuccessful in their efforts to locate and serve MEOW's Registered Agent, TRABUCCO.

For the reasons set forth above, Plaintiffs respectfully ask that the Court allow Plaintiffs to complete service upon MEOW's Registered Agent, TRABUCCO by publication in the Nevada Legal News or another publication of the Court's choice.

/ / /

/ / /

/ / /

/ / /

5

### III.   CONCLUSION

Based on the foregoing Memorandum of Points and Authorities, Plaintiffs respectfully request that its EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT MEOW GANG PRODUCTION STUDIOS, INC. AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION be granted.

Dated: February 11, 2022

THE URBAN LAW FIRM

/s/ Michael A. Urban
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
**Counsel for Plaintiffs**

6

209020

**304**

# EXHIBIT 1

1  MICHAEL W. FATTOROSI, ESQ.
   California State Bar No.: 193538
2  LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
   5850 Canoga Avenue, 4th Floor
3  Woodland Hills, California 91367
   Michael@fattlegal.com
4  *PH: (818) 710-2727*
      (Admitted *pro hac vice* under SCR 42)
5
   MICHAEL D. KUZNETSKY, ESQ
6  California State Bar No.: 241045
   KUZNETSKY LAW GROUP, P.C.
7  210 N. Pass Avenue, Suite 103
   Burbank, California 91505
8  mike@kuzlaw.com
   PH: (818) 753-2450
9  Fax: (818) 736-0999
      *(Admitted pro hac vice under SCR 42)*
10
   MICHAEL A. URBAN, ESQ.
11 Nevada Bar No.: 3875
   THE URBAN LAW FIRM
12 4270 S. Decatur Blvd., Suite A-9
   Las Vegas, Nevada  89103
13 PH: (702) 968-8087
   Fax: (702) 968-8088
14 murban@theurbanlawfirm.com

15 ***Counsel for Plaintiffs***

16                  **EIGHTH JUDICIAL DISTRICT COURT**

17                     **CLARK COUNTY, NEVADA**

18

19 LAUREN COLVIN, an individual; YOUREE         Case No.:   A-21-836019-C
   GEMMILL, an individual; and PATHAMAWAN
20 HANFORD, an individual,                      Dept. No.:   11

21                 Plaintiffs,

22        v.                                    **[PROPOSED]**
                                                **ORDER GRANTING PLAINTIFFS' EX**
23 BRITTANYA RAZAVI; MARCELLO RAZAVI;           **PARTE APPLICATION FOR**
   MEOW GANG PRODUCTION STUDIOS, INC.,          **ENLARGEMENT OF TIME TO SERVE**
24 DG MEDIA & ENTERTAINMENT GROUP,              **DEFENDANT MEOW GANG**
   INC., and DOES 1-10 inclusive;               **PRODUCTION STUDIOS, INC. AND**
25                                              **REQUEST FOR PERMISSION TO**
                  Defendants.                   **SERVE BY PUBLICATION**
26

27 / / /

28
                                     1

                                                                        **306**

Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant MEOW GANG PRODUCTION STUDIOS, INC. and Request for Permission to Serve by Publication, and for good cause shown,

**IT IS ORDERED** that the Summons in this action may be served upon Defendant MEOW GANG PRODUCTION STUDIOS INC. by publication in the Nevada Legal News, a newspaper of general circulation published daily in Las Vegas, Nevada, and that said publication be made for a period of four consecutive weeks, and at least once each week for said period.

**IT IS FURTHER ORDERED** that the time period in which to serve MEOW GANG PRODUCION STUDIOS INC. is hereby enlarged to and including _____, 2022.

**IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail, postage prepaid, to Defendant MEOW GANG STUDIOS, INC. at their last known addresses.

Dated this _____ day of _____, 2022

_____
DISTRICT COURT JUDGE

Submitted by:

**THE URBAN LAW FIRM**

_____*/s/ Michael A. Urban*_____
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
***Counsel for Plaintiffs***

2

**307**

# EXHIBIT 2

**AFFIDAVIT OF MICHAEL A. URBAN, ESQ.**

State of Nevada )
)     ss:
County of Clark )

Being first duly sworn, Michael A. Urban deposes and says that:

1.      I am an attorney licensed to practice in the State of Nevada.  I am counsel for Plaintiffs Lauren Colvin, Youree Gemmill, and Pathamawan Hanford, in Case Number A-21-836019-C, currently pending before this Court.

2.      I offer this Affidavit in Support of Plaintiff's *Ex-Parte* Application for Enlargement of Time to Serve Defendant Meow Gang Production Studios, Inc. and Request Permission to Serve by Publication.

3.      I have personal knowledge of the matters addressed in this affidavit except where stated upon information and belief and, as to those matters, I believe them to be true.  I am competent to testify if called to do so.

4.      A Substitution of Counsel was filed with this Court on August 12, 2021. My office became local counsel in this case.

5.      Co-counsel in this case were not admitted to the State Bar of Nevada, therefore Pro Hac Vice applications were submitted to the State Bar of Nevada, and filed on September 14, 2021.

6.       Prior counsel did not file Summons in this case. Summons was issued for Defendant, Meow Gang Production Studios, Inc.'s (hereinafter "MEOW") Registered Agent, Kaylee Elizabeth Trabucco (hereinafter "TRABUCCO"), on November 30, 2021.

7.      My firm engaged the services of Legal Wings to serve the Summons and Complaint upon MEOW's Registered Agent, Kaylee Elizabeth Trabucco (hereinafter "TRABUCCO"), at their last known address at 9303 Gilcrease Ave., #1137 Las Vegas, NV 89149.  Legal Wings is a registered process service company.

8.      As noted in the affidavit from Legal Wings' registered process servers, the process servers could not serve MEOW's Registered Agent, TRABUCCO at her last known address. *See* **Exhibit 3**.

9.      MEOW's Registered Agent, TRABUCCO is believed to be avoiding this obligation, which she is aware exists.

10.      My firm further engaged the services of Legal Wings to perform a skip trace of MEOW's Registered Agent, TRABUCCO.

11.      The search of public records, property records addresses, Department of Motor Vehicle search, Clark County Voter Registrar's Office, Clark County Recorder's Office, Secretary of State office, Clark County Assessor's Office, Correctional Facilities in Nevada, and open and closed Court cases in Nevada for the Defendants was performed by Legal Wings and is noted in their Affidavit of Due Diligence. *See* **Exhibit 3**.

12.      MEOW's Registered Agent, TRABUCCO is believed to be avoiding this obligation, which she is aware exists.

13.      The efforts to serve MEOW's Registered Agent, TRABUCCO has been extensive and made in good faith, yet have been unsuccessful.  Plaintiffs now seeks this Court's permission for an extension of time to serve MEOW and requests permission to serve MEOW's Registered Agent, TRABUCCO by publication, pursuant to Rule 4 of the Nevada Rules of Civil Procedure.

14.      In order to allow the Court sufficient time to consider this request and still publish the notice for the four weeks required, a short extension of time in which to serve is necessary. This request is made in good faith and only after it became apparent that efforts to serve MEOW's Registered Agent, TRABUCCO through traditional channels had been exhausted.

/ / /

/ / /

/ / /

/ / /

/ / /

1       15.    I respectfully request that Plaintiffs' Motion be considered on an *ex-parte* basis because

2  Plaintiffs have been unable to locate MEOW's Registered Agent, TRABUCCO to provide this motion

3  and request for extension of time to serve and request to serve by publication.



MICHAEL A. URBAN

Subscribed and sworn to before me
this __10__ day of February, 2022.



NOTARY PUBLIC

**APRIL DENNI**
Notary Public, State of Nevada
No. 13-11255-1
My Appt. Exp. June 28, 2025

# EXHIBIT 3

Electronically Filed
2/10/2022 9:55 AM
Steven D. Grierson
CLERK OF THE COURT

1  AFDD
   URBAN LAW FIRM
2  4270 S. Decatur Blvd., Suite A-9
   Las Vegas, Nevada 89103
3  (702) 968-8087
4  Counsel for Plaintiff's

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

7  LAUREN COLVIN, an individual, YOUREE          )   CASE NO.: A-21-836019-C
   GEMMILL, an individual, and                   )   DEPT NO.: 11
8  PATHAMAWAN HANFORD, an individual,            )
9                                                )
              Plaintiffs,                        )
10                                               )
   vs.                                           )
11                                               )
   BRITTANYA RAZAVI, et al.,                     )
12                                               )
              Defendants.                        )
13  ───────────────────────────────────────────  )

14  **AFFIDAVIT OF DUE DILIGENCE RE: MEOW GANG PRODUCTION STUDIOS, INC.**

16  State of Nevada        )
                          ) ss.
17  County of Clark        )

18      I, Michelle Alvarez, being first duly sworn, depose and say:

19      1.      That at all times mentioned herein I am a citizen of the United States, over 18 years

20  of age, not a party to, nor interested in the within action, and licensed to serve under Nevada license

21  number 389.

22      2.      That Legal Wings, Inc. received a copy of the Summons and Complaint on

23  December 3, 2021, to serve Defendant Meow Gang Productions, Inc. by serving Kaylee Trabucco,

    Registered Agent at 9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149. (SEE EXHIBIT A for

24  the results at this address) (Note: I checked with Clark County Assessor's Office which revealed the

25  current owner of this property to be 3906 Blue Gull LLC with Trustee Brittanya McCall Razavi,

26  Co-Defendant with a recorded date of April 5, 2021.)

27      3.      I received instructions from the office of Urban Law to conduct a skip

28  trace on Meow Gang Production Studios, Inc.

*LEGAL WINGS, INC.*
*PROCESS LICENSE #389*
*LAS VEGAS, NV*
*(702)384-0305*

-1-

313

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

4.      I checked with Nevada Secretary of State which revealed an active record for Meow Gang Production Studios, Inc. with Kaylee Trabucco, Registered Agent at 9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149 and Brittanya Razavi as President, Secretary, Treasurer and Director at 6440 Sky Point Drive, Suite 140-434, Las Vegas, Nevada, Las Vegas 89131.

(Note: The address is a UPS Store and on January 14, 2022 and on January 28, 2022 requesting the physical address and have not received them back to date.)

5.      I checked TLO which revealed a record for Kaylee Trabucco, Social Security Number XXX-XX-3933, with a date of birth of March 29, 2000 and the following address history within the last year:

a.      29668 Desert Terrace Drive, Menifee, California 92584 (Riverside County) from May 26, 2020 until December 9, 2021; and (SEE EXHIBIT B for results at this address) (Note: I checked with Riverside County Assessor's Office which revealed the current owner to be Jeremy and Lilia Lieu with a recorded date of January 2012 and does not show the Registered Agent as a previous owner.)

b.      34890 Cameron Lane, Wildomar, California 92595 (Riverside County) from July 13, 2018 until May 1, 2021. (SEE EXHIBIT B for results at this address) (I checked with Riverside County Assessor's Office which revealed the current owner to be Megan Green with a recorded date of March 2012 and does not show the Registered Agent as a previous owner.)

The record further revealed the following phone number (951) 609-6690 having a 86% chance to be associated with the Registered Agent. On January 25, 2022 at 2:29 p.m. I called and spoke to a unidentified male who stated wrong number.

6.      I sent postal orders to the United States Post Office on January 14, 2022 and on January 28, 2022 for the following addresses listed below and have not received them back to date:

a.      9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149.

b.      29668 Desert Terrace Drive, Menifee, California 92584; and

c.      34890 Cameron Lane, Wildomar, California 92595.

7.      I checked with Nevada Secretary of State which revealed the following 3 active corporations below, with Kaylee Trabucco as Registered Agent at 9303 Gilcrease Drive #1137, Las Vegas, Nevada 89139:

a.      3725 Seneca Highlands LLC – Managing member to be
Brittanya M. Razavi, President, Secretary, Treasurer, and Director of entity at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89131; and

-2-

314

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

      b.     DG Media & Entertainment Group, Inc. – Managing member to be Marcello L. Razavi, President, Secretary, Treasurer, and Director at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89130; and

      c.     3906 Blue Gull LLC – Managing member to be Brittanya M. Razavi, President, Secretary, Treasurer, and Director of entity at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89131.

(Note: While doing locates on Marcello & Brittanya Razavi, Co-Defendant's and managing members of the entities in question and I found the following addresses to attempt service for the individuals and as the managing members at: (SEE EXHIBIT A for the results at these addresses)

      a.     10300 Mystic Ledge Court, Las Vegas, Nevada 89149; and

      b.     4895 S. Torrey Pines Drive #201, Las Vegas, Nevada 89103.

8.     I checked with the Nevada Department of Motor Vehicles which revealed no record for Kaylee Trabucco having a driver's license or identification card. It further revealed no vehicles currently registered in her name.

9.     I checked the Clark County and Riverside County Voter's Registrar which revealed no record for Kaylee Trabucco.

10.     I checked with Clark County, Nevada Assessor's Office by name which revealed no record of Kaylee Trabucco owning any real property or manufactured homes.

11.     I checked with Riverside County, California Assessor's Office by name which revealed no record for Kaylee Trabucco owning any real property or manufactured homes.

12.     I checked with the Clark and Riverside County Detention Center, City of Las Vegas Jail, City of Henderson Jail, and the Nevada & California Department of Corrections, which revealed no record for the Kaylee Trabucco currently being incarcerated

13.     I checked with Clark County, the City of Las Vegas, and the City of North Las Vegas, and Henderson which did not reveal a business license for Meow Gang Production Studios, Inc.

14.     I checked with Clark County Fictitious Firm Name which revealed no record for Meow Gang Production Studios, Inc.

15.     I checked with Nevada State Contractors Board which revealed no record for Meow Gang Production Studios, Inc.

16.     I searched the internet on Google for Meow Gang Production Studios, Inc and found website www.meowgang.com and that website says, "cannot be reached".

17.     I checked social media Facebook, Twitter and LinkedIn and found no profile for Meow Gang Production Studios, Inc.

-3-

315

18.   That based on the foregoing information, I was unable to locate and serve Meow
Gang Production Studios, Inc. in Clark County, Nevada and Riverside County, California.

I declare that the assertions of this affidavit are true and correct.



Michelle Alvarez
Registered Work Card R-102605

Subscribed and Sworn to Before me
this 28 day of January 2022.

Notary Public in and for said
County and State

NOTARY PUBLIC
CATHLEEN V. HOLMES
STATE OF NEVADA · COUNTY OF CLARK
MY APPOINTMENT EXP. JUNE 21, 2023
No: 07-3770-1

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-4-

316

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

# EXHIBIT A

THE URBAN LAW FIRM
4270 S DECATUR BLVD STE A-9
LAS VEGAS, NV 89103
(702) 968-8087



**DISTRICT COURT
CLARK COUNTY, NEVADA**

LAUREN COLVIN, ET AL.
     Plaintiff

vs

BRITANYA RAZAVI, ET AL.
     Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

TYLER TREWET, SABRINA ROSE, depose(s) and say(s):
That affiant(s) are and were at all times mentioned herein citizen(s) of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

Legal Wings, Inc. received on 12/3/2021 a copy of the:
SUMMONS; COMPLAINT

Based on the results at the address(es) listed below, affiant(s) were unable to serve:
**Defendant MEOW GANG PRODUCTION STUDIOS, INC. BY SERVING KAYLEE ELIZABETH TRABUCCO, REGISTERED AGENT**

**10300 MYSTIC LEDGE CT, LAS VEGAS, NV 89149**

SABRINA ROSE                  12/3/2021      5:43 PM
No answer, left contact sheet. Package outside cannot see label. Ring doorbell is not working. Spoke to neighbor at 10301 who stated that Marc isn't home, but to use the doorbell because the main door leads to a courtyard and they will not hear me knocking. Chevy suburban parked in driveway.

SABRINA ROSE                  12/4/2021      10:13 AM
No answer, doorbell not working. Contact sheet still there, but package gone. Car still in driveway.

SABRINA ROSE                  12/5/2021      11:59 AM
No answer, ring doorbell worked for the first ring then no longer operating. Contact sheet and car still there.

SABRINA ROSE                  12/6/2021      5:30 PM
Contact sheet is moved, no answer, and no lights on inside.

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

TYLER TREWET        12/26/2021     5:20 PM
**Stake Out** - Upon arrival a black SUV parked in the driveway, trash cans not out and no activity at property. Departed at 7:40 p.m.

TYLER TREWET        1/2/2022     6:32 PM
Trash Cans out on street for trash pickup.

TYLER TREWET        1/3/2022     9:30 AM
Trash cans still on street and trash not picked up.

TYLER TREWET        1/9/2022     4:30 PM
**Stake Out #2** - Arrived at 4:30 p.m. and trash cans already out front and Rolls Royce's parked behind gate on side of house.

TYLER TREWET        1/13/2022     2:35 PM
No answer at door, ring doorbell not active and Suburban with Nevada plate #RAZAVI parked in the driveway.

### 4895 S. TORREY PINES DR. #201, LAS VEGAS, NV 89103

TYLER TREWET        12/23/2021     5:28 PM
Gated community - could not gain access.

TYLER TREWET        12/26/2021     2:52 PM
Spoke to an unidentified female who stated the Defendant is unknown. Went to the neighbor's in unit 101 & 104 and received no answer.

### 9303 GILCREASE AVE. #1137, LAS VEGAS, NV 89149

SABRINA ROSE        12/3/2021     6:01 PM
No answer and no noise. Lights are off inside.

SABRINA ROSE        12/4/2021     9:58 AM
No answer, blinds are closed cannot see inside. No answer at neighbor in 1130 left contact sheet.

SABRINA ROSE        12/5/2021     12:08 PM
No answer at door, contact sheet still present. Individually owned condos unable to check leasing.

SABRINA ROSE        12/6/2021     5:50 PM
Contact sheet is gone, lights are on inside and can hear noises within. No answer at the door.

LAUREN COLVIN, ET AL.
     Plaintiff

vs

BRITANYA RAZAVI, ET AL.
     Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

SABRINA ROSE           12/10/2021     5:14 PM
No answer, lights are on upstairs.

SABRINA ROSE           12/11/2021     9:31 AM
Noise within, no answer at door.

SABRINA ROSE           12/12/2021     1:10 PM
No answer and no noise. No answer at neighbor at 1130.

SABRINA ROSE           12/13/2021     6:20 PM
Unable to gain access through apartment gates.

Pursuant to NRS 53.045, I declare under
penalty of perjury under the law of the
State of Nevada that the forgoing is true
and correct.

TYLER TREWET
Registered Work Card R-2019-04184

Executed: Tuesday, January 25, 2022

SABRINA ROSE
Registered Work Card R-2020-00191

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702) 384-0305

# EXHIBIT B

## AFFIDAVIT OF NON-SERVICE

**State of Nevada**                                                    **County of Clark, District**

Case Number: A-21-836019-C

Plaintiff:
**Lauren Colvin**

vs.

Defendant:
**Brittanya Razavi**

For:
Legal Wings, Inc.
1118 Fremont St.
Las Vegas, NV 89101

Received by Sano Attorney Service to be served on **Meow Gang Production Studios, Inc. Kaylee Elizabeth Trabucco, Registered Agent, 29668 Desert Terrace Dr., Menifee, CA 92584**.

I, Devan Shockley, being duly sworn, depose and say that on the **20th day of January, 2022** at **3:35 pm, I:**

**NON-SERVED the Summons and Complaint** : After due search, careful inquiry and diligent efforts, an employee, independent contractor and/or myself have been unable to effect service of process for the reasons detailed below.

**Additional Information pertaining to this Service:**
Attempted Service. 29668 Desert Terrace Dr., Menifee, CA - 1/4/22 @ 7:05 pm - No answer. House dark.  1/6/22 @ 8:20 am - No answer.  1/7/22 @ 3:12 pm - No answer.  1/9/22 @ 1:10 pm - No answer.

Bad Address. 34890 Cameron Lane, Wildomar, CA - 1/15/22 @ 3:50 pm - This home is completely fenced and posted for sale. No response.  1/18/22 @ 6:45 pm - No response to horn or whistling.  1/20/22 @ 3:35 pm - Defendant is unknown at this address.

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 25th   day
of January, 2022 by the affiant who is
personally known to me.

NOTARY PUBLIC

**KATHY MCCOOL**
COMM. #2366015
NOTARY PUBLIC • CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Jul 16, 2025

**Devan Shockley**
# 1534

**Sano Attorney Service**
P.O. Box 1568
Riverside, CA 92502
**(909) 425-2248**

Our Job Serial Number: SNO-2022000446
Ref: 1955424.03
Service Fee: _____

Service was
(  ) made ( X ) attempted
outside the state of Nevada
not subject to NRS 14.025

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c



322

# EXHIBIT HH

Electronically Filed
2/11/2022 10:27 AM
Steven D. Grierson
CLERK OF THE COURT

**EAET**
MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
*PH: (818) 710-2727*
   (Admitted *pro hac vice* under SCR 42)

MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999
   *(Admitted pro hac vice under SCR 42)*

MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
PH: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com

*Counsel for Plaintiffs*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, | Case No.:    A-21-836019-C |
| Plaintiffs, | Dept. No.:    11 |
| v. | **PLAINTIFFS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT DG MEDIA & ENTERTAINMENT GROUP, INC. AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** |
| BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; | |
| Defendants. | |

Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, Plaintiffs LAUREN COLVIN, an

individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD (hereinafter

1

209045

**323**

"Plaintiffs") hereby moves this Court for an order enlarging the time for service and allowing Plaintiffs to serve Defendant DG MEDIA & ENTERTAINMENT GROUP, INC.'s (hereinafter "DG MEDIA") Registered Agent, Kaylee Elizabeth Trabucco (hereinafter "TRABUCCO") by publication.

As set forth below, Plaintiffs have made good faith efforts to serve DG MEDIA's Registered Agent, TRABUCCO, within the time allowed and service by publication is now appropriate. Plaintiffs' good faith efforts to provide personal service upon DG MEDIA's Registered Agent, TRABUCCO has been futile and warrant the granting of an Order to serve DG MEDIA's Registered Agent, TRABUCCO by publication.

This motion is made and based upon the papers and pleadings on file, the Memorandum of Points and Authorities submitted herewith, as well as the exhibits and affidavits included therein. A proposed Order is attached hereto as **Exhibit 1** for the Court's consideration.

Dated: February 11, 2022          **THE URBAN LAW FIRM**

*/s/ Michael A. Urban*
MICHAEL A. URBAN, Nevada State Bar No. 3875
***Counsel for Plaintiffs***

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO ALLOW SERVICE BY PUBLICATION

### I.      BACKGROUND

This action arises from Brittanya Razavi's, Marcello Razavi's, Meow Gang Production Studios, Inc.'s, and DG Media & Entertainment Group, Inc.'s (hereinafter "Defendants") wrongful conduct wherein, upon information and belief, Defendants intentionally misrepresented that they would take a fifty percent (50%) commission from Plaintiffs' earnings in exchange for management services. Once given access to Plaintiffs' bank accounts, Defendants, and each of them, surreptitiously placed all of Plaintiffs' earnings directly into Defendants' own bank accounts.

209045                                                     **324**

The Complaint in this case was filed on June 9, 2021, by prior counsel. Then, on August 12, 2021, a Substitution of Counsel was filed with this Court, for local counsel. *See* Affidavit of Michael A. Urban (hereinafter "Urban Aff."), attached hereto as **Exhibit 2**. Urban Aff. ¶ 4. Because co-counsel was not admitted to the State Bar of Nevada, Pro Hac Vice applications were subsequently filed on September 14, 2021, with the State Bar of Nevada. Urban Aff. ¶ 5.

Local counsel's office filed Plaintiffs' Motion to Associate Counsel on September 16, 2021, which was heard in Chambers on October 22, 2021. Finally, the Order Granting Motion to Associate Counsel was entered on October 25, 2021. The Notices of Entry of Order to Associate Counsel were filed on October 27, 2021.

Prior counsel never filed Summons in this case. The Summons for DG MEDIA's Registered Agent, TRABUCCO was issued by this Court on November 30, 2021. Urban Aff. ¶ 6.

## II.     LEGAL ARGUMENT

Plaintiffs have made good faith efforts to serve DG MEDIA's Registered Agent, TRABUCCO within the time allowed and Plaintiffs are entitled to an order allowing service by publication of DG MEDIA's Registered Agent, TRABUCCO.

### A.     <u>Enlargement of Time</u>

Pursuant to Nevada Rules of Civil Procedure 4, this request for extension of time is supported by the Affidavit of Michael A. Urban (hereinafter "Urban Aff."), attached hereto as **Exhibit 2**. Plaintiffs have exhausted its efforts to serve DG MEDIA's Registered Agent, TRABUCCO by traditional means. The summons in this case was issued by the Court on November 30, 2021. Since the time of the Summons being issued, Plaintiffs' good faith efforts to provide personal service upon DG MEDIA's Registered Agent, TRABUCCO has been futile and warrant the granting of an Order to serve DG MEDIA's Registered Agent, TRABUCCO by publication, as more fully discussed below.

Rule 4 of the Nevada Rules of Civil Procedure provides, among other things, as follows:

> "If a service of the summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint, the action shall be
> dismissed...unless the party on whose behalf such service was required

1     files a motion to enlarge the time for service and shows good cause why
2     such service was not made within that period.

3     Rule 6(b)(B)(ii) of the Nevada Rules of Civil Procedure provides, among other things, as
4     follows:

5     Extending Time.  When an act may or must be done within a specified
6     time, (B) the court may, for good cause, extend time (ii) on motion made
7     after the time has expired if the party failed to act because of excusable
      neglect.

8     If an extension is sought in good faith and will not prejudice any party, courts will routinely
9     grant motions for enlargement of time. Domino v. Gaughan, 103 Nev. 582.  An extension of time to
10    serve DG MEDIA's Registered Agent, TRABUCCO is being made in good faith and will not prejudice
11    any party to this case. Plaintiffs are requesting an extension of time to serve DG MEDIA's Registered
12    Agent, TRABUCCO, who has been difficult to locate and believed to be avoiding service. The
13    independent process servers hired by Plaintiffs have been diligent in their attempts to locate DG
14    MEDIA's Registered Agent, TRABUCCO and counsel was diligent in pursuing alternative means of
15    service.  See Process Server's Affidavit of Due Diligence, filed with this Court, attached hereto as
16    **Exhibit 3;** Urban Aff. ¶ 8.

17    Plaintiffs also seek this extension of time in order to allow this Court to consider concurrently
18    Plaintiffs' Ex Parte Application for Enlargement of Time to Serve Defendant DG Media &
19    Entertainment Group, Inc. and Request for Permission to Serve by Publication. It is respectfully
20    submitted that Plaintiffs' request for Enlargement of Time is based upon good cause and should be
21    granted by this Court. The request for extension of time may properly be granted by this Court under
22    the explicit authority granted to this Court under the Nevada Rules of Civil Procedure.

23    ### B.     Service by Publication

24    Plaintiffs have exhausted traditional channels to serve DG MEDIA's Registered Agent,
25    TRABUCCO. Service by publication is warranted, as DG MEDIA's Registered Agent, TRABUCCO is
26    a necessary and proper party and Plaintiffs' good faith efforts to personally serve her have been futile.

27    The Nevada Rules of Civil Procedure govern service of summonses and complaints in Nevada
28    courts of general jurisdiction.  Nevada Rule of Civil Procedure 4(c) provides, in relevant part:

4

1
2
3
4
5

> [W]hen the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by publication of summons.

6
7
8
9
10

Requests for service by publication are appropriate when Plaintiffs diligently attempt service and use means to locate the Defendant who cannot be served. Abreu v. Gilmer, 115 Nev. 308, 311, 985 P.2d 746, 747 (1999). Here, Plaintiffs engaged the services of an experienced process server to serve the Summons and Complaint upon DG MEDIA's Registered Agent, TRABUCCO at their last known address of 9303 Gilcrease Ave., #1137 Las Vegas, Nevada 89149.  Urban Aff. ¶ 7.

11
12
13
14
15
16
17
18
19

In addition, the process server conducted a skip trace report in an attempt to locate an alternate address for DG MEDIA's Registered Agent, TRABUCCO, which included mailing, attempting to locate DG MEDIA's Registered Agent, TRABUCCO through property records addresses, Department of Motor Vehicle search, Clark County Voter Registrar's Office, Clark County Recorder's Office, Secretary of State office, Clark County Assessor's Office, Correctional Facilities in Nevada, and open and closed Court cases in Nevada.  *See* **Exhibit 3;** Urban Aff. ¶ 11.  Despite these efforts, Plaintiffs have been unsuccessful in their efforts to locate and serve DG MEDIA's Registered Agent, TRABUCCO.

20
21
22

For the reasons set forth above, Plaintiffs respectfully ask that the Court allow Plaintiffs to complete service upon DG MEDIA's Registered Agent, TRABUCCO by publication in the Nevada Legal News or another publication of the Court's choice.

23
/ / /
24
/ / /
25
/ / /
26
/ / /
27
/ / /
28

5

### III.    CONCLUSION

Based on the foregoing Memorandum of Points and Authorities, Plaintiffs respectfully request that its EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT DG MEDIA & ENTERTAINMENT GROUP, INC. AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION be granted.

Dated: February 11, 2022

THE URBAN LAW FIRM

/s/ Michael A. Urban
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
**Counsel for Plaintiffs**

6

209045

# EXHIBIT 1

1    MICHAEL W. FATTOROSI, ESQ.
     California State Bar No.: 193538
2    LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
     5850 Canoga Avenue, 4th Floor
3    Woodland Hills, California 91367
     Michael@fattlegal.com
4    *PH: (818) 710-2727*
        (Admitted *pro hac vice* under SCR 42)
5
     MICHAEL D. KUZNETSKY, ESQ
6    California State Bar No.: 241045
     KUZNETSKY LAW GROUP, P.C.
7    210 N. Pass Avenue, Suite 103
     Burbank, California 91505
8    mike@kuzlaw.com
     PH: (818) 753-2450
9    Fax: (818) 736-0999
        *(Admitted pro hac vice under SCR 42)*
10
     MICHAEL A. URBAN, ESQ.
11   Nevada Bar No.: 3875
     THE URBAN LAW FIRM
12   4270 S. Decatur Blvd., Suite A-9
     Las Vegas, Nevada  89103
13   PH: (702) 968-8087
     Fax: (702) 968-8088
14   murban@theurbanlawfirm.com

15   ***Counsel for Plaintiffs***

16                  **EIGHTH JUDICIAL DISTRICT COURT**

17                     **CLARK COUNTY, NEVADA**

18

19   LAUREN COLVIN, an individual; YOUREE          Case No.:    A-21-836019-C
     GEMMILL, an individual; and PATHAMAWAN
20   HANFORD, an individual,                       Dept. No.:   11

21                  Plaintiffs,

22          v.                                      **[PROPOSED]**
                                                    **ORDER GRANTING PLAINTIFFS' EX**
23   BRITTANYA RAZAVI; MARCELLO RAZAVI;             **PARTE APPLICATION FOR**
     MEOW GANG PRODUCTION STUDIOS, INC.,            **ENLARGEMENT OF TIME TO SERVE**
24   DG MEDIA & ENTERTAINMENT GROUP,                **DEFENDANT DG MEDIA &**
     INC., and DOES 1-10 inclusive;                 **ENTERTAINMENT GROUP, INC. AND**
25                                                  **REQUEST FOR PERMISSION TO**
                    Defendants.                     **SERVE BY PUBLICATION**
26

27   / / /

28

                                         1

Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. and Request for Permission to Serve by Publication, and for good cause shown,

**IT IS ORDERED** that the Summons in this action may be served upon Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. by publication in the Nevada Legal News, a newspaper of general circulation published daily in Las Vegas, Nevada, and that said publication be made for a period of four consecutive weeks, and at least once each week for said period.

**IT IS FURTHER ORDERED** that the time period in which to serve DG MEDIA & ENTERTAINMENT GROUP, INC. is hereby enlarged to and including _____, 2022.

**IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail, postage prepaid, to Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. at their last known addresses.

Dated this _____ day of _____, 2022

_____
DISTRICT COURT JUDGE

Submitted by:

**THE URBAN LAW FIRM**

_____*/s/ Michael A. Urban*_____
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
***Counsel for Plaintiffs***

2

**331**

# EXHIBIT 2

**AFFIDAVIT OF MICHAEL A. URBAN, ESQ.**

State of Nevada          )
                         )          ss:
County of Clark          )

Being first duly sworn, Michael A. Urban deposes and says that:

1.      I am an attorney licensed to practice in the State of Nevada.  I am counsel for Plaintiffs Lauren Colvin, Youree Gemmill, and Pathamawan Hanford, in Case Number A-21-836019-C, currently pending before this Court.

2.      I offer this Affidavit in Support of Plaintiff's *Ex-Parte* Application for Enlargement of Time to Serve Defendant DG Media & Entertainment Group, Inc. and Request Permission to Serve by Publication.

3.      I have personal knowledge of the matters addressed in this affidavit except where stated upon information and belief and, as to those matters, I believe them to be true.  I am competent to testify if called to do so.

4.      A Substitution of Counsel was filed with this Court on August 12, 2021. My office became local counsel in this case.

5.      Co-counsel in this case were not admitted to the State Bar of Nevada, therefore Pro Hac Vice applications were submitted to the State Bar of Nevada, and filed on September 14, 2021.

6.       Prior counsel did not file Summons in this case. Summons was issued for Defendant, Meow Gang Production Studios, Inc.'s (hereinafter "MEOW") Registered Agent, Kaylee Elizabeth Trabucco (hereinafter "TRABUCCO"), on November 30, 2021.

7.      My firm engaged the services of Legal Wings to serve the Summons and Complaint upon Defendant DG Media & Entertainment Group, Inc.'s (hereinafter "DG MEDIA") Registered Agent, Kaylee Elizabeth Trabucco (hereinafter "TRABUCCO"), at their last known address at 9303 Gilcrease Ave., #1137 Las Vegas, NV 89149.  Legal Wings is a registered process service company.

8.      As noted in the affidavit from Legal Wings' registered process servers, the process servers could not serve DG MEDIA's Registered Agent, TRABUCCO at their last known address. *See* **Exhibit 3**.

9. DG MEDIA's Registered Agent, TRABUCCO is believed to be avoiding this obligation, which she is aware exists.

10. My firm further engaged the services of Legal Wings to perform a skip trace of DG MEDIA's Registered Agent, TRABUCCO.

11. The search of public records, property records addresses, Department of Motor Vehicle search, Clark County Voter Registrar's Office, Clark County Recorder's Office, Secretary of State office, Clark County Assessor's Office, Correctional Facilities in Nevada, and open and closed Court cases in Nevada for the Defendants was performed by Legal Wings and is noted in their Affidavit of Due Diligence. *See* **Exhibit 3**.

12. DG MEDIA's Registered Agent, TRABUCCO is believed to be avoiding this obligation, which she is aware exists.

13. The efforts to serve DG MEDIA's Registered Agent, TRABUCCO has been extensive and made in good faith, yet have been unsuccessful. Plaintiffs now seeks this Court's permission for an extension of time to serve DG MEDIA's Registered Agent, TRABUCCO and requests permission to serve DG MEDIA's Registered Agent, TRABUCCO by publication, pursuant to Rule 4 of the Nevada Rules of Civil Procedure.

14. In order to allow the Court sufficient time to consider this request and still publish the notice for the four weeks required, a short extension of time in which to serve is necessary. This request is made in good faith and only after it became apparent that efforts to serve DG MEDIA's Registered Agent, TRABUCCO through traditional channels had been exhausted.

/ / /

/ / /

/ / /

15.    I respectfully request that Plaintiffs' Motion be considered on an *ex-parte* basis because Plaintiffs have been unable to locate DG MEDIA's Registered Agent, TRABUCCO to provide this motion and request for extension of time to serve and request to serve by publication.



MICHAEL A. URBAN

Subscribed and sworn to before me
this **10** day of February, 2022.

NOTARY PUBLIC

APRIL DENNI
Notary Public, State of Nevada
No. 13-11255-1
My Appt. Exp. June 28, 2025

3

**335**

# EXHIBIT 3

Electronically Filed
2/10/2022 9:55 AM
Steven D. Grierson
CLERK OF THE COURT

AFDD
URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087
Counsel for Plaintiff's

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LAUREN COLVIN, an individual, YOUREE GEMMILL, an individual, and PATHAMAWAN HANFORD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRITTANYA RAZAVI, et al.,<br><br>Defendants. | CASE NO.: A-21-836019-C<br>DEPT NO.: 11 |

_____

<u>**AFFIDAVIT OF DUE DILIGENCE RE: DG MEDIA & ENTERTAINMENT GROUP, INC.**</u>

State of Nevada      )
                               ) ss.
County of Clark       )

I, Michelle Alvarez, being first duly sworn, depose and say:

1.     That at all times mentioned herein I am a citizen of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve under Nevada license number 389.

2.     That Legal Wings, Inc. received a copy of the Summons and Complaint on December 3, 2021, to serve Defendant DG Media Entertainment Group, Inc. by serving Kaylee Trabucco, Registered Agent at 9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149. (SEE EXHIBIT A for the results at this address) (Note: I checked with Clark County Assessor's Office which revealed the current owner of this property to be 3906 Blue Gull LLC with Trustee Brittanya McCall Razavi, Co-Defendant with a recorded date of April 5, 2021.)

3.     I received instructions from the office of Urban Law to conduct a skip trace on DG Media & Entertainment Group, Inc.

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

-1-

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

4.      I checked with Nevada Secretary of State which revealed an active record for DG Media & Entertainment Group, Inc. with Kaylee Trabucco, Registered Agent at 9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149 and Marcello Razavi as President, Secretary, Treasurer and Director at 6440 Sky Point Drive, Suite 140-434, Las Vegas, Nevada, Las Vegas 89131. (Note: The address is a UPS Store and on January 14, 2022 and on January 28, 2022 requesting the physical address and have not received them back to date.)

5.      I checked TLO which revealed a record for Kaylee Trabucco, Social Security Number XXX-XX-3933, with a date of birth of March 29, 2000 and the following address history within the last year:

a.      29668 Desert Terrace Drive, Menifee, California 92584 (Riverside County) from May 26, 2020 until December 9, 2021; and (SEE EXHIBIT B for results at this address) (Note: I checked with Riverside County Assessor's Office which revealed the current owner to be Jeremy and Lilia Lieu with a recorded date of January 2012 and does not show the Registered Agent as a previous owner.)

b.      34890 Cameron Lane, Wildomar, California 92595 (Riverside County) from July 13, 2018 until May 1, 2021. (SEE EXHIBIT B for results at this address) (Note: I checked with Riverside County Assessor's Office which revealed the current owner to be Megan Green with a recorded date of March 2012 and does not show the Registered Agent as a previous owner.)

The record further revealed the following phone number (951) 609-6690, having an 86% chance to associated with the Registered Agent. On January 25, 2022 at 2:29 p.m. I called and spoke to an unidentified male who stated wrong number.

6.      I sent postal orders to the United States Post Office on January 14, 2022 and on January 28, 2022 for the following addresses listed below and have not received them back to date:

a.      9303 Gilcrease Avenue #1137, Las Vegas, Nevada 89149.

b.      29668 Desert Terrace Drive, Menifee, California 92584; and

c.      34890 Cameron Lane, Wildomar, California 92595.

7.      I checked with Nevada Secretary of State which revealed the following 3 active corporations below with Kaylee Trabucco as Registered Agent at 9303 Gilcrease Drive #1137, Las Vegas, Nevada 89139.

a.      3725 Seneca Highlands LLC - Managing member to be Brittanya M. Razavi, President, Secretary, Treasurer, and Director of entity at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89131.

338

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

b.    Meow Gang Production Studios, Inc.  – Managing member to be Brittanya M. Razavi, President, Secretary, Treasurer, and Director at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89131; and

c.    3906 Blue Gull LLC - Managing member to be Brittanya M. Razavi, President, Secretary, Treasurer, and Director at 6440 Sky Point Dr., Ste. 104-434, Las Vegas, Nevada 89131.

(Note: While doing locates on Marcello & Brittanya Razavi, Co-Defendant's and managing members of the entities in question and I found the following addresses to attempt service for the individuals and as the managing members at: (SEE EXHIBIT A for the results at these addresses)

a.    10300 Mystic Ledge Court, Las Vegas, Nevada 89149; and

b.    4895 S. Torrey Pines Drive #201, Las Vegas, Nevada 89103.

The records further revealed another address at 5334 Joshua Jose Street, North Las Vegas, Nevada 89031 for the managing member of this entity. (SEE EXHIBIT C for the results at this address)

8.    I checked with the Nevada Department of Motor Vehicles which revealed no record for Kaylee Trabucco having a driver's license or identification card. It further revealed no vehicles currently registered in her name.

9.    I checked the Clark County and Riverside County Voter's Registrar which revealed no record for Kaylee Trabucco.

10.    I checked with Clark County, Nevada Assessor's Office by name which revealed no record of Kaylee Trabucco owning any real property or manufactured homes.

11.    I checked with Riverside County, California Assessor's Office by name which revealed no record for Kaylee Trabucco owning any real property or manufactured homes.

12.    I checked with the Clark and Riverside County Detention Center, City of Las Vegas Jail, City of Henderson Jail, and the Nevada & California Department of Corrections, which revealed no record for the Kaylee Trabucco currently being incarcerated

13.    I checked with Clark County, the City of Las Vegas, and the City of North Las Vegas, and Henderson which did not reveal a business license for DG Media & Entertainment Group, Inc.

14.    I checked with Clark County Fictitious Firm Name which revealed no record for DG Media & Entertainment Group, Inc.

15.    I checked with Nevada State Contractors Board which revealed no record for DG Media & Entertainment Group, Inc.

16.    I did an internet search for DG Media & Entertainment Group, Inc., which revealed no official website for this company and no new service address information to attempt service.

17.    I checked social media Facebook, Twitter and LinkedIn and found no profile for DG Media & Entertainment Group, Inc.

18.    That based on the foregoing information, I was unable to locate and serve DG Media & Entertainment Group, Inc. in Clark County, Nevada and Riverside County, California.

I declare that the assertions of this affidavit are true and correct.



Michelle Alvarez
Registered Work Card R-102605

Subscribed and Sworn to Before me
this 25ᵗʰ day of January 2022.

_____
Notary Public in and for said
County and State

NOTARY PUBLIC
CATHLEEN V. HOLMES
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JUNE 21, 2023
No: 07-3770-1

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0805

-4-

340

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

# EXHIBIT A

-5-

THE URBAN LAW FIRM
4270 S DECATUR BLVD STE A-9
LAS VEGAS, NV 89103
(702) 968-8087



**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF**
**ATTEMPTED SERVICE**

TYLER TREWET, SABRINA ROSE, depose(s) and say(s):
That affiant(s) are and were at all times mentioned herein citizen(s) of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

Legal Wings, Inc. received on 12/3/2021 a copy of the:
SUMMONS; COMPLAINT

Based on the results at the address(es) listed below, affiant(s) were unable to serve:
**Defendant DG MEDIA & ENTERTAINMENT GROUP, INC., BY SERVING KAYLEE TRABUCCO,**
**REGISTERED AGENT**

**10300 MYSTIC LEDGE CT, LAS VEGAS, NV 89149**

SABRINA ROSE                  12/3/2021       5:43 pm
No answer, left contact sheet. Package outside cannot see label. Ring doorbell is not working. Spoke to neighbor at 10301 who stated that Marc isn't home, but to use the doorbell because the main door leads to a courtyard and they will not hear me knocking. Chevy suburban parked in driveway.

SABRINA ROSE                  12/4/2021       10:13 am
No answer, doorbell not working. Contact sheet still there, but package gone. Car still in driveway.

SABRINA ROSE                  12/5/2021       11:59 am
No answer, doorvell worked for the first ring then no longer operating. Contact sheet and car still there.

SABRINA ROSE                  12/6/2021       5:30 pm
Contact sheet moved, no answer, and no lights on inside.

LAUREN COLVIN, ET AL.
      Plaintiff

vs

BRITANYA RAZAVI, ET AL.
      Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

TYLER TREWET        12/26/2021    5:20 pm
**Stake Out -** Upon arrival a black SUV parked in the driveway, trash cans not out and no activity at property. Departed at 7:40 p.m.

TYLER TREWET        1/2/2022    6:32 pm
Trash cans out on street for trash pickup.

TYLER TREWET        1/3/2022    9:30 am
Trash cans still on street not picked up.

TYLER TREWET        1/9/2022    4:30 pm
**Stake Out #2 -** Arrived at 4:30 p.m. and trash cans already out front and Rolls Royce's parked behind gate on side of house.

TYLER TREWET        1/13/2022    2:35 pm
No answer at door, ring doorbell not active and Suburban with Nevada plate #RAZAVI parked in the driveway.

### 4895 S. TORREY PINES DR. #201, LAS VEGAS, NV 89103

TYLER TREWET        12/23/2021    5:28 PM
Gated community - could not gain acccess.

TYLER TREWET        12/26/2021    2:52 PM
Spoke to unidentified female who stated the Defendant is unknown. Went to the neighbor's in unit 101 & 104 and received no answer.

### 9303 GILCREASE AVE, #1137, LAS VEGAS, NV 89149

SABRINA ROSE        12/3/2021    6:01 PM
No answer and no noise. Lights are off inside.

SABRINA ROSE        12/4/2021    9:58 AM
No answer, blinds are closed cannot see inside. No answer at neighbor in 1130 left contact sheet.

SABRINA ROSE        12/5/2021    12:08 PM
No answer at door, contact sheet still present. Individually owned condos unable to check leasing.

SABRINA ROSE        12/6/2021    6:50 PM
Contact sheet is gone, lights are on inside and can hear noises within. No answer at the door.

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF
ATTEMPTED SERVICE**

(CONTINUATION)

SABRINA ROSE         12/10/2021    5:14 PM
No answer, lights are on upstairs.

SABRINA ROSE         12/11/2021    9:31 AM
Noise within, no answer at door.

SABRINA ROSE         12/12/2021    1:10 PM
No answer and no noise. No answer at neighbor at 1130.

SABRINA ROSE         12/13/2021    6:20 PM
Unable to gain access through apartment gates

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Tuesday, January 25, 2022

TYLER TREWET
Registered Work Card R-2019-04184

SABRINA ROSE
Registered Work Card R-2020-00191

Legal Wings, Inc., 1118 Fremont Street, Las Vegas, NV 89101, (702) 384-0305, PILB #389

P-1955425.01 Client File # 630.0001
**344**

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

# AFFIDAVIT OF NON-SERVICE

State of Nevada

County of Clark, District

Case Number: A-21-836019-C

Plaintiff:
**Lauren Colvin**

vs.

Defendant:
**Brittanya Razavi**

For:
Legal Wings, Inc.
1118 Fremont St.
Las Vegas, NV 89101

Received by Sano Attorney Service to be served on **DG Media & Entertainment Group, Inc. Kaylee Elizabeth Trabucco, Registered Agent, 29668 Desert Terrace Dr., Menifee, CA 92584.**

I, Devan Shockley, being duly sworn, depose and say that on the **20th day of January, 2022** at **3:35 pm, I:**

**NON-SERVED** the **Summons and Complaint** : After due search, careful inquiry and diligent efforts, an employee, independent contractor and/or myself have been unable to effect service of process for the reasons detailed below.

**Additional Information pertaining to this Service:**
Attempted Service. 29668 Desert Terrace Dr., Menifee, CA - 1/4/22 @ 7:05 pm - No answer. House dark.  1/6/22 @ 8:20 am - No answer.  1/7/22 @ 3:12 pm - No answer.  1/9/22 @ 1:10 pm - No answer.

Bad Address. 34890 Cameron Lane, Wildomar, CA - 1/15/22 @ 3:50 pm - This home is completely fenced and posted for sale. No response.  1/18/22 @ 6:45 pm - No response to horn or whistling.  1/20/22 @ 3:35 pm - Defendant is unknown at this address.

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 25th day
of January, 2022 by the affiant who is
personally known to me.

NOTARY PUBLIC

Devan Shockley
# 1534

**Sano Attorney Service**
**P.O. Box 1568**
**Riverside, CA 92502**
**(909) 425-2248**

Our Job Serial Number: SNO-2022000447
Ref: 1955425.03
Service Fee: _____

KATHY MCCOOL
COMM. #2366015
NOTARY PUBLIC • CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Jul 16, 2025

Service was
( ) made (X) attempted
outside the state of Nevada
not subject to NRS 14.025

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c



1
2
3
4  .
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL WINGS, INC.
PROCESS LICENSE #389
LAS VEGAS, NV
(702)384-0305

# EXHIBIT C

THE URBAN LAW FIRM
4270 S DECATUR BLVD STE A-9
LAS VEGAS, NV 89103
(702) 968-8087



**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

LAUREN COLVIN, ET AL.
    Plaintiff

vs

BRITANYA RAZAVI, ET AL.
    Defendant

*Case Number:* A-21-836019-C

*Dept:*

**DECLARATION OF**
**ATTEMPTED SERVICE**

MICHELLE ALVAREZ, depose(s) and say(s):

That affiant(s) are and were at all times mentioned herein citizen(s) of the United States, over 18 years of age, not a party to, nor interested in the within action, and licensed to serve civil process under Nevada license number 389.

Legal Wings, Inc. received on 12/3/2021 a copy of the:
SUMMONS; COMPLAINT

Based on the results at the address(es) listed below, affiant(s) were unable to serve:
**Defendant DG MEDIA & ENTERTAINMENT GROUP, INC., BY SERVING KAYLEE TRABUCCO,**
**REGISTERED AGENT**

**5334 JOSHUA JOSE STREET, NORTH LAS VEGAS, NV 89031**

MICHELLE ALVAREZ          1/27/2022      7:10 PM

Spoke to "Maria Escobar", current resident, Hispanic, female 35, 5'3, 145, brown hair and eyes, who stated she rents through a management company and the Defendant is unknown, no vehicles in driveway, just moved in this month. No answer at the neighbors at 5338 Joshua Jose.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

MICHELLE ALVAREZ
Registered Work Card R-102605

Executed: Friday, January 28, 2022

# EXHIBIT II

Electronically Filed
02/14/2022 10:24 AM

CLERK OF THE COURT

1  MICHAEL W. FATTOROSI, ESQ.
   California State Bar No.: 193538
2  LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
   5850 Canoga Avenue, 4th Floor
3  Woodland Hills, California 91367
   Michael@fattlegal.com
4  *PH: (818) 710-2727*
      (Admitted *pro hac vice* under SCR 42)
5
   MICHAEL D. KUZNETSKY, ESQ
6  California State Bar No.: 241045
   KUZNETSKY LAW GROUP, P.C.
7  210 N. Pass Avenue, Suite 103
   Burbank, California 91505
8  mike@kuzlaw.com
   PH: (818) 753-2450
9  Fax: (818) 736-0999
      *(Admitted pro hac vice under SCR 42)*
10
   MICHAEL A. URBAN, ESQ.
11 Nevada Bar No.: 3875
   THE URBAN LAW FIRM
12 4270 S. Decatur Blvd., Suite A-9
   Las Vegas, Nevada  89103
13 PH: (702) 968-8087
   Fax: (702) 968-8088
14 murban@theurbanlawfirm.com

15 ***Counsel for Plaintiffs***

16                    **EIGHTH JUDICIAL DISTRICT COURT**

17                        **CLARK COUNTY, NEVADA**

18

19 LAUREN COLVIN, an individual; YOUREE         Case No.:    A-21-836019-C
   GEMMILL, an individual; and PATHAMAWAN
20 HANFORD, an individual,                       Dept. No.:   11

21                       Plaintiffs,

22        v.                                      **[PROPOSED]**
                                                  **ORDER GRANTING PLAINTIFFS' EX**
                                                  **PARTE APPLICATION FOR**
23 BRITTANYA RAZAVI; MARCELLO RAZAVI;            **ENLARGEMENT OF TIME TO SERVE**
   MEOW GANG PRODUCTION STUDIOS, INC.,          **DEFENDANT DG MEDIA &**
24 DG MEDIA & ENTERTAINMENT GROUP,              **ENTERTAINMENT GROUP, INC. AND**
   INC., and DOES 1-10 inclusive;               **REQUEST FOR PERMISSION TO SERVE**
25                                               **BY PUBLICATION**
                       Defendants.
26

27 / / /

28

                                      1

1
2
3

Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. and Request for Permission to Serve by Publication, and for good cause shown,

4
5
6
7

**IT IS ORDERED** that the Summons in this action may be served upon Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. by publication in the Nevada Legal News, a newspaper of general circulation published daily in Las Vegas, Nevada, and that said publication be made for a period of four consecutive weeks, and at least once each week for said period.

8
9

**IT IS FURTHER ORDERED** that the time period in which to serve DG MEDIA & ENTERTAINMENT GROUP, INC. is hereby enlarged to and including _____ April 15 _____, 2022.

10
11
12

**IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail, postage prepaid, to Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. at their last known addresses.

13
14

Dated this _____ day of _____, 2022

15

Dated this 14th day of February, 2022

16

_Elham  Roohani_
DISTRICT COURT JUDGE

17

9D9 8D5 3699 B44C
Ellie Roohani
District Court Judge

18

Submitted by:

19

**THE URBAN LAW FIRM**

20

_____/s/ Michael A. Urban_____

21

MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9

22

Las Vegas, Nevada 89103
Phone: (702) 968-8087

23

Fax: (702) 968-8088
murban@theurbanlawfirm.com

24

***Counsel for Plaintiffs***

25
26
27
28

2

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Lauren Colvin, Plaintiff(s)

vs.

Brittanya Razavi, Defendant(s)

CASE NO: A-21-836019-C

DEPT. NO.  Department 11

## **AUTOMATED CERTIFICATE OF SERVICE**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Ex Parte Application for Enlargement of Time to Serve was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/14/2022

| | |
|---|---|
| Suzanne Boggs | sboggs@maclaw.com |
| Nicholas Crosby | ncrosby@maclaw.com |
| Michael Urban | murban@theurbanlawfirm.com |
| April Denni | adenni@theurbanlawfirm.com |
| Valerie Hernquist | vhernquist@theurbanlawfirm.com |
| Kerri Carder-McCoy | kmccoy@theurbanlawfirm.com |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Brent Bryson | EBBESQLTD@YAHOO.COM |
| E. BRYSON | ebbesqltd@yahoo.com |
| Michael Fattorosi | Michael@fattlegal.com |

Michael Fattorosi                    Michael@fattlegal.com

E. Bryson                            EBBESQLTD@YAHOO.COM

Michael Fattorosi                    Michael@fattlegal.com

Michael Kuznetsky                    Mike@kuzlaw.com

Michael Kuznetsky                    Mike@kuzlaw.com

Michael Kuznetsky                    Mike@kuzlaw.com

E. Bryson                            ebbesqltd@yahoo.com

Michae Urban                         murban@theurbanlawfirm.com

# EXHIBIT JJ

Electronically Filed
02/14/2022 11:05 AM

CLERK OF THE COURT

1  MICHAEL W. FATTOROSI, ESQ.
   California State Bar No.: 193538
2  LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
   5850 Canoga Avenue, 4th Floor
3  Woodland Hills, California 91367
   Michael@fattlegal.com
4  *PH: (818) 710-2727*
      (Admitted *pro hac vice* under SCR 42)
5
   MICHAEL D. KUZNETSKY, ESQ
6  California State Bar No.: 241045
   KUZNETSKY LAW GROUP, P.C.
7  210 N. Pass Avenue, Suite 103
   Burbank, California 91505
8  mike@kuzlaw.com
   PH: (818) 753-2450
9  Fax: (818) 736-0999
      *(Admitted pro hac vice under SCR 42)*
10
   MICHAEL A. URBAN, ESQ.
11 Nevada Bar No.: 3875
   THE URBAN LAW FIRM
12 4270 S. Decatur Blvd., Suite A-9
   Las Vegas, Nevada  89103
13 PH: (702) 968-8087
   Fax: (702) 968-8088
14 murban@theurbanlawfirm.com

15 ***Counsel for Plaintiffs***

16            **EIGHTH JUDICIAL DISTRICT COURT**

17               **CLARK COUNTY, NEVADA**

18

19 LAUREN COLVIN, an individual; YOUREE      Case No.:     A-21-836019-C
   GEMMILL, an individual; and PATHAMAWAN
20 HANFORD, an individual,                    Dept. No.:    11

21                  Plaintiffs,

22         v.                                 **[PROPOSED]**
                                              **ORDER GRANTING PLAINTIFFS' EX**
23 BRITTANYA RAZAVI; MARCELLO RAZAVI;         **PARTE APPLICATION FOR**
   MEOW GANG PRODUCTION STUDIOS, INC.,        **ENLARGEMENT OF TIME TO SERVE**
24 DG MEDIA & ENTERTAINMENT GROUP,            **DEFENDANT BRITTANYA RAZAVI AND**
   INC., and DOES 1-10 inclusive;            **REQUEST FOR PERMISSION TO SERVE**
25                                            **BY PUBLICATION**
                  Defendants.
26

27 / / /

28 / / /

                              1

1        Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve

2   Defendant BRITTANYA RAZAVI. and Request for Permission to Serve by Publication, and for good

3   cause shown,

4        **IT IS ORDERED** that the Summons in this action may be served upon Defendant

5   BRITTANYA RAZAVI by publication in the Nevada Legal News, a newspaper of general circulation

6   published daily in Las Vegas, Nevada, and that said publication be made for a period of four

7   consecutive weeks, and at least once each week for said period.

8        **IT IS FURTHER ORDERED** that the time period in which to serve BRITTANYA RAZAVI

9   is hereby enlarged to and including _____April 15,_____, 2022.

10       **IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail,

11  postage prepaid, to Defendant BRITTANYA RAZAVI at her last known addresses.

12

13  Dated this ____ day of _____, 2022

14                                    **Dated this 14th day of February, 2022**

15                                  *Elham Roohani*

                                DISTRICT COURT JUDGE

16                                  **318 DB3 1FD1 CE66**
                                **Ellie Roohani**
                                **District Court Judge**

17  Submitted by:

18  **THE URBAN LAW FIRM**

19       */s/ Michael A. Urban*

20  MICHAEL A. URBAN, Nevada State Bar No. 3875
    4270 S. Decatur Blvd., Suite A-9

21  Las Vegas, Nevada 89103
    Phone: (702) 968-8087

22  Fax: (702) 968-8088
    murban@theurbanlawfirm.com

23  ***Counsel for Plaintiffs***

24

25

26

27

28

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Lauren Colvin, Plaintiff(s)

vs.

Brittanya Razavi, Defendant(s)

CASE NO: A-21-836019-C

DEPT. NO.  Department 11

### <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Ex Parte Application for Enlargement of Time to Serve was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/14/2022

| | |
|---|---|
| Suzanne Boggs | sboggs@maclaw.com |
| Nicholas Crosby | ncrosby@maclaw.com |
| Michael Urban | murban@theurbanlawfirm.com |
| April Denni | adenni@theurbanlawfirm.com |
| Valerie Hernquist | vhernquist@theurbanlawfirm.com |
| Kerri Carder-McCoy | kmccoy@theurbanlawfirm.com |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Brent Bryson | EBBESQLTD@YAHOO.COM |
| E. BRYSON | ebbesqltd@yahoo.com |
| Michael Fattorosi | Michael@fattlegal.com |

Michael Fattorosi                     Michael@fattlegal.com

E. Bryson                             EBBESQLTD@YAHOO.COM

Michael Fattorosi                     Michael@fattlegal.com

Michael Kuznetsky                     Mike@kuzlaw.com

Michael Kuznetsky                     Mike@kuzlaw.com

Michael Kuznetsky                     Mike@kuzlaw.com

E. Bryson                             ebbesqltd@yahoo.com

Michae Urban                          murban@theurbanlawfirm.com

# EXHIBIT KK

Electronically Filed
02/14/2022 11:05 AM

CLERK OF THE COURT

1  MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
2  LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
3  Woodland Hills, California 91367
Michael@fattlegal.com
4  *PH: (818) 710-2727*
   (Admitted *pro hac vice* under SCR 42)
5
MICHAEL D. KUZNETSKY, ESQ
6  California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
7  210 N. Pass Avenue, Suite 103
Burbank, California 91505
8  mike@kuzlaw.com
PH: (818) 753-2450
9  Fax: (818) 736-0999
   *(Admitted pro hac vice under SCR 42)*
10
MICHAEL A. URBAN, ESQ.
11  Nevada Bar No.: 3875
THE URBAN LAW FIRM
12  4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
13  PH: (702) 968-8087
Fax: (702) 968-8088
14  murban@theurbanlawfirm.com

15  ***Counsel for Plaintiffs***

16            **EIGHTH JUDICIAL DISTRICT COURT**

17               **CLARK COUNTY, NEVADA**

18

19  LAUREN COLVIN, an individual; YOUREE      Case No.:    A-21-836019-C
GEMMILL, an individual; and PATHAMAWAN
20  HANFORD, an individual,                   Dept. No.:   11

21                  Plaintiffs,

22        v.                                  **[PROPOSED]**
                                              **ORDER GRANTING PLAINTIFFS' EX**
23  BRITTANYA RAZAVI; MARCELLO RAZAVI;        **PARTE APPLICATION FOR**
MEOW GANG PRODUCTION STUDIOS, INC.,           **ENLARGEMENT OF TIME TO SERVE**
24  DG MEDIA & ENTERTAINMENT GROUP,           **DEFENDANT MARCELLO RAZAVI AND**
INC., and DOES 1-10 inclusive;                **REQUEST FOR PERMISSION TO SERVE**
25                                            **BY PUBLICATION**
                  Defendants.
26

27  / / /

28  / / /

                            1

1   Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve
2   Defendant MARCELLO RAZAVI. and Request for Permission to Serve by Publication, and for good
3   cause shown,

4   **IT IS ORDERED** that the Summons in this action may be served upon Defendant
5   MARCELLO RAZAVI by publication in the Nevada Legal News, a newspaper of general circulation
6   published daily in Las Vegas, Nevada, and that said publication be made for a period of four
7   consecutive weeks, and at least once each week for said period.

8   **IT IS FURTHER ORDERED** that the time period in which to serve MARCELLO RAZAVI is
9   hereby enlarged to and including _____April 15_____, 2022.

10  **IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail,
11  postage prepaid, to Defendant MARCELLO RAZAVI at her last known addresses.

12

13  Dated this ____ day of _____, 2022

    Dated this 14th day of February, 2022

14

15  _Elham Roohani_
    _____
    DISTRICT COURT JUDGE
16  C89 4BE EF79 6390
    Ellie Roohani
    District Court Judge

17  Submitted by:

18  **THE URBAN LAW FIRM**

19  _____/s/ Michael A. Urban_____
    MICHAEL A. URBAN, Nevada State Bar No. 3875
20  4270 S. Decatur Blvd., Suite A-9
    Las Vegas, Nevada 89103
21  Phone: (702) 968-8087
    Fax: (702) 968-8088
22  murban@theurbanlawfirm.com
    **_Counsel for Plaintiffs_**
23

24

25

26

27

28

2

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Lauren Colvin, Plaintiff(s)

vs.

Brittanya Razavi, Defendant(s)

CASE NO: A-21-836019-C

DEPT. NO.  Department 11

### <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Ex Parte Application for Enlargement of Time to Serve was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/14/2022

| | |
|---|---|
| Suzanne Boggs | sboggs@maclaw.com |
| Nicholas Crosby | ncrosby@maclaw.com |
| Michael Urban | murban@theurbanlawfirm.com |
| April Denni | adenni@theurbanlawfirm.com |
| Valerie Hernquist | vhernquist@theurbanlawfirm.com |
| Kerri Carder-McCoy | kmccoy@theurbanlawfirm.com |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Brent Bryson | EBBESQLTD@YAHOO.COM |
| E. BRYSON | ebbesqltd@yahoo.com |
| Michael Fattorosi | Michael@fattlegal.com |

| | |
|---|---|
| Michael Fattorosi | Michael@fattlegal.com |
| E. Bryson | EBBESQLTD@YAHOO.COM |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Bryson | ebbesqltd@yahoo.com |
| Michae Urban | murban@theurbanlawfirm.com |

# EXHIBIT LL

Electronically Filed
02/14/2022 10:24 AM

CLERK OF THE COURT

1  MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
2  LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
3  Woodland Hills, California 91367
Michael@fattlegal.com
4  *PH: (818) 710-2727*
   (Admitted *pro hac vice* under SCR 42)
5
MICHAEL D. KUZNETSKY, ESQ
6  California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
7  210 N. Pass Avenue, Suite 103
Burbank, California 91505
8  mike@kuzlaw.com
PH: (818) 753-2450
9  Fax: (818) 736-0999
   *(Admitted pro hac vice under SCR 42)*
10
MICHAEL A. URBAN, ESQ.
11  Nevada Bar No.: 3875
THE URBAN LAW FIRM
12  4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
13  PH: (702) 968-8087
Fax: (702) 968-8088
14  murban@theurbanlawfirm.com

15  ***Counsel for Plaintiffs***

16                    **EIGHTH JUDICIAL DISTRICT COURT**

17                        **CLARK COUNTY, NEVADA**

18

19  LAUREN COLVIN, an individual; YOUREE      Case No.:    A-21-836019-C
GEMMILL, an individual; and PATHAMAWAN
20  HANFORD, an individual,                    Dept. No.:   11

21                    Plaintiffs,

22          v.                                 **[PROPOSED]
ORDER GRANTING PLAINTIFFS' EX
PARTE APPLICATION FOR
23  BRITTANYA RAZAVI; MARCELLO RAZAVI;    ENLARGEMENT OF TIME TO SERVE
MEOW GANG PRODUCTION STUDIOS, INC.,   DEFENDANT DG MEDIA &
24  DG MEDIA & ENTERTAINMENT GROUP,       ENTERTAINMENT GROUP, INC. AND
INC., and DOES 1-10 inclusive;         REQUEST FOR PERMISSION TO SERVE
25                                         BY PUBLICATION**

26                    Defendants.

27  / / /

28
                              1

Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. and Request for Permission to Serve by Publication, and for good cause shown,

**IT IS ORDERED** that the Summons in this action may be served upon Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. by publication in the Nevada Legal News, a newspaper of general circulation published daily in Las Vegas, Nevada, and that said publication be made for a period of four consecutive weeks, and at least once each week for said period.

**IT IS FURTHER ORDERED** that the time period in which to serve DG MEDIA & ENTERTAINMENT GROUP, INC. is hereby enlarged to <u>and including    April 15</u> , 2022.

**IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail, postage prepaid, to Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. at their last known addresses.

Dated this ___ day of _____, 2022

Dated this 14th day of February, 2022

*Elham  Roohani*
DISTRICT COURT JUDGE
**9D9 8D5 3699 B44C**
**Ellie Roohani**
**District Court Judge**

Submitted by:

**THE URBAN LAW FIRM**

_____/s/ Michael A. Urban_____
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
***Counsel for Plaintiffs***

2

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Lauren Colvin, Plaintiff(s)

vs.

Brittanya Razavi, Defendant(s)

CASE NO: A-21-836019-C

DEPT. NO.  Department 11

### <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Ex Parte Application for Enlargement of Time to Serve was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/14/2022

| | |
|---|---|
| Suzanne Boggs | sboggs@maclaw.com |
| Nicholas Crosby | ncrosby@maclaw.com |
| Michael Urban | murban@theurbanlawfirm.com |
| April Denni | adenni@theurbanlawfirm.com |
| Valerie Hernquist | vhernquist@theurbanlawfirm.com |
| Kerri Carder-McCoy | kmccoy@theurbanlawfirm.com |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Brent Bryson | EBBESQLTD@YAHOO.COM |
| E. BRYSON | ebbesqltd@yahoo.com |
| Michael Fattorosi | Michael@fattlegal.com |

| | |
|---|---|
| Michael Fattorosi | Michael@fattlegal.com |
| E. Bryson | EBBESQLTD@YAHOO.COM |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Bryson | ebbesqltd@yahoo.com |
| Michae Urban | murban@theurbanlawfirm.com |

# EXHIBIT MM

Electronically Filed
2/22/2022 12:33 PM
Steven D. Grierson
CLERK OF THE COURT

**NOEJ**
MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
*PH: (818) 710-2727*
   (Admitted *pro hac vice* under SCR 42)

MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999
   *(Admitted pro hac vice under SCR 42)*

MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
PH: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com

***Counsel for Plaintiffs***

<div align="center">

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

</div>

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; <br><br> Defendants. | CASE NO.: A-21-836019-C <br><br> DEPT. NO. 11 <br><br><br> **NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT BRITTANYA RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** |

/ / /

212248                                                       1

**365**

1         PLEASE TAKE NOTICE that on the 14th day of February, 2022, an Order Granting

2 Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant Brittanya Razavi

3 and Request for Permission to Serve by Publication was entered with this Court, a copy of which

4 is attached hereto and made a part hereof.

5 DATED this 22nd day of February, 2022         **THE URBAN LAW FIRM**

6

7                                      */s/ Michael A. Urban*

                                     Michael A. Urban, Nevada Bar No. 3875

8                                      4270 S. Decatur Blvd., Suite A-9

                                   Las Vegas, Nevada 89103

9                                    T: (702) 968-8087; F: (702) 968-8088

                                   murban@theurbanlawfirm.com

10                                    ***Counsel for Plaintiffs***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

212248                               2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2022, I electronically filed the foregoing **NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT BRITTANYA RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** with the Clerk of the Court using the Court's Odyssey File and Serve electronic filing system, which will send notification of such filing to the following:

MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
PH: (818) 710-2727

MICHAEL D. KUZNETSKY, ESQ.
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999

NICK D. CROSBY, ESQ.
Nevada Bar No. 8996
MARQUIS AUBACH COFFING
10001 Park Run Dr.
Las Vegas, Nevada 89145

and I hereby certify that have mailed by United States Postal Service the document to the following non-Odyssey File and Serve participants:

[none]

_/s/ Kerri Carder-McCoy_____
An Employee of The Urban Law Firm

212248                                    3

Electronically Filed
02/14/2022 11:05 AM

CLERK OF THE COURT

1  MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
2  LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
3  Woodland Hills, California 91367
Michael@fattlegal.com
4  *PH: (818) 710-2727*
   (Admitted *pro hac vice* under SCR 42)
5
MICHAEL D. KUZNETSKY, ESQ
6  California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
7  210 N. Pass Avenue, Suite 103
Burbank, California 91505
8  mike@kuzlaw.com
PH: (818) 753-2450
9  Fax: (818) 736-0999
   *(Admitted pro hac vice under SCR 42)*
10
MICHAEL A. URBAN, ESQ.
11  Nevada Bar No.: 3875
THE URBAN LAW FIRM
12  4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
13  PH: (702) 968-8087
Fax: (702) 968-8088
14  murban@theurbanlawfirm.com

15  ***Counsel for Plaintiffs***

16
**EIGHTH JUDICIAL DISTRICT COURT**
17
**CLARK COUNTY, NEVADA**
18

19  LAUREN COLVIN, an individual; YOUREE
GEMMILL, an individual; and PATHAMAWAN
20  HANFORD, an individual,

21              Plaintiffs,

22         v.

23  BRITTANYA RAZAVI; MARCELLO RAZAVI;
MEOW GANG PRODUCTION STUDIOS, INC.,
24  DG MEDIA & ENTERTAINMENT GROUP,
INC., and DOES 1-10 inclusive;
25
               Defendants.
26

27  / / /

28  / / /

|  |  |
|---|---|
| Case No.: | A-21-836019-C |
| Dept. No.: | 11 |

**[PROPOSED]**
**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT BRITTANYA RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION**

1

**368**

1   Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve

2   Defendant BRITTANYA RAZAVI. and Request for Permission to Serve by Publication, and for good

3   cause shown,

4   **IT IS ORDERED** that the Summons in this action may be served upon Defendant

5   BRITTANYA RAZAVI by publication in the Nevada Legal News, a newspaper of general circulation

6   published daily in Las Vegas, Nevada, and that said publication be made for a period of four

7   consecutive weeks, and at least once each week for said period.

8   **IT IS FURTHER ORDERED** that the time period in which to serve BRITTANYA RAZAVI

9   is hereby enlarged to and including _____April 15,_____, 2022.

10   **IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail,

11   postage prepaid, to Defendant BRITTANYA RAZAVI at her last known addresses.

12

13   Dated this ____ day of _____, 2022

14                                          Dated this 14th day of February, 2022

15                                          *Elham Roohani*

16                                          _____
                                           DISTRICT COURT JUDGE
                                           **318 DB3 1FD1 CE66**
                                           **Ellie Roohani**
                                           **District Court Judge**

17   Submitted by:

18   **THE URBAN LAW FIRM**

19   _____*/s/ Michael A. Urban*_____

20   MICHAEL A. URBAN, Nevada State Bar No. 3875
     4270 S. Decatur Blvd., Suite A-9

21   Las Vegas, Nevada 89103
     Phone: (702) 968-8087

22   Fax: (702) 968-8088
     murban@theurbanlawfirm.com

23   *Counsel for Plaintiffs*

24

25

26

27

28

2

**CSERV**

### DISTRICT COURT
### CLARK COUNTY, NEVADA

Lauren Colvin, Plaintiff(s)

vs.

Brittanya Razavi, Defendant(s)

CASE NO: A-21-836019-C

DEPT. NO.  Department 11

### <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Ex Parte Application for Enlargement of Time to Serve was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/14/2022

| | |
|---|---|
| Suzanne Boggs | sboggs@maclaw.com |
| Nicholas Crosby | ncrosby@maclaw.com |
| Michael Urban | murban@theurbanlawfirm.com |
| April Denni | adenni@theurbanlawfirm.com |
| Valerie Hernquist | vhernquist@theurbanlawfirm.com |
| Kerri Carder-McCoy | kmccoy@theurbanlawfirm.com |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Brent Bryson | EBBESQLTD@YAHOO.COM |
| E. BRYSON | ebbesqltd@yahoo.com |
| Michael Fattorosi | Michael@fattlegal.com |

| Michael Fattorosi | Michael@fattlegal.com |
| E. Bryson | EBBESQLTD@YAHOO.COM |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Bryson | ebbesqltd@yahoo.com |
| Michae Urban | murban@theurbanlawfirm.com |

# EXHIBIT NN

Electronically Filed
2/22/2022 12:42 PM
Steven D. Grierson
CLERK OF THE COURT

**NOEJ**
MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
*PH: (818) 710-2727*
  (Admitted *pro hac vice* under SCR 42)

MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999
  *(Admitted pro hac vice under SCR 42)*

MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
PH: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com

***Counsel for Plaintiffs***

## DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, | CASE NO.: A-21-836019-C |
| | DEPT. NO. 11 |
| Plaintiffs, | |
| v. | **NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT MARCELLO RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** |
| BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; | |
| Defendants. | |

/ / /

212249                                                    1

1         PLEASE TAKE NOTICE that on the 14th day of February, 2022, an Order Granting

2   Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant Marcello Razavi

3   and Request for Permission to Serve by Publication was entered with this Court, a copy of which

4   is attached hereto and made a part hereof.

5   DATED this 22nd day of February, 2022          **THE URBAN LAW FIRM**

6

7                        */s/ Michael A. Urban*

                     Michael A. Urban, Nevada Bar No. 3875

8                        4270 S. Decatur Blvd., Suite A-9

                     Las Vegas, Nevada 89103

9                        T: (702) 968-8087; F: (702) 968-8088

                     murban@theurbanlawfirm.com

10                       ***Counsel for Plaintiffs***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

212249

2

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on the 22nd day of February, 2022, I electronically filed the

3  foregoing **NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFF'S EX PARTE**

4  **APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT**

5  **MARCELLO RAZAVI AND REQUEST FOR PERMISSION TO SERVE BY**

6  **PUBLICATION**  with the Clerk of the Court using the Court's Odyssey File and Serve

7  electronic filing system, which will send notification of such filing to the following:

8           MICHAEL W. FATTOROSI, ESQ.
           California State Bar No.: 193538
9          LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
           5850 Canoga Avenue, 4th Floor
10         Woodland Hills, California 91367
           Michael@fattlegal.com
11         PH: (818) 710-2727

12         MICHAEL D. KUZNETSKY, ESQ.
           California State Bar No.: 241045
13         KUZNETSKY LAW GROUP, P.C.
           210 N. Pass Avenue, Suite 103
14         Burbank, California 91505
           mike@kuzlaw.com
15         PH: (818) 753-2450
           Fax: (818) 736-0999
16

17         NICK D. CROSBY, ESQ.
           Nevada Bar No. 8996
18         MARQUIS AUBACH COFFING
           10001 Park Run Dr.
19         Las Vegas, Nevada 89145

20

21  and I hereby certify that have mailed by United States Postal Service the document to the

22  following non-Odyssey File and Serve participants:

23       [none]

24                         */s/ Kerri Carder-McCoy*
25                      An Employee of The Urban Law Firm

26

27

28

Electronically Filed
02/14/2022 11:05 AM

CLERK OF THE COURT

1  MICHAEL W. FATTOROSI, ESQ.
   California State Bar No.: 193538
2  LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
   5850 Canoga Avenue, 4th Floor
3  Woodland Hills, California 91367
   Michael@fattlegal.com
4  PH: (818) 710-2727
      (Admitted *pro hac vice* under SCR 42)
5
   MICHAEL D. KUZNETSKY, ESQ
6  California State Bar No.: 241045
   KUZNETSKY LAW GROUP, P.C.
7  210 N. Pass Avenue, Suite 103
   Burbank, California 91505
8  mike@kuzlaw.com
   PH: (818) 753-2450
9  Fax: (818) 736-0999
      *(Admitted pro hac vice under SCR 42)*
10
   MICHAEL A. URBAN, ESQ.
11 Nevada Bar No.: 3875
   THE URBAN LAW FIRM
12 4270 S. Decatur Blvd., Suite A-9
   Las Vegas, Nevada  89103
13 PH: (702) 968-8087
   Fax: (702) 968-8088
14 murban@theurbanlawfirm.com

15 ***Counsel for Plaintiffs***

16                    **EIGHTH JUDICIAL DISTRICT COURT**

17                       **CLARK COUNTY, NEVADA**

18

19 LAUREN COLVIN, an individual; YOUREE      Case No.:    A-21-836019-C
   GEMMILL, an individual; and PATHAMAWAN
20 HANFORD, an individual,                    Dept. No.:   11

21                    Plaintiffs,

22           v.                               **[PROPOSED]**
                                              **ORDER GRANTING PLAINTIFFS' EX**
                                              **PARTE APPLICATION FOR**
23 BRITTANYA RAZAVI; MARCELLO RAZAVI;         **ENLARGEMENT OF TIME TO SERVE**
   MEOW GANG PRODUCTION STUDIOS, INC.,        **DEFENDANT MARCELLO RAZAVI AND**
24 DG MEDIA & ENTERTAINMENT GROUP,            **REQUEST FOR PERMISSION TO SERVE**
   INC., and DOES 1-10 inclusive;             **BY PUBLICATION**
25
                    Defendants.
26

27 / / /

28 / / /

                                    1

1

2

3

Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant MARCELLO RAZAVI. and Request for Permission to Serve by Publication, and for good cause shown,

4

5

6

7

**IT IS ORDERED** that the Summons in this action may be served upon Defendant MARCELLO RAZAVI by publication in the Nevada Legal News, a newspaper of general circulation published daily in Las Vegas, Nevada, and that said publication be made for a period of four consecutive weeks, and at least once each week for said period.

8

9

**IT IS FURTHER ORDERED** that the time period in which to serve MARCELLO RAZAVI is hereby enlarged to and including _____April 15_____, 2022.

10

11

**IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail, postage prepaid, to Defendant MARCELLO RAZAVI at her last known addresses.

12

13

Dated this ____ day of _____, 2022

14

15

16

Dated this 14th day of February, 2022

_Elham Roohani_

_____
DISTRICT COURT JUDGE
C89 4BE EF79 6390
Ellie Roohani
District Court Judge

17

Submitted by:

18

**THE URBAN LAW FIRM**

19

20

21

22

23

_____/s/ Michael A. Urban_____
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
**_Counsel for Plaintiffs_**

24

25

26

27

28

2

**CSERV**

<div align="center">

DISTRICT COURT
CLARK COUNTY, NEVADA

</div>

Lauren Colvin, Plaintiff(s)

vs.

Brittanya Razavi, Defendant(s)

CASE NO: A-21-836019-C

DEPT. NO.  Department 11

<div align="center">

**<u>AUTOMATED CERTIFICATE OF SERVICE</u>**

</div>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Ex Parte Application for Enlargement of Time to Serve was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/14/2022

| | |
|---|---|
| Suzanne Boggs | sboggs@maclaw.com |
| Nicholas Crosby | ncrosby@maclaw.com |
| Michael Urban | murban@theurbanlawfirm.com |
| April Denni | adenni@theurbanlawfirm.com |
| Valerie Hernquist | vhernquist@theurbanlawfirm.com |
| Kerri Carder-McCoy | kmccoy@theurbanlawfirm.com |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Brent Bryson | EBBESQLTD@YAHOO.COM |
| E. BRYSON | ebbesqltd@yahoo.com |
| Michael Fattorosi | Michael@fattlegal.com |

Michael Fattorosi                    Michael@fattlegal.com

E. Bryson                            EBBESQLTD@YAHOO.COM

Michael Fattorosi                    Michael@fattlegal.com

Michael Kuznetsky                    Mike@kuzlaw.com

Michael Kuznetsky                    Mike@kuzlaw.com

Michael Kuznetsky                    Mike@kuzlaw.com

E. Bryson                            ebbesqltd@yahoo.com

Michae Urban                         murban@theurbanlawfirm.com

# EXHIBIT OO

Electronically Filed
2/22/2022 12:49 PM
Steven D. Grierson
CLERK OF THE COURT

1   **NOEJ**
MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
2   LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
3   Woodland Hills, California 91367
Michael@fattlegal.com
4   *PH: (818) 710-2727*
   (Admitted *pro hac vice* under SCR 42)
5
MICHAEL D. KUZNETSKY, ESQ
6   California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
7   210 N. Pass Avenue, Suite 103
Burbank, California 91505
8   mike@kuzlaw.com
PH: (818) 753-2450
9   Fax: (818) 736-0999
   *(Admitted pro hac vice under SCR 42)*
10
MICHAEL A. URBAN, ESQ.
11   Nevada Bar No.: 3875
THE URBAN LAW FIRM
12   4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
13   PH: (702) 968-8087
Fax: (702) 968-8088
14   murban@theurbanlawfirm.com

15   ***Counsel for Plaintiffs***

16
                          **DISTRICT COURT**
17
                     **CLARK COUNTY, NEVADA**
18

19   LAUREN COLVIN, an individual; YOUREE    |   CASE NO.: A-21-836019-C
GEMMILL, an individual; and
20   PATHAMAWAN HANFORD, an individual,       |   DEPT. NO. 11

21                          Plaintiffs,

22          v.                                    **NOTICE OF ENTRY OF ORDER
GRANTING PLAINTIFF'S EX PARTE
23   BRITTANYA RAZAVI; MARCELLO          APPLICATION FOR ENLARGEMENT OF
RAZAVI; MEOW GANG PRODUCTION      TIME TO SERVE DEFENDANT MEOW
24   STUDIOS, INC., DG MEDIA &          GANG PRODUCTION STUDIOS, INC.
ENTERTAINMENT GROUP, INC., and DOES AND REQUEST FOR PERMISSION TO
25   1-10 inclusive;                        SERVE BY PUBLICATION

26                          Defendants.

27

28   / / /

1    PLEASE TAKE NOTICE that on the 14th day of February, 2022, an Order Granting

2    Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant Meow Gang

3    Production Studios, Inc. and Request for Permission to Serve by Publication was entered with

4    this Court, a copy of which is attached hereto and made a part hereof.

5    DATED this 22nd day of February, 2022          **THE URBAN LAW FIRM**

6

7                                         */s/ Michael A. Urban*
                                          Michael A. Urban, Nevada Bar No. 3875
8                                         4270 S. Decatur Blvd., Suite A-9
                                          Las Vegas, Nevada 89103
9                                         T: (702) 968-8087; F: (702) 968-8088
                                          murban@theurbanlawfirm.com
10                                        ***Counsel for Plaintiffs***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

212250                              2                                    **380**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2022, I electronically filed the foregoing **NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT MEOW GANG PRODUCTION STUDIOS, INC. AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** with the Clerk of the Court using the Court's Odyssey File and Serve electronic filing system, which will send notification of such filing to the following:

MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
PH: (818) 710-2727

MICHAEL D. KUZNETSKY, ESQ.
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999

NICK D. CROSBY, ESQ.
Nevada Bar No. 8996
MARQUIS AUBACH COFFING
10001 Park Run Dr.
Las Vegas, Nevada 89145

and I hereby certify that have mailed by United States Postal Service the document to the following non-Odyssey File and Serve participants:

[none]

*/s/ Kerri Carder-McCoy*
An Employee of The Urban Law Firm

212250

3

Electronically Filed
02/14/2022 11:06 AM

CLERK OF THE COURT

MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
*PH: (818) 710-2727*
  (Admitted *pro hac vice* under SCR 42)

MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999
  *(Admitted pro hac vice under SCR 42)*

MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
PH: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com

***Counsel for Plaintiffs***

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, | Case No.:    A-21-836019-C |
|  | Dept. No.:   11 |
| Plaintiffs, | |
| v. | **[PROPOSED]** |
| | **ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT MEOW GANG PRODUCTION STUDIOS, INC. AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** |
| BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; | |
| Defendants. | |

/ / /

1

1    Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve

2  Defendant MEOW GANG PRODUCTION STUDIOS, INC. and Request for Permission to Serve by

3  Publication, and for good cause shown,

4    **IT IS ORDERED** that the Summons in this action may be served upon Defendant MEOW

5  GANG PRODUCTION STUDIOS INC. by publication in the Nevada Legal News, a newspaper of

6  general circulation published daily in Las Vegas, Nevada, and that said publication be made for a

7  period of four consecutive weeks, and at least once each week for said period.

8    **IT IS FURTHER ORDERED** that the time period in which to serve MEOW GANG

9  PRODUCION STUDIOS INC. is hereby enlarged to and including _____April 15_____, 2022.

10    **IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail,

11  postage prepaid, to Defendant MEOW GANG STUDIOS, INC. at their last known addresses.

12

13  Dated this ____ day of _____, 2022

14                                    Dated this 14th day of February, 2022

15                                    *Elham   Roohani*
                                     _____
                                     DISTRICT COURT JUDGE

16                                    D1B B55 678A 7949
                                     Ellie Roohani
                                     District Court Judge

17  Submitted by:

18  **THE URBAN LAW FIRM**

19    _/s/ Michael A. Urban_
      _____
      MICHAEL A. URBAN, Nevada State Bar No. 3875

20  4270 S. Decatur Blvd., Suite A-9
    Las Vegas, Nevada 89103

21  Phone: (702) 968-8087
    Fax: (702) 968-8088

22  murban@theurbanlawfirm.com
    ***Counsel for Plaintiffs***

23

24

25

26

27

28

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Lauren Colvin, Plaintiff(s)

vs.

Brittanya Razavi, Defendant(s)

CASE NO: A-21-836019-C

DEPT. NO.  Department 11

### <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Ex Parte Application for Enlargement of Time to Serve was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/14/2022

| | |
|---|---|
| Suzanne Boggs | sboggs@maclaw.com |
| Nicholas Crosby | ncrosby@maclaw.com |
| Michael Urban | murban@theurbanlawfirm.com |
| April Denni | adenni@theurbanlawfirm.com |
| Valerie Hernquist | vhernquist@theurbanlawfirm.com |
| Kerri Carder-McCoy | kmccoy@theurbanlawfirm.com |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Brent Bryson | EBBESQLTD@YAHOO.COM |
| E. BRYSON | ebbesqltd@yahoo.com |
| Michael Fattorosi | Michael@fattlegal.com |

Michael Fattorosi                    Michael@fattlegal.com

E. Bryson                            EBBESQLTD@YAHOO.COM

Michael Fattorosi                    Michael@fattlegal.com

Michael Kuznetsky                    Mike@kuzlaw.com

Michael Kuznetsky                    Mike@kuzlaw.com

Michael Kuznetsky                    Mike@kuzlaw.com

E. Bryson                            ebbesqltd@yahoo.com

Michae Urban                         murban@theurbanlawfirm.com

# EXHIBIT PP

Electronically Filed
2/22/2022 12:53 PM
Steven D. Grierson
CLERK OF THE COURT

**NOEJ**
MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
*PH: (818) 710-2727*
   (Admitted *pro hac vice* under SCR 42)

MICHAEL D. KUZNETSKY, ESQ
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999
   *(Admitted pro hac vice under SCR 42)*

MICHAEL A. URBAN, ESQ.
Nevada Bar No.: 3875
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
PH: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com

***Counsel for Plaintiffs***

## DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; <br><br> Defendants. | CASE NO.: A-21-836019-C <br><br> DEPT. NO. 11 <br><br><br> **NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT DG MEDIA & ENTERTAINMENT GROUP, INC. AND REQUEST FOR PERMISSION TO SERVE BY PUBLICATION** |

/ / /

212251

1

**386**

1    PLEASE TAKE NOTICE that on the 14th day of February, 2022, an Order Granting

2   Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant DG Media &

3   Entertainment Group, Inc. and Request for Permission to Serve by Publication was entered with

4   this Court, a copy of which is attached hereto and made a part hereof.

5   DATED this 22nd day of February, 2022        **THE URBAN LAW FIRM**

6

7                                               */s/ Michael A. Urban*
                                                Michael A. Urban, Nevada Bar No. 3875
8                                               4270 S. Decatur Blvd., Suite A-9
                                                Las Vegas, Nevada 89103
9                                               T: (702) 968-8087; F: (702) 968-8088
                                                murban@theurbanlawfirm.com
10                                              ***Counsel for Plaintiffs***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February, 2022, I electronically filed the

foregoing **NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFF'S EX PARTE**

**APPLICATION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT DG**

**MEDIA & ENTERTAINMENT GROUP, INC. AND REQUEST FOR PERMISSION TO**

**SERVE BY PUBLICATION** with the Clerk of the Court using the Court's Odyssey File and

Serve electronic filing system, which will send notification of such filing to the following:

MICHAEL W. FATTOROSI, ESQ.
California State Bar No.: 193538
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
5850 Canoga Avenue, 4th Floor
Woodland Hills, California 91367
Michael@fattlegal.com
PH: (818) 710-2727

MICHAEL D. KUZNETSKY, ESQ.
California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, California 91505
mike@kuzlaw.com
PH: (818) 753-2450
Fax: (818) 736-0999

NICK D. CROSBY, ESQ.
Nevada Bar No. 8996
MARQUIS AUBACH COFFING
10001 Park Run Dr.
Las Vegas, Nevada 89145


and I hereby certify that have mailed by United States Postal Service the document to the

following non-Odyssey File and Serve participants:

[none]

_/s/ Kerri Carder-McCoy_____
An Employee of The Urban Law Firm

212251

3

388

Electronically Filed
02/14/2022 10:24 AM

CLERK OF THE COURT

1   MICHAEL W. FATTOROSI, ESQ.
    California State Bar No.: 193538
2   LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
    5850 Canoga Avenue, 4th Floor
3   Woodland Hills, California 91367
    Michael@fattlegal.com
4   *PH: (818) 710-2727*
       (Admitted *pro hac vice* under SCR 42)
5
    MICHAEL D. KUZNETSKY, ESQ
6   California State Bar No.: 241045
    KUZNETSKY LAW GROUP, P.C.
7   210 N. Pass Avenue, Suite 103
    Burbank, California 91505
8   mike@kuzlaw.com
    PH: (818) 753-2450
9   Fax: (818) 736-0999
       *(Admitted pro hac vice under SCR 42)*
10
    MICHAEL A. URBAN, ESQ.
11  Nevada Bar No.: 3875
    THE URBAN LAW FIRM
12  4270 S. Decatur Blvd., Suite A-9
    Las Vegas, Nevada  89103
13  PH: (702) 968-8087
    Fax: (702) 968-8088
14  murban@theurbanlawfirm.com

15  ***Counsel for Plaintiffs***

16                  **EIGHTH JUDICIAL DISTRICT COURT**

17                     **CLARK COUNTY, NEVADA**

18

19  LAUREN COLVIN, an individual; YOUREE      Case No.:    A-21-836019-C
    GEMMILL, an individual; and PATHAMAWAN
20  HANFORD, an individual,                    Dept. No.:   11

21                          Plaintiffs,

22         v.                                   **[PROPOSED]
                                                ORDER GRANTING PLAINTIFFS' EX
23  BRITTANYA RAZAVI; MARCELLO RAZAVI;         PARTE APPLICATION FOR
    MEOW GANG PRODUCTION STUDIOS, INC.,        ENLARGEMENT OF TIME TO SERVE
24  DG MEDIA & ENTERTAINMENT GROUP,            DEFENDANT DG MEDIA &
    INC., and DOES 1-10 inclusive;             ENTERTAINMENT GROUP, INC. AND
25                                             REQUEST FOR PERMISSION TO SERVE
                            Defendants.        BY PUBLICATION**
26

27  / / /

28

                                      1

Upon consideration of Plaintiff's Ex Parte Application for Enlargement of Time to Serve Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. and Request for Permission to Serve by Publication, and for good cause shown,

**IT IS ORDERED** that the Summons in this action may be served upon Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. by publication in the Nevada Legal News, a newspaper of general circulation published daily in Las Vegas, Nevada, and that said publication be made for a period of four consecutive weeks, and at least once each week for said period.

**IT IS FURTHER ORDERED** that the time period in which to serve DG MEDIA & ENTERTAINMENT GROUP, INC. is hereby enlarged to and including _____ April 15 ____, 2022.

**IT IS FURTHER ORDERED** that the Summons and Complaint shall be served by mail, postage prepaid, to Defendant DG MEDIA & ENTERTAINMENT GROUP, INC. at their last known addresses.

Dated this ____ day of _____, 2022

Dated this 14th day of February, 2022

_Elham Roohani_
DISTRICT COURT JUDGE
9D9 8D5 3699 B44C
Ellie Roohani
District Court Judge

Submitted by:

**THE URBAN LAW FIRM**

_____ /s/ Michael A. Urban _____
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
**_Counsel for Plaintiffs_**

2

**390**

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Lauren Colvin, Plaintiff(s)

vs.

Brittanya Razavi, Defendant(s)

CASE NO: A-21-836019-C

DEPT. NO.  Department 11

### <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Ex Parte Application for Enlargement of Time to Serve was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/14/2022

| | |
|---|---|
| Suzanne Boggs | sboggs@maclaw.com |
| Nicholas Crosby | ncrosby@maclaw.com |
| Michael Urban | murban@theurbanlawfirm.com |
| April Denni | adenni@theurbanlawfirm.com |
| Valerie Hernquist | vhernquist@theurbanlawfirm.com |
| Kerri Carder-McCoy | kmccoy@theurbanlawfirm.com |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Brent Bryson | EBBESQLTD@YAHOO.COM |
| E. BRYSON | ebbesqltd@yahoo.com |
| Michael Fattorosi | Michael@fattlegal.com |

| | |
|---|---|
| Michael Fattorosi | Michael@fattlegal.com |
| E. Bryson | EBBESQLTD@YAHOO.COM |
| Michael Fattorosi | Michael@fattlegal.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| Michael Kuznetsky | Mike@kuzlaw.com |
| E. Bryson | ebbesqltd@yahoo.com |
| Michae Urban | murban@theurbanlawfirm.com |

# EXHIBIT QQ

AFFP

A-21-836019-C

Electronically Filed
3/24/2022 11:55 AM
Steven D. Grierson
CLERK OF THE COURT

# Affidavit of Publication

STATE OF NEVADA }
COUNTY OF CLARK }           SS

I, Scott Sibley state:

That I am Publisher of the Nevada Legal News, a daily newspaper of general circulation, printed and published in Las Vegas, Clark County, Nevada; that the publication, a copy of which is attached hereto, was published in the said newspaper on the following dates:

Feb 24, 2022
Mar 03, 2022
Mar 10, 2022
Mar 17, 2022
Mar 24, 2022

That said newspaper was regularly issued and circulated on those dates. I declare under penalty of perjury that the foregoing is true and correct.

DATED: Mar 24, 2022

Scott Sibley

DISTRICT COURT
CLARK COUNTY, NEVADA
Case No.: A-21-836019-C Dept. No.: 11
LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, Plaintiffs, v. BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; Defendants.
SUMMONS
SUMMONS - CIVIL
NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW. BRITTANYA RAZAVI TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff against you for relief set forth in the Complaint. Object of Action: This is a Complaint for FRAUD/MISREPRESENTATION. 1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following: a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee. b. Serve a copy of your response upon the attorney whose name and address is shown below. 2. Unless you respond, your default will be entered upon application of the Plaintiff, and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint. 3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time. 4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint. STEVEN D. GRIERSON CLERK OF THE COURT By: Alisa-Mae Chapman Deputy Clerk 12/2/2021 Regional Justice Center 200 Lewis Avenue Las Vegas, NV 89155 Submitted by: THE URBAN LAW FIRM /s/ MICHAEL A. URBAN, ESQ. Nevada Bar No.: 3875 THE URBAN LAW FIRM 4270 S. Decatur Blvd., Suite A-9 Las Vegas, Nevada 89103 PH: (702) 968-8087 Fax: (702) 968-8088 murban@theurbanlawfirm.com MICHAEL W. FATTOROSI, ESQ. California State Bar No.: 193538 LAW OFFICES OF MICHAEL W. FATTOROSI, P.C. 5850 Canoga Avenue, 4th Floor Woodland Hills, California 91367 Michael@fattlegal.com PH: (818) 710-2727 (Admitted pro hac vice under SCR 42) MICHAEL D. KUZNETSKY, ESQ California State Bar No.: 241045 KUZNETSKY LAW GROUP, P.C. 210 N. Pass Avenue, Suite 103 Burbank, California 91505 mike@kuzlaw.com PH: (818) 753-2450 Fax: (818) 736-0999 (Admitted pro hac vice under SCR 42) Counsel for Plaintiffs
Published in Nevada Legal News
February 24, March 3, 10, 17, 24, 2022

01104435  00504071  968-8088

THE URBAN LAW FIRM
4270 SOUTH DECATUR BLVD., SUITE A-9
LAS VEGAS, NV 89103

393

# EXHIBIT RR

AFFP

A-21-836019-C-3

Electronically Filed
3/24/2022 11:56 AM
Steven D. Grierson
CLERK OF THE COURT

# Affidavit of Publication

STATE OF NEVADA }

COUNTY OF CLARK }                    SS

I, Scott Sibley state:

That I am Publisher of the Nevada Legal News, a daily newspaper of general circulation, printed and published in Las Vegas, Clark County, Nevada; that the publication, a copy of which is attached hereto, was published in the said newspaper on the following dates:

Feb 24, 2022
Mar 03, 2022
Mar 10, 2022
Mar 17, 2022
Mar 24, 2022

That said newspaper was regularly issued and circulated on those dates. I declare under penalty of perjury that the foregoing is true and correct.

DATED: Mar 24, 2022

Scott Sibley

DISTRICT COURT
CLARK COUNTY, NEVADA
Case No.: A-21-836019-C Dept. No.: 11
LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, Plaintiffs, v. BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; Defendants.
SUMMONS
SUMMONS - CIVIL
NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW. DG MEDIA & ENTERTAINMENT GROUP, INC. TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff against you for relief set forth in the Complaint. Object of Action: This is a Complaint for FRAUD/MISREPRESENTATION. 1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following: a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee. b. Serve a copy of your response upon the attorney whose name and address is shown below. 2. Unless you respond, your default will be entered upon application of the Plaintiff, and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint. 3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time. 4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint. STEVEN D. GRIERSON CLERK OF THE COURT By: Alisa-Mae Chapman Deputy Clerk 12/2/2021 Regional Justice Center 200 Lewis Avenue Las Vegas, NV 89155 Submitted by: THE URBAN LAW FIRM /s/ MICHAEL A. URBAN, ESQ. Nevada Bar No.: 3875 THE URBAN LAW FIRM 4270 S. Decatur Blvd., Suite A-9 Las Vegas, Nevada 89103 PH: (702) 968-8087 Fax: (702) 968-8088 murban@theurbanlawfirm.com MICHAEL W. FATTOROSI, ESQ. California State Bar No.: 193538 LAW OFFICES OF MICHAEL W. FATTOROSI, P.C. 5850 Canoga Avenue, 4th Floor Woodland Hills, California 91367 Michael@fattlegal.com PH: (818) 710-2727 (Admitted pro hac vice under SCR 42) MICHAEL D. KUZNETSKY, ESQ California State Bar No.: 241045 KUZNETSKY LAW GROUP, P.C. 210 N. Pass Avenue, Suite 103 Burbank, California 91505 mike@kuzlaw.com PH: (818) 753-2450 Fax: (818) 736-0999 (Admitted pro hac vice under SCR 42) Counsel for Plaintiffs
Published in Nevada Legal News
February 24, March 3, 10, 17, 24, 2022

01104435  00504074  968-8088

THE URBAN LAW FIRM
4270 SOUTH DECATUR BLVD., SUITE A-9
LAS VEGAS, NV 89103

394

# EXHIBIT SS

AFFP

A-21-836019-C-2

Electronically Filed
3/24/2022 11:58 AM
Steven D. Grierson
CLERK OF THE COURT

# Affidavit of Publication

STATE OF NEVADA }
COUNTY OF CLARK }         SS

I, Scott Sibley state:

That I am Publisher of the Nevada Legal News, a daily newspaper of general circulation, printed and published in Las Vegas, Clark County, Nevada; that the publication, a copy of which is attached hereto, was published in the said newspaper on the following dates:

Feb 24, 2022
Mar 03, 2022
Mar 10, 2022
Mar 17, 2022
Mar 24, 2022

That said newspaper was regularly issued and circulated on those dates. I declare under penalty of perjury that the foregoing is true and correct.

DATED: Mar 24, 2022

Scott Sibley

DISTRICT COURT
CLARK COUNTY, NEVADA
Case No.: A-21-836019-C Dept. No.: 11
LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, Plaintiffs,
v. BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; Defendants.
SUMMONS
SUMMONS - CIVIL
NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW. MEOW GANG PRODUCTIONS STUDIOS INC. TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff against you for relief set forth in the Complaint. Object of Action: This is a Complaint for  FRAUD/MISREPRESENTATION 1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following: a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee. b. Serve a copy of your response upon the attorney whose name and address is shown below. 2. Unless you respond, your default will be entered upon application of the Plaintiff, and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint. 3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time. 4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint. STEVEN D. GRIERSON CLERK OF THE COURT By: Alisa-Mae Chapman Deputy Clerk 12/2/2021 Regional Justice Center 200 Lewis Avenue Las Vegas, NV 89155 Submitted by: THE URBAN LAW FIRM /s/ MICHAEL A. URBAN, ESQ. Nevada Bar No.: 3875 THE URBAN LAW FIRM 4270 S. Decatur Blvd., Suite A-9 Las Vegas, Nevada 89103 PH: (702) 968-8087 Fax: (702) 968-8088 murban@theurbanlawfirm.com MICHAEL W. FATTOROSI, ESQ. California State Bar No.: 193538 LAW OFFICES OF MICHAEL W. FATTOROSI, P.C. 5850 Canoga Avenue, 4th Floor Woodland Hills, California 91367 Michael@fattlegal.com PH: (818) 710-2727 (Admitted pro hac vice under SCR 42) MICHAEL D. KUZNETSKY, ESQ California State Bar No.: 241045 KUZNETSKY LAW GROUP, P.C. 210 N. Pass Avenue, Suite 103 Burbank, California 91505 mike@kuzlaw.com PH: (818) 753-2450 Fax: (818) 736-0999 (Admitted pro hac vice under SCR 42) Counsel for Plaintiffs
Published in Nevada Legal News
February 24, March 3, 10, 17, 24, 2022

01104435  00504073  968-8088

THE URBAN LAW FIRM
4270 SOUTH DECATUR BLVD., SUITE A-9
LAS VEGAS, NV 89103

# EXHIBIT TT

AFFP

A-21-836019-C-1

Electronically Filed
3/24/2022 11:58 AM
Steven D. Grierson
CLERK OF THE COURT

# Affidavit of Publication

STATE OF NEVADA }
COUNTY OF CLARK }        SS

I, Scott Sibley state:

That I am Publisher of the Nevada Legal News, a daily newspaper of general circulation, printed and published in Las Vegas, Clark County, Nevada; that the publication, a copy of which is attached hereto, was published in the said newspaper on the following dates:

Feb 24, 2022
Mar 03, 2022
Mar 10, 2022
Mar 17, 2022
Mar 24, 2022

That said newspaper was regularly issued and circulated on those dates. I declare under penalty of perjury that the foregoing is true and correct.

DATED: Mar 24, 2022

Scott Sibley

DISTRICT COURT
CLARK COUNTY, NEVADA
Case No.: A-21-836019-C Dept. No.: 11
LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, Plaintiffs, v. BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC., DG MEDIA & ENTERTAINMENT GROUP, INC., and DOES 1-10 inclusive; Defendants.
SUMMONS
SUMMONS - CIVIL
NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW. MARCELLO L. RAZAVI TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff against you for relief set forth in the Complaint. Object of Action: This is a Complaint for FRAUD/MISREPRESENTATION. 1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following: a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee. b. Serve a copy of your response upon the attorney whose name and address is shown below. 2. Unless you respond, your default will be entered upon application of the Plaintiff, and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint. 3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time. 4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint. STEVEN D. GRIERSON CLERK OF THE COURT By: Alisa-Mae Chapman Deputy Clerk 12/2/2021 Regional Justice Center 200 Lewis Avenue Las Vegas, NV 89155 Submitted by: THE URBAN LAW FIRM /s/ MICHAEL A. URBAN, ESQ. Nevada Bar No.: 3875 THE URBAN LAW FIRM 4270 S. Decatur Blvd., Suite A-9 Las Vegas, Nevada 89103 PH: (702) 968-8087 Fax: (702) 968-8088 murban@theurbanlawfirm.com MICHAEL W. FATTOROSI, ESQ. California State Bar No.: 193538 LAW OFFICES OF MICHAEL W. FATTOROSI, P.C. 5850 Canoga Avenue, 4th Floor Woodland Hills, California 91367 Michael@fattlegal.com PH: (818) 710-2727 (Admitted pro hac vice under SCR 42) MICHAEL D. KUZNETSKY, ESQ California State Bar No.: 241045 KUZNETSKY LAW GROUP, P.C. 210 N. Pass Avenue, Suite 103 Burbank, California 91505 mike@kuzlaw.com PH: (818) 753-2450 Fax: (818) 736-0999 (Admitted pro hac vice under SCR 42) Counsel for Plaintiffs
Published in Nevada Legal News
February 24, March 3, 10, 17, 24, 2022

01104435  00504072  968-8088

THE URBAN LAW FIRM
4270 SOUTH DECATUR BLVD., SUITE A-9
LAS VEGAS, NV 89103

**396**

# EXHIBIT UU

Electronically Filed
5/31/2022 4:41 PM
Steven D. Grierson
CLERK OF THE COURT

1   **Marquis Aurbach**
Nick D. Crosby, Esq.
2   Nevada Bar No. 8996
10001 Park Run Drive
3   Las Vegas, Nevada 89145
Telephone: (702) 382-0711
4   Facsimile: (702) 382-5816
ncrosby@maclaw.com
5   *Attorneys for Defendants/Counterclaimants*

6                               **DISTRICT COURT**

7                          **CLARK COUNTY, NEVADA**

8   LAUREN COLVIN, an individual; YOUREE          Case No.:    A-21-836019-C
GEMMILL, an individual; and                   Dept. No.:   XI
9   PATHAMAWAN HANFORD, an individual,

10                  Plaintiffs,

11  vs.

12  BRITTANYA RAZAVI; MARCELLO
RAZAVI; MEOW GANG PRODUCTION
13  STUDIOS, INC.; DG MEDIA &
ENTERTAINMENT GROUP, INC.; and DOES
14  1-10 inclusive,

15                  Defendants.

16  ────────────────────────────────────────
DG MEDIA & ENTERTAINMENT GROUP,
17  INC.; MEOW GANG PRODUCTION
STUDIOS, INC., MARCELLO RAZAVI and
18  BRITTANYA RAZAVI,

19                  Counterclaimants,

20  vs.

21  LAUREN COLVIN, YOUREE GEMMILL and
PATHAMAWAN HANFORD,
22
                 Counter-Defendants.
23
──────────────────────────────────────────────────────────────────
24  **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM**

            Defendants, Brittanya Razavi ("Brittanya"), Marcello Razavi ("Marcello"), Meow Gang
25
Production Studios, Inc. ("Meow"), and DG Media & Entertainment Group, Inc. ("DG")
26
(collectively "Defendants"), by and through their attorneys of record, Nick D. Crosby, Esq., with
27
the law firm of Marquis Aurbach, hereby answers Plaintiffs' Complaint as follows:
28

                              Page 1 of 14

*(left margin, vertical text)* **MARQUIS AURBACH**  10001 Park Run Drive  Las Vegas, Nevada 89145  (702) 382-0711 FAX: (702) 382-5816

1.      In answering Paragraphs 4, 5, 6, 7, 12, 14, 18 and 59 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

2.      In answering Paragraphs 9, 10, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 49, 50, 51, 53, 54, 55, 56, 57, 60, 61, 62, 63, 65, 66, 67, 68, 69, 70, 71, 72, 74, 75 and 76 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

3.      In answering Paragraphs 1, 2, 3, 8 and 16 of Plaintiffs' Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

4.      In answering Paragraphs 33, 41, 48, 52, 58, 64 and 73 of Plaintiffs' Complaint, Defendants repeat and reallege each and every response thereto.

5.      In answering Paragraph 11 of Plaintiffs' Complaint, Brittanya admits she is a reality television and social media personality, and appeared on reality shows, to include those listed in the Complaint, but denies the remaining allegations contained therein.

6.      In answering Paragraph 13 of Plaintiffs' Complaint, Brittanya admits she began posting content to Onlyfans.com in or around February 2020, but denies all remaining allegations contained therein.

7.      In answering Paragraph 17 of Plaintiffs' Complaint, Brittanya admits she had conversations with Plaintiffs, but denies the remaining allegations contained therein.

8.      As to any remaining allegations not specifically responded to, Defendants deny the same.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs failed to state a claim upon which relief can be granted.

2.      Plaintiffs failed to mitigate their damages, if any.

3.      Plaintiffs' claims are barred by the doctrines of unclean hands, laches, waiver and estoppel.

4.      Plaintiffs' claims are barred by their first prior breaches.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

5.     Plaintiffs' claims are barred by their own anticipatory breaches of contractual obligations, which breaches relieved any obligations of Defendants.

6.     Plaintiffs' claims are barred by their failure to perform.

7.     Defendants, if subject to a contract, did not breach any contract.

8.     Defendants, if such a duty was owed, fulfilled any such duty in good faith.

9.     Defendants, if any contract existed, fully or substantially performed under any such contract, or is excused or justified from performing any and all duties and obligations arising from any contract.

10.    Plaintiffs' claims are barred by their own ratification, consent, acquiescence, or approval of any and all actions complained of in the Complaint.

11.    Plaintiffs' claims are barred by their own acts, conduct or omissions.

12.    Plaintiffs' recovery, if any, must be setoff, offset, reduced or apportioned to the extent any other party's action, conduct, or omission caused or contributed to the damages, if any.

13.    Any damages allegedly sustained by the Plaintiffs were the result of their own actions or omissions.

14.    Plaintiffs' claims are barred in whole on in part by the doctrine of setoff or offset.

15.    Plaintiffs have not suffered any special damages.

16.    Plaintiffs cannot recover attorney fees as special damages.

17.    Defendants incorporate by reference those affirmative defenses enumerated in NRCP 8 as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of such defenses, Defendants reserve the right to seek leave of the Court to amend this Answer to specifically assert any such defense.  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

18.    Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein, in so far as sufficient facts were not available after a reasonable inquiry upon the filing of these Defendants' Answer to Plaintiffs' Complaint; therefore, these

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 3 of 14

1  Defendants reserve the right to amend their answer to allege additional affirmative defenses if

2  subsequent investigations so warrant.

3  ## COUNTERCLAIM

4  Counterclaimants, DG Media & Entertainment Group, Inc., Meow Gang Production

5  Studios, Inc., Marcello Razavi and Brittanya Razavi (collectively "Counterclaimants"), hereby

6  file their Counterclaim against Counter-Defendant Lauren Colvin ("Colvin"), Youree Gemmill

7  ("Gemmill") and Pathamawan Hanford ("Hanford") (collectively "Counter-Defendants").

8  ## THE PARTIES

9  1.    DG Media & Entertainment Group, Inc. ("DG") is a Nevada corporation with its

10  principal place of business in Las Vegas, Nevada.

11  2.    Meow Gang Production Studios, Inc. ("Meow Gang") is a Nevada Corporation

12  with its principal place of business in Las Vegas, Nevada.

13  3.    Marcello Razavi ("Marcello") is and at all times relevant herein, a resident of

14  Clark County, Nevada.

15  4.    Brittanya Razavi ("Brittanya") is and at all times relevant herein, a resident of

16  Clark County, Nevada.

17  5.    The names and capacities, whether individuals, corporate, associate or otherwise

18  of Counter-Defendants named herein as DOE and ROE CORPORATION are unknown or not

19  yet confirmed.  Upon information and belief, said DOE and ROE CORPORATION Counter-

20  Defendants are responsible for damages suffered by Counterclaimants and, therefore,

21  Counterclaimants sue said Counter-Defendants by such fictitious names.  Counterclaimants will

22  seek leave to amend this Counterclaim to show the true names and capacities of each DOE and

23  ROE Corporation Counter-Defendant at such time as the same has been ascertained.

24  ## JURISDICTION AND VENUE

25  6.    This Court possesses subject matter jurisdiction over this matter because Clark

26  County, Nevada is where the acts and/or omissions of the Counter-Defendants occurred and

27  where Counterclaimants were damaged.

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

**THE LICENSING AGREEMENT**

7.      On or about July 28, 2020, Colvin entered into a Licensing Agreement with DG and Meow Gang ("Licensing Agreement").

8.      Pursuant to the terms of the Licensing Agreement, DG and Meow Gang granted an exclusive license to use the Onlyfans.com account https://onlyfans.com/laurenlovinyou to Colvin.

9.      The Onlyfans account, pursuant to the terms of the Licensing Agreement, was created and owned by DG.

10.     Pursuant to the terms of the Licensing Agreement, Colvin had no right to grant sublicenses to any third party unless DG and Meow Gang approved of the same, in writing.

11.     The Licensing Agreement expressly precluded Colvin from making copies of content on the Onlyfans page, unless expressly approved of by DG and Meow Gang.

12.     The Licensing Agreement expressly provided that DG and Meow Gang owed all photographs, videos, and social media handles created by DG and/or Meow Gang, to include @got.lauryn and @laurenlovinyou.

13.     Colvin executed the Licensing Agreement on July 28, 2020 before the presence of a Notary, Jonathan Escapa.

**THE COUNTER-DEFENDANTS' UNLAWFUL ACTIONS**

14.     On or about January 19, 2021, DG and Meow Gang terminated any business relationship with the Counter-Defendants.

15.     Thereafter, on or about February 3, 2021, Brittanya and Marcello were contacted by a reporter from Vice, who stated that Counter-Defendants alleged several unlawful/improper actions on the parts of Counterclaimants.

16.     Upon information and belief, Counter-Defendants made several false and defamatory allegations against Counterclaimants, to include, but not limited to:

a.      Counterclaimants forced Counter-Defendants to have sex with strangers for purposes of generating content for the Onlyfans pages;

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

b. That Counterclaimants provided drugs and alcohol to the models for purposes of "numbing" the models;

c. That Counterclaimants stole Counter-Defendants' Onlyfans pages;

d. That Counterclaimants scout underage girls for recruiting purposes; and

e. That Marcello is responsible for personally responding to the messages sent by fans to Brittanya on her Onlyfans page.

17. Counter-Defendants knew or should have known these statements were false and made these statements, upon information and belief, with reckless disregard for the truth.

18. Furthermore, following the January 2021 separation of relationships, upon information and belief, the Counter-Defendants fraudulently took ownership of the onlyfans.com pages owned by DG and Meow Gang.

19. Colvin, in violation of the Licensing Agreement, continued to use the intellectual property of DG and Meow Gang in the Onlyfans.com page for her own personal benefit and to the detriment of DG and Meow Gang.

20. In May 2021, Colvin made several negative posts on Twitter about the Defendants which interfered with the Counterclaimants' business.

21. On or about June 9, 2021, Counter-Defendants filed a Complaint in the Eighth Judicial District Court, naming the Counterclaimants as defendants.

22. On June 10, 2021, Counterclaimants filed an Ex Parte Motion for Order Directing the Issuances of a Prejudgment Writ of Attachment Without Notice ("Ex Parte Motion").

23. In the Ex Parte Motion, the Counter-Defendants alleged the Counterclaimants "fraudulently embezzled all net income earned by [Counter-Defendants]…."

24. Pursuant to Nevada Revised Statute 31.017, Counter-Defendants sought a prejudgment writ of attachment.

25. In the Ex Parte Motion, Counter-Defendants alleged, as support for the issuance of a prejudgment writ of attachment, Counterclaimants "are actively seeking to spend all of their available cash and all funds embezzled from [Counter-Defendants]…."

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

26.    Counter-Defendants further alleged in the Ex Parte Motion that a prejudgment writ of attachment was necessary because Counter-Defendants "seek to recover a specific amount of funds converted by [Counterclaimants]" and that "[Counterclaimants] are about to hypothecate/dispose of [Counter-Defendants'] money to purchase real estate...."

27.    Colvin executed an Affidavit in support of the Ex Parte Motion.

28.    Counsel, Michael Fattorosi ("Fattorosi") also executed an Affidavit on behalf of the Plaintiffs in support of the Ex Parte Motion.

29.    On July 8, 2021, the Court signed an Order Granting Plaintiffs' Ex Parte Motion ("Order").

30.    The Order stated, "IT IS FURTER ORDERED, ADJUDGED AND DECREED that Defendants' bank accounts and/or safety deposit boxes in the name of Brittanya Razavi, Marcello Razavi, Meow Gang Productions Studios, Inc. and/or DG Media & Entertainment Group, Inc. located at Chase Bank are hereby frozen and that no funds may be removed by anyone except by court order."

31.    The Order was prepared by Plaintiffs' counsel.

32.    The Order was not issued "ex parte," as the Order struck "Plaintiffs' Proposed Ex Parte" in the title of the Order.

33.    Despite not being approved as an ex parte prejudgment writ of attachment, Plaintiffs executed the Order without giving notice to Counter-Defendants.

34.    Upon information and belief, on or about July 13, 2021, an Order was executed on Chase Bank for the bank accounts of the Counterclaimants.

35.    Prior to execution of the Order, Counter-Defendants did not file a Notice of Entry of Order.

36.    Counterclaimants leaned of the Order in the early morning hours of July 15, 2021 when Marcello noticed the business account balances showed a negative balance.

37.    On July 15, 2021, Marcello visited a Chase Bank branch to determine why the accounts were showing a negative balance.  Marcello was provided copies of a 21-page fax from Chase Bank, which was dated July 13, 2021, entitled "Legal Papers Fax/Scan Cover Sheet",

Page 7 of 14

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

which included a copy of the Ex Parte Motion for Order Directing the Issuance of a Prejudgment Writ of Attachment Without Notice, consisting of nine pages, and a copy of the Order with the certificate of service, as well as an Affidavit of Colvin and an unacknowledged Affidavit Fattorosi.

38.     On July 16, 2021 Marcello and Brittanya learned that their personal accounts had been frozen as well.

39.     As a result of the execution of the Order, upon information and belief, Chase Bank froze seven bank accounts – four accounts of Meow and two accounts of DG, as well as the personal bank accounts of Marcello and Brittanya.

40.     As a result of the Order, upon information and belief, Meow and DG were unable to access any funds at Chase Bank and, therefore, could not operate their respective businesses, to include paying vendors, making business purchases for promotions from other social media influencers, utilities on its studio or travel to provide new environments for its on-line content, to name a few business activities.

41.     Further, upon information and belief, Marcello receives wages from DG and Brittanya from Meow and, because no financial activity can occur as a result of the frozen accounts, neither Marcello nor Brittanya can receive their wages.

42.     Likewise, upon information and belief, Marcello and Brittanya were unable to access their personal funds at Chase Bank as a result of the Order.  Marcello and Brittanya have two young children, ages 11 and 9, one of which has been diagnosed with Autism, for whom they care for.  Without access to any of their funds which were frozen at Chase Bank, Marcello and Brittanya's ability to provide for their family was drastically and severely impacted.

43.     Counter-Defendants never provided any surety or bond necessary for the issuance and execution of the Writ of Attachment, which is required by Nevada law.

## FIRST CAUSE OF ACTION

### (Breach of Contract – DG/Meow Gang vs. Colvin)

44.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

45.     Colvin entered into a valid and enforceable Licensing Agreement with DG and Meow Gang on or about July 28, 2020.

46.     The Licensing Agreement provided, *inter alia*, DG created and owned the URL https://onlyfans.com/laurenlovinyou.

47.     Colvin was granted a license to use the Onlyfans URL https://onlyfans.com/laurenlovinyou.

48.     The Licensing Agreement precluded Colvin from copying content from or used on the Onlyfans URL, absent express approval by DG.

49.     Pursuant to the terms of the Licensing Agreement, DG and Meow Gang was the sole and exclusive owner of the Onlyfans URL, as well as any "photos, videos, and artist social media handels (sic)" created by DG and Meow Gang, to include @got.lauryn and @laurenlovinyou.

50.     Colvin breached the Licensing Agreement by unlawfully taking control of the Onlyfans account, as well as Instagram accounts created by and belonging to DG and/or Meow Gang. \

51.     Further, Colvin created a URL entitled laurenlovinyou.com, which violated the Licensing Agreement.

52.     Colvin continued to use photographs and/or videos created by and belonging to Dg and/or Meow Gang after she ceased doing business with DG and Meow Gang.

53.     Colvin did not have permission to use the property of DG and Meow Gang.

54.     As a result of Colvin's actions, DG and Meow Gang have been damaged in an amount in excess of $15,000.

55.     DG and Meow Gang have been forced to retain the services of an attorney to prosecute the Licensing Agreement and, pursuant to the Licensing Agreement, are entitled to recover their attorney fees.

## SECOND CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing – DG/Meow Gang vs. Colvin)**

56.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

**405**

MARQUIS AURBACH

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

57.     Every contract in Nevada carries an implied covenant of good faith and fair dealing in its performance and execution.

58.     DG and Meow Gang entered into a valid, binding and enforceable Licensing Agreement with Colvin on or about July 28, 2020.

59.     Colvin breached her duty of good faith and fair dealing when she unlawfully took control of the Onlyfans URL which was created and owned by DG and Meow Gang.

60.     Colvin breached her duty of good faith and fair dealing when she took control of Instagram accounts created and owned by DG and Meow Gang.

61.     Further, Colvin created a URL entitled laurenlovinyou.com, which violated the Licensing Agreement.

62.     Colvin breached her duty of good faith and fair dealing when she used photographs and/or videos belonging to DG and/or Meow Gang without the express, prior approval of DG or Meow Gang.

63.     Based on these actions, Colvin acted in a manner inconsistent and/or unfaithful to the purpose of the Licensing Agreement.

64.     DG and Meow Gang have been damaged in an amount in excess of $15,000.

65.     DG and Meow Gang have been forced to retain the services of an attorney to prosecute the Licensing Agreement and, pursuant to the Licensing Agreement, are entitled to recover their attorney fees.

## THIRD CAUSE OF ACTION

### (Conversion – DG and Meow Gang vs. Counter-Defendants)

66.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

67.     Upon information and belief, Counter-Defendants unlawfully took control of Onlyfans.com and/or Instagram accounts which were created by and belonged to DG and/or Meow Gang.

68.     Counter-Defendants' exertion of dominion and possession of DG and/or Meow Gang's property is wrongful.

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**406**

69.    Counter-Defendants' possession and/or control of DG and/or Meow Gang's property constitutes an act inconsistent with DG and/or Meow Gang's rights to the property and, as such, constitutes wrongful dominion.

70.    Counter-Defendants' act of possession and refusal to return DG and/or Meow Gang's property is in derogation, exclusion, or defiance of Dg and/or Meow Gang's rights to the property.

71.    DG and Meow Gang have been damaged as a result of Counter-Defendants' action in an amount in excess of $15,000.

72.    DG and Meow Gang have been forced to retain the services of an attorney to prosecute their rights and, therefore, is entitled to an award of attorney fees and costs.

## **FOURTH CAUSE OF ACTION**

### **(Defamation/Slander – Counterclaimants vs. Counter-Defendants)**

73.    Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

74.    Upon information and belief, Counter-Defendants made disparaging, untrue and malicious comments regarding Counterclaimants.

75.    Upon information and belief, at the time Counter-Defendants made the disparaging, untrue and malicious comments, they knew them to be false.

76.    Upon information and belief, Counter-Defendants made these comments with malice and with an intent to harm Counterclaimants' reputation and business.

77.    Counter-Defendants' untrue, defamatory statements tend to injure Counterclaimants' reputations in their businesses.

78.    Further, upon information and belief, Counter-Defendants' untrue, defamatory comments alleged unlawful conduct on the parts of the Counterclaimants.

79.    As a direct and proximate result of Counter-Defendants' statements, Counterclaimants have suffered damages in excess of $15,000.

80.    Counterclaimants have been forced to retain the services of an attorney to prosecute its rights and, therefore, are entitled to an award of attorney fees and costs.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

**407**

**FIFTH CAUSE OF ACTION**

**(Negligent Misrepresentation – Counterclaimants vs. Counter-Defendants)**

81.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

82.     Counter-Defendants owed a duty not to publish or cause to be published, disparaging, untrue and malicious statements regarding Counterclaimants.

83.     Counter-Defendants breached their duty to Counterclaimants by publishing or causing to be published untrue and disparaging statements about Counterclaimants' reputations.

84.     As a direct and proximate result of Counter-Defendants' disparaging and untrue statements about Counterclaimants, Counterclaimants have suffered damages to their reputation.

85.     Counterclaimants have been forced to retain the services of an attorney to prosecute this matter and are entitled to an award of attorney fees and costs.

**SIXTH CAUSE OF ACTION**

**(Unlawful Attachment/Abuse of Process – Counterclaimants vs. Counter-Defendants)**

86.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

87.     Counterclaimants filed for an Ex Parte Moton for Prejudgment Writ of Attachment against Counter-Defendants.

88.     The Court issued an order for prejudgment writ of attachment, but struck the title of the Order requiring it be ex parte.

89.     Counter-Defendants did not properly serve Counter-Defendants with the Order prior to execution.

90.     The Ex Parte Motion was not accompanied by a proper affidavit, as required under Nevada Revised Statute 31.020(1).

91.     The Counter-Defendants knew or should have know that the Ex Parte Motion, proposed Order and subsequently issued Order did not comply with Nevada Revised Statute 31.028.

92.     Specifically, but not limited to, the Order did not state the amount to be attached, amount of security, or the reasons why the Court believes the ground or grounds exist for the issuance of the writ.

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

93.     Counter-Defendants failed to post any surety or bond prior to executing the Writ, which is in violation of Nevada Revised Statute 31.028(5) and 31.030(1)-(2).

94.     Further, neither the Affidavits or Order apportioned the amount of attachment among the Counter-Defendants, as required by the statute.

95.     As a result of the unlawfully obtained Writ, the Counter-Defendants froze, and effectively seized, all of Counter-Defendants' funds deposited at Chase Bank.

96.     The amount seized was excessive.

97.     Counter-Defendants moved the Court for the Order with the ulterior purpose of intentionally interfering with Counterclaimants' rights and/or businesses.

98.     Counter-Defendant's use of the legal process was not proper or in a regular conduct of the proceeding.

99.     As a direct and proximate result, Counterclaimants were damaged in an amount in excess of $15,000.

100.    Counterclaimants were forced to retain the services of an attorney to prosecute their rights and, therefore, are entitled to an award of attorney fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaimants pray for judgment against Plaintiffs/Counter-Defendants as follows:

1.      That Plaintiffs take nothing by way of their Complaint and that the same be dismissed with prejudice;

2.      That Counterclaimants receive an award of compensatory damages in excess of $15,000;

3.      Prejudgment and post-judgment interest;

4.      For an award of reasonable attorney fees and costs of suit; and

///

///

///

///

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

5.       For any further relief as the Court deems to be just and proper.

Dated this 31ST day of May, 2022.

MARQUIS AURBACH

By:      _s/ Nick Crosby, Esq._
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada  89145
*Attorneys for Defendants/Counterclaimants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM** was submitted electronically for filing and/or service with the Eighth Judicial District Court on the 31st day of May, 2022.  Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:[1]

Michael A. Urban, Esq.
THE URBAN LAW FIRM
Email: murban@theurbanlawfirm.com

Michael W. Fattorosi, Esq. (CA Bar #193538)
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
Email: michael@fattlegal.com
*Pro Hac Vice*

Michael D. Kuznetsky, Esq. (CA Bar #241045)
KUZNETSKY LAW GROUP, P.C.
Email: mike@kuzlaw.com
*Pro Hac Vice*

*Attorneys For Plaintiffs*

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to: N/A

_s/Sherri Mong_
An employee of Marquis Aurbach

---

[1] Pursuant to EDCR 8.05(a), each party who submits an E-Filed document through the E-Filing System consents to electronic service in accordance with NRCP 5(b)(2)(D).

MAC:16631-001 4601700_1 5/31/2022 4:31 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# EXHIBIT VV

Electronically Filed
5/31/2022 4:41 PM
Steven D. Grierson
CLERK OF THE COURT

**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
*Attorneys for Defendants/Counterclaimants*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, | Case No.:   A-21-836019-C<br>Dept. No.:   XI |
| Plaintiffs, | |
| vs. | |
| BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC.; DG MEDIA & ENTERTAINMENT GROUP, INC.; and DOES 1-10 inclusive, | |
| Defendants. | |
| DG MEDIA & ENTERTAINMENT GROUP, INC.; MEOW GANG PRODUCTION STUDIOS, INC., MARCELLO RAZAVI and BRITTANYA RAZAVI, | |
| Counterclaimants, | |
| vs. | |
| LAUREN COLVIN, YOUREE GEMMILL and PATHAMAWAN HANFORD, | |
| Counter-Defendants. | |

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## **DEFENDANTS' INITIAL APPEARANCE FEE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

Brittanya Razavi          $223.00

Marcello Razavi          $30.00

Page 1 of 3

MAC:16631-001 4736472_1 5/31/2022 4:37 PM

**411**

| | |
|---|---|
| Meow Gang Production Studios, Inc. | $30.00 |
| DG Media & Entertainment Group, Inc. | $30.00 |
| TOTAL: | $313.00 |

Dated this 31ST day of May, 2022.

MARQUIS AURBACH

By:    *s/ Nick Crosby, Esq.*
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada  89145
*Attorneys for Defendants/Counterclaimants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANTS' INITIAL APPEARANCE FEE DISCLOSURE** was submitted electronically for filing and/or service with the Eighth Judicial District Court on the 31st day of May, 2022.  Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:[1]

Michael A. Urban, Esq.
THE URBAN LAW FIRM
Email: murban@theurbanlawfirm.com

Michael W. Fattorosi, Esq. (CA Bar #193538)
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
Email: michael@fattlegal.com
*Pro Hac Vice*

Michael D. Kuznetsky, Esq. (CA Bar #241045)
KUZNETSKY LAW GROUP, P.C.
Email: mike@kuzlaw.com
*Pro Hac Vice*

*Attorneys For Plaintiffs*

---

[1] Pursuant to EDCR 8.05(a), each party who submits an E-Filed document through the E-Filing System consents to electronic service in accordance with NRCP 5(b)(2)(D).

MAC:16631-001 4736472_1 5/31/2022 4:37 PM

**412**

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1       I further certify that I served a copy of this document by mailing a true and correct copy

2   thereof, postage prepaid, addressed to: N/A

3

4                              *s/Sherri Mong*
                        An employee of Marquis Aurbach

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4736472_1 5/31/2022 4:37 PM

413

# EXHIBIT WW

Electronically Filed
6/8/2022 3:10 PM
Steven D. Grierson
CLERK OF THE COURT

1

**Marquis Aurbach**
Nick D. Crosby, Esq.
2  Nevada Bar No. 8996
10001 Park Run Drive
3  Las Vegas, Nevada 89145
Telephone: (702) 382-0711
4  Facsimile: (702) 382-5816
ncrosby@maclaw.com
5   *Attorneys for Defendants/Counterclaimants*

6                                    **DISTRICT COURT**

7                              **CLARK COUNTY, NEVADA**

8  LAUREN COLVIN, an individual; YOUREE          Case No.:    A-21-836019-C
   GEMMILL, an individual; and                    Dept. No.:   XI
9  PATHAMAWAN HANFORD, an individual,

10                    Plaintiffs,

11  vs.

12  BRITTANYA RAZAVI; MARCELLO
    RAZAVI; MEOW GANG PRODUCTION
13  STUDIOS, INC.; DG MEDIA &
    ENTERTAINMENT GROUP, INC.; and DOES
14  1-10 inclusive,

15                    Defendants.

16  ────────────────────────────────
    DG MEDIA & ENTERTAINMENT GROUP,
17  INC.; MEOW GANG PRODUCTION
    STUDIOS, INC., MARCELLO RAZAVI and
18  BRITTANYA RAZAVI,

19                    Counterclaimants,

20  vs.

21  LAUREN COLVIN, YOUREE GEMMILL and
    PATHAMAWAN HANFORD,
22
                      Counter-Defendants.
23

24                        **FIRST AMENDED COUNTERCLAIM**

25          Counterclaimants DG Media & Entertainment Group, Inc., Meow Gang Production

26  Studios, Inc., Marcello Razavi and Brittanya Razavi (collectively "Counterclaimants"), hereby

27  file their First Amended Counterclaim against Counter-Defendants Lauren Colvin ("Colvin"),

28  Youree Gemmill ("Gemmill") and Pathamawan Hanford ("Hanford") (collectively "Counter-

   *(left margin, vertical)* MARQUIS AURBACH
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   (702) 382-0711 FAX: (702) 382-5816

                              Page 1 of 12

                                             MAC:16631-001 4744577_1 6/8/2022 3:06 PM

Defendants").

## THE PARTIES

1.    DG Media & Entertainment Group, Inc. ("DG") is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

2.    Meow Gang Production Studios, Inc. ("Meow Gang") is a Nevada Corporation with its principal place of business in Las Vegas, Nevada.

3.    Marcello Razavi ("Marcello") is and is at all times relevant herein, a resident of Clark County, Nevada.

4.    Brittanya Razavi ("Brittanya") is and is at all times relevant herein, a resident of Clark County, Nevada.

5.    The names and capacities, whether individuals, corporate, associate or otherwise of Counter-Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed.  Upon information and belief, said DOE and ROE CORPORATION Counter-Defendants are responsible for damages suffered by Counterclaimants and, therefore, Counterclaimants sue said Counter-Defendants by such fictitious names.  Counterclaimants will seek leave to amend this Counterclaim to show the true names and capacities of each DOE and ROE Corporation Counter-Defendant at such time as the same has been ascertained.

## JURISDICTION AND VENUE

6.    This Court possesses subject matter jurisdiction over this matter because Clark County, Nevada is where the acts and/or omissions of the Counter-Defendants occurred and where Counterclaimants were damaged.

## THE LICENSING AGREEMENT

7.    On or about July 28, 2020, Colvin entered into a Licensing Agreement with DG and Meow Gang ("Licensing Agreement").

8.    Pursuant to the terms of the Licensing Agreement, DG and Meow Gang granted an exclusive license to use the Onlyfans.com account https://onlyfans.com/laurenlovinyou to Colvin.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:16631-001 4744577_1 6/8/2022 3:06 PM

9.     The Onlyfans account, pursuant to the terms of the Licensing Agreement, was created and owned by DG.

10.    Pursuant to the terms of the Licensing Agreement, Colvin had no right to grant sublicenses to any third party unless DG and Meow Gang approved of the same, in writing.

11.    The Licensing Agreement expressly precluded Colvin from making copies of content on the Onlyfans page, unless expressly approved of by DG and Meow Gang.

12.    The Licensing Agreement expressly provided that DG and Meow Gang owed all photographs, videos, and social media handles created by DG and/or Meow Gang, to include @got.lauryn and @laurenlovinyou.

13.    Colvin executed the Licensing Agreement on July 28, 2020 before the presence of a Notary, Jonathan Escapa.

## THE COUNTER-DEFENDANTS' UNLAWFUL ACTIONS

14.    On or about January 19, 2021, DG and Meow Gang terminated any business relationship with the Counter-Defendants.

15.    Thereafter, on or about February 3, 2021, Brittanya and Marcello were contacted by a reporter from Vice, who stated that Counter-Defendants alleged several unlawful/improper actions on the parts of Counterclaimants.

16.    Upon information and belief, Counter-Defendants made several false and defamatory allegations against Counterclaimants, to include, but not limited to:

a.     Counterclaimants forced Counter-Defendants to have sex with strangers for purposes of generating content for the Onlyfans pages;

b.     That Counterclaimants provided drugs and alcohol to the models for purposes of "numbing" the models;

c.     That Counterclaimants stole Counter-Defendants' Onlyfans pages;

d.     That Counterclaimants scout underage girls for recruiting purposes; and

e.     That Marcello is responsible for personally responding to the messages sent by fans to Brittanya on her Onlyfans page.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4744577_1 6/8/2022 3:06 PM

17. Counter-Defendants knew or should have known these statements were false and made these statements, upon information and belief, with reckless disregard for the truth.

18. Furthermore, following the January 2021 separation of relationships, upon information and belief, the Counter-Defendants fraudulently took ownership of the onlyfans.com pages owned by DG and Meow Gang.

19. Colvin, in violation of the Licensing Agreement, continued to use the intellectual property of DG and Meow Gang in the Onlyfans.com page for her own personal benefit and to the detriment of DG and Meow Gang.

20. In May 2021, Colvin made several negative posts on Twitter about the Defendants which interfered with the Counterclaimants' business.

21. On or about June 9, 2021, Counter-Defendants filed a Complaint in the Eighth Judicial District Court, naming the Counterclaimants as defendants.

22. On June 10, 2021, Counterclaimants filed an Ex Parte Motion for Order Directing the Issuances of a Prejudgment Writ of Attachment Without Notice ("Ex Parte Motion").

23. In the Ex Parte Motion, the Counter-Defendants alleged the Counterclaimants "fraudulently embezzled all net income earned by [Counter-Defendants]…."

24. Pursuant to Nevada Revised Statute 31.017, Counter-Defendants sought a prejudgment writ of attachment.

25. In the Ex Parte Motion, Counter-Defendants alleged, as support for the issuance of a prejudgment writ of attachment, Counterclaimants "are actively seeking to spend all of their available cash and all funds embezzled from [Counter-Defendants]…."

26. Counter-Defendants further alleged in the Ex Parte Motion that a prejudgment writ of attachment was necessary because Counter-Defendants "seek to recover a specific amount of funds converted by [Counterclaimants]" and that "[Counterclaimants] are about to hypothecate/dispose of [Counter-Defendants'] money to purchase real estate…."

27. Colvin executed an Affidavit in support of the Ex Parte Motion.

28. Counsel, Michael Fattorosi ("Fattorosi") also executed an Affidavit on behalf of the Plaintiffs in support of the Ex Parte Motion.

Page 4 of 12

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

29.    On July 8, 2021, the Court signed an Order Granting Plaintiffs' Ex Parte Motion ("Order").

30.    The Order stated, "IT IS FURTER ORDERED, ADJUDGED AND DECREED that Defendants' bank accounts and/or safety deposit boxes in the name of Brittanya Razavi, Marcello Razavi, Meow Gang Productions Studios, Inc. and/or DG Media & Entertainment Group, Inc. located at Chase Bank are hereby frozen and that no funds may be removed by anyone except by court order."

31.    The Order was prepared by Plaintiffs' counsel.

32.    The Order was not issued "ex parte," as the Order struck "Plaintiffs' Proposed Ex Parte" in the title of the Order.

33.    Despite not being approved as an ex parte prejudgment writ of attachment, Plaintiffs executed the Order without giving notice to Counter-Defendants.

34.    Upon information and belief, on or about July 13, 2021, an Order was executed on Chase Bank for the bank accounts of the Counterclaimants.

35.    Prior to execution of the Order, Counter-Defendants did not file a Notice of Entry of Order.

36.    Counterclaimants leaned of the Order in the early morning hours of July 15, 2021 when Marcello noticed the business account balances showed a negative balance.

37.    On July 15, 2021, Marcello visited a Chase Bank branch to determine why the accounts were showing a negative balance.  Marcello was provided copies of a 21-page fax from Chase Bank, which was dated July 13, 2021, entitled "Legal Papers Fax/Scan Cover Sheet", which included a copy of the Ex Parte Motion for Order Directing the Issuance of a Prejudgment Writ of Attachment Without Notice, consisting of nine pages, and a copy of the Order with the certificate of service, as well as an Affidavit of Colvin and an unacknowledged Affidavit Fattorosi.

38.    On July 16, 2021 Marcello and Brittanya learned that their personal accounts had been frozen as well.

39.    As a result of the execution of the Order, upon information and belief, Chase

Page 5 of 12

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1    Bank froze seven bank accounts – four accounts of Meow and two accounts of DG, as well as

2    the personal bank accounts of Marcello and Brittanya.

3        40.    As a result of the Order, upon information and belief, Meow and DG were unable

4    to access any funds at Chase Bank and, therefore, could not operate their respective businesses,

5    to include paying vendors, making business purchases for promotions from other social media

6    influencers, utilities on its studio or travel to provide new environments for its on-line content, to

7    name a few business activities.

8        41.    Further, upon information and belief, Marcello receives wages from DG and

9    Brittanya from Meow and, because no financial activity can occur as a result of the frozen

10   accounts, neither Marcello nor Brittanya can receive their wages.

11       42.    Likewise, upon information and belief, Marcello and Brittanya were unable to

12   access their personal funds at Chase Bank as a result of the Order.  Marcello and Brittanya have

13   two young children, ages 11 and 9, one of which has been diagnosed with Autism, for whom

14   they care for.  Without access to any of their funds which were frozen at Chase Bank, Marcello

15   and Brittanya's ability to provide for their family was drastically and severely impacted.

16       43.    Counter-Defendants never provided any surety or bond necessary for the issuance

17   and execution of the Writ of Attachment, which is required by Nevada law.

18                            **FIRST CAUSE OF ACTION**

19                    **(Breach of Contract – DG/Meow Gang vs. Colvin)**

20       44.    Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

21       45.    Colvin entered into a valid and enforceable Licensing Agreement with DG and

22   Meow Gang on or about July 28, 2020.

23       46.    The Licensing Agreement provided, *inter alia*, DG created and owned the URL

24   https://onlyfans.com/laurenlovinyou.

25       47.    Colvin    was    granted    a    license    to    use    the    Onlyfans    URL

26   https://onlyfans.com/laurenlovinyou.

27       48.    The Licensing Agreement precluded Colvin from copying content from or used

28   on the Onlyfans URL, absent express approval by DG.

Page 6 of 12

49.     Pursuant to the terms of the Licensing Agreement, DG and Meow Gang was the sole and exclusive owner of the Onlyfans URL, as well as any "photos, videos, and artist social media handels (sic)" created by DG and Meow Gang, to include @got.lauryn and @laurenlovinyou.

50.     Colvin breached the Licensing Agreement by unlawfully taking control of the Onlyfans account created by and belonging to DG and/or Meow Gang.

51.     Further, Colvin created a URL entitled laurenlovinyou.com, which violated the Licensing Agreement.

52.     Colvin continued to use photographs and/or videos created by and belonging to Dg and/or Meow Gang after she ceased doing business with DG and Meow Gang.

53.     Colvin did not have permission to use the property of DG and Meow Gang.

54.     As a result of Colvin's actions, DG and Meow Gang have been damaged in an amount in excess of $15,000.

55.     DG and Meow Gang have been forced to retain the services of an attorney to prosecute the Licensing Agreement and, pursuant to the Licensing Agreement, are entitled to recover their attorney fees.

### SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing – DG/Meow Gang vs. Colvin)

56.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

57.     Every contract in Nevada carries an implied covenant of good faith and fair dealing in its performance and execution.

58.     DG and Meow Gang entered into a valid, binding and enforceable Licensing Agreement with Colvin on or about July 28, 2020.

59.     Colvin breached her duty of good faith and fair dealing when she unlawfully took control of the Onlyfans URL which was created and owned by DG and Meow Gang.

60.     Colvin breached her duty of good faith and fair dealing when she took control of Instagram accounts created and owned by DG and Meow Gang.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4744577_1 6/8/2022 3:06 PM

61.     Further, Colvin created a URL entitled laurenlovinyou.com, which violated the Licensing Agreement.

62.     Colvin breached her duty of good faith and fair dealing when she used photographs and/or videos belonging to DG and/or Meow Gang without the express, prior approval of DG or Meow Gang.

63.     Based on these actions, Colvin acted in a manner inconsistent and/or unfaithful to the purpose of the Licensing Agreement.

64.     DG and Meow Gang have been damaged in an amount in excess of $15,000.

65.     DG and Meow Gang have been forced to retain the services of an attorney to prosecute the Licensing Agreement and, pursuant to the Licensing Agreement, are entitled to recover their attorney fees.

### THIRD CAUSE OF ACTION

### (Conversion – DG and Meow Gang vs. Counter-Defendants)

66.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

67.     Upon information and belief, Counter-Defendants unlawfully took control of Onlyfans.com and/or Instagram accounts which were created by and belonged to DG and/or Meow Gang.

68.     Counter-Defendants' exertion of dominion and possession of DG and/or Meow Gang's property is wrongful.

69.     Counter-Defendants' possession and/or control of DG and/or Meow Gang's property constitutes an act inconsistent with DG and/or Meow Gang's rights to the property and, as such, constitutes wrongful dominion.

70.     Counter-Defendants' act of possession and refusal to return DG and/or Meow Gang's property is in derogation, exclusion, or defiance of Dg and/or Meow Gang's rights to the property.

71.     DG and Meow Gang have been damaged as a result of Counter-Defendants' action in an amount in excess of $15,000.

Page 8 of 12

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

72.     DG and Meow Gang have been forced to retain the services of an attorney to prosecute their rights and, therefore, is entitled to an award of attorney fees and costs.

## FOURTH CAUSE OF ACTION

### (Defamation/Slander – Counterclaimants vs. Counter-Defendants)

73.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

74.     Upon information and belief, Counter-Defendants made disparaging, untrue and malicious comments regarding Counterclaimants.

75.     Upon information and belief, at the time Counter-Defendants made the disparaging, untrue and malicious comments, they knew them to be false.

76.     Upon information and belief, Counter-Defendants made these comments with malice and with an intent to harm Counterclaimants' reputation and business.

77.     Counter-Defendants' untrue, defamatory statements tend to injure Counterclaimants' reputations in their businesses.

78.     Further, upon information and belief, Counter-Defendants' untrue, defamatory comments alleged unlawful conduct on the parts of the Counterclaimants.

79.     As a direct and proximate result of Counter-Defendants' statements, Counterclaimants have suffered damages in excess of $15,000.

80.     Counterclaimants have been forced to retain the services of an attorney to prosecute its rights and, therefore, are entitled to an award of attorney fees and costs.

## FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation – Counterclaimants vs. Counter-Defendants)

81.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

82.     Counter-Defendants owed a duty not to publish or cause to be published, disparaging, untrue and malicious statements regarding Counterclaimants.

83.     Counter-Defendants breached their duty to Counterclaimants by publishing or causing to be published untrue and disparaging statements about Counterclaimants' reputations.

84.     As a direct and proximate result of Counter-Defendants' disparaging and untrue statements about Counterclaimants, Counterclaimants have suffered damages to their reputation.

Page 9 of 12

MAC:16631-001 4744577_1 6/8/2022 3:06 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

85.     Counterclaimants have been forced to retain the services of an attorney to prosecute this matter and are entitled to an award of attorney fees and costs.

### SIXTH CAUSE OF ACTION

**(Unlawful Attachment/Abuse of Process – Counterclaimants vs. Counter-Defendants)**

86.     Counterclaimants repeat and reallege the paragraphs as though fully stated herein.

87.     Counterclaimants filed for an Ex Parte Moton for Prejudgment Writ of Attachment against Counter-Defendants.

88.     The Court issued an order for prejudgment writ of attachment, but struck the title of the Order requiring it be ex parte.

89.     Counter-Defendants did not properly serve Counter-Defendants with the Order prior to execution.

90.     The Ex Parte Motion was not accompanied by a proper affidavit, as required under Nevada Revised Statute 31.020(1).

91.     The Counter-Defendants knew or should have know that the Ex Parte Motion, proposed Order and subsequently issued Order did not comply with Nevada Revised Statute 31.028.

92.     Specifically, but not limited to, the Order did not state the amount to be attached, amount of security, or the reasons why the Court believes the ground or grounds exist for the issuance of the writ.

93.     Counter-Defendants failed to post any surety or bond prior to executing the Writ, which is in violation of Nevada Revised Statute 31.028(5) and 31.030(1)-(2).

94.     Further, neither the Affidavits or Order apportioned the amount of attachment among the Counter-Defendants, as required by the statute.

95.     As a result of the unlawfully obtained Writ, the Counter-Defendants froze, and effectively seized, all of Counter-Defendants' funds deposited at Chase Bank.

96.     The amount seized was excessive.

97.     Counter-Defendants moved the Court for the Order with the ulterior purpose of intentionally interfering with Counterclaimants' rights and/or businesses.

Page 10 of 12

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

98.     Counter-Defendant's use of the legal process was not proper or in a regular conduct of the proceeding.

99.     As a direct and proximate result, Counterclaimants were damaged in an amount in excess of $15,000.

100.    Counterclaimants were forced to retain the services of an attorney to prosecute their rights and, therefore, are entitled to an award of attorney fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants pray for judgment against Counter-Defendants as follows:

1.     That Plaintiffs take nothing by way of their Complaint and that the same be dismissed with prejudice;

2.     That Counterclaimants receive an award of compensatory damages in excess of $15,000;

3.     Prejudgment and post-judgment interest;

4.     For an award of reasonable attorney fees and costs of suit; and

5.     For any further relief as the Court deems to be just and proper.

Dated this 8th day of June, 2022.

MARQUIS AURBACH

By:     *s/ Nick Crosby, Esq.*
        Nick D. Crosby, Esq.
        Nevada Bar No. 8996
        10001 Park Run Drive
        Las Vegas, Nevada  89145
        *Attorneys for Defendants/Counterclaimants*

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4744577_1 6/8/2022 3:06 PM

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **FIRST AMENDED COUNTERCLAIM** was submitted electronically for filing and/or service with the Eighth Judicial District Court on the 8th day of June, 2022.  Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:[1]

Michael A. Urban, Esq.
THE URBAN LAW FIRM
Email: murban@theurbanlawfirm.com

Michael W. Fattorosi, Esq. (CA Bar #193538)
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
Email: michael@fattlegal.com
*Pro Hac Vice*

Michael D. Kuznetsky, Esq. (CA Bar #241045)
KUZNETSKY LAW GROUP, P.C.
Email: mike@kuzlaw.com
*Pro Hac Vice*

*Attorneys For Plaintiffs*

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to: N/A

_____
*s/Sherri Mong*
An employee of Marquis Aurbach

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

---

[1] Pursuant to EDCR 8.05(a), each party who submits an E-Filed document through the E-Filing System consents to electronic service in accordance with NRCP 5(b)(2)(D).

MAC:16631-001 4744577_1 6/8/2022 3:06 PM

425

# EXHIBIT XX

Electronically Filed
6/21/2022 4:48 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ACOM**
  MICHAEL D. KUZNETSKY, ESQ
2  California State Bar No.: 241045
  KUZNETSKY LAW GROUP, P.C.
3  2600 W. Olive Avenue, Suite 500
  Burbank, California 91505
4  mike@kuzlaw.com
  PH: (818) 753-2450
5  Fax: (818) 736-0999
    *(Admitted pro hac vice under SCR 42)*
6
  MICHAEL A. URBAN, ESQ.
7  Nevada Bar No.: 3875
  THE URBAN LAW FIRM
8  4270 S. Decatur Blvd., Suite A-9
  Las Vegas, Nevada  89103
9  PH: (702) 968-8087
  Fax: (702) 968-8088
10 murban@theurbanlawfirm.com
  **Counsel for Plaintiffs**
11
                    **EIGHTH JUDICIAL DISTRICT COURT**
12
                     **CLARK COUNTY, NEVADA**
13

14 LAUREN COLVIN, an individual; YOUREE      Case No.:    A-21-836019-C
  GEMMILL, an individual; and PATHAMAWAN
15 HANFORD, an individual,                   Dept. No.:   11

16             Plaintiffs,

17      v.                                   **FIRST AMENDED COMPLAINT**

18 BRITTANYA RAZAVI; MARCELLO RAZAVI;        **ARBITRATION EXEMPT**
  MEOW GANG PRODUCTION STUDIOS, INC.,       **Amount in Controversy Exceeds $15,000**
19 DG MEDIA & ENTERTAINMENT GROUP,          **and Equitable Relief Requested**
  INC., FENIX INTERNATIONAL LIMITED dba
20 ONLYFANS; and DOES 1-10 inclusive;        **JURY TRIAL REQUESTED**

21             Defendants.

22 DG MEDIA & ENTERTAINMENT GROUP,
  INC., MEOW GANG PRODUCTION STUDIOS,
23 INC.; MARCELLO RAZAVI; and BRITTANYA
  RAZAVI,
24
             Counterclaimants,
25
       v.
26
  LAUREN COLVIN, YOUREE GEMMILL, and
27 PATHAMAWAN HANFORD,

28             Counter - Defendants.

                            1

                                                                    **426**

COMES NOW, Plaintiffs, LAUREN COLVIN, YOUREE GEMMILL, and PATHAMAWAN HANFORD, by and through their undersigned counsel, and as and for their First Amended Complaint against Defendants, BRITTANYA RAZAVI; MARCELLO RAZAVI; DG MEDIA & ENTERTAINMENT GROUP, INC.; MEOW GANG PRODUCTION STUDIOS, INC.; FENIX INTERNATIONAL LIMITED dba ONLYFANS; and DOES 1-10 inclusive; allege as follows:

**PARTIES**

1.      Plaintiff, LAUREN COLVIN (hereinafter **"Colvin"**) is and was an individual domiciled in Los Angeles, California. The acts complained of herein all occurred in Las Vegas, Nevada.

2.      Plaintiff, YOUREE GEMMILL (hereinafter **"Gemmill"**) is and was an individual domiciled in San Diego, California. The acts complained of herein all occurred in Las Vegas, Nevada.

3.      Plaintiff, PATHAMAWAN HANFORD (hereinafter **"Hanford"**) is and was an individual domiciled in Las Vegas, Nevada. The acts complained of herein all occurred in Las Vegas, Nevada.

4.      Upon information and belief, Defendant, BRITTANYA RAZAVI (hereinafter **"Brittanya"**) is and was, at all times relevant herein, an individual domiciled in Las Vegas, Nevada.

5.      Upon information and belief, Defendant, MARCELLO RAZAVI (hereinafter **"Marcello"**) is and was, at all times relevant herein, an individual domiciled in Las Vegas, Nevada.

6.      Upon information and belief, Defendant, DG MEDIA & ENTERTAINMENT GROUP, INC. (hereinafter **"DG Media"**) is and was a Nevada corporation with its principal place of business in Las Vegas, Nevada.

7.      Upon information and belief, Defendant, MEOW GANG PRODUCTION STUDIOS, INC. (hereinafter **"Meow Gang"**) is and was a Nevada corporation with its principal place of business in Las Vegas, Nevada.

8.      Upon information and belief, Defendant, FENIX INTERNATIONAL LIMITED doing business as ONLYFANS (hereinafter **"OnlyFans"**) is and was an English limited company with its principal place of business in London, England.

9.      Brittanya, Marcello, DG Media, Meow Gang, and Does 1 through 9, are collectively referred to hereinafter as the **"Razavi Defendants"**.

10.     The true names and capacities of the defendants sued herein as Does 1 through 10 are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the harm sustained by Plaintiffs as described herein. Plaintiffs will seek leave to amend this complaint to state the true names and capacities of such defendants when they become known to Plaintiffs.

## JURISDICTION AND VENUE

11.     Jurisdiction and venue are proper in this Court because the acts and omissions complained of herein occurred and caused harm primarily within the City of Las Vegas and Clark County, Nevada.  Furthermore, this actions seeks damages in excess of $15,000.00.

## FACTUAL ALLEGATIONS AS TO ALL CAUSES OF ACTION

### I.     General Allegations

12.     This is an action involving Defendants' sex trafficking in violation of the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1591, et seq. (hereinafter **"TVPA"**), which covers sex trafficking for both children and adults, related fraud and other wrongful conduct perpetrated by Defendants upon Plaintiffs.

13.     Brittanya, also known as Brittanya O'Campo, is a reality television and social media personality.  Brittanya appeared as herself on three reality television shows within the years 2009 and 2010, entitled *Rock of Love with Bret Michaels*, *Charm School with Ricki Lake*, and *I Love Money*. After these appearances, Brittanya gained popularity on social media, including Instagram, from posting lewd pictures of herself.

14.     Upon information and belief, Marcello, also known as "Lucky Razavi," is currently married to Brittanya and has a background in the fashion industry.

15.     Upon information and belief, in or about February 2020, Brittanya began posting pornographic content of herself on a page on the Internet website owned by OnlyFans located at Onlyfans.com (hereinafter **"OnlyFans Website"**).

16.     The OnlyFans Website is a content subscription website on the Internet where content creators can earn money from users who subscribe to their content—the "fans."  It allows content

creators to receive funding directly from their fans on a monthly basis as well as one-time tips and using a pay-per-view feature.  In addition to other types of content, pornography is allowed and the website is used mainly by pornographic models, both amateur and professionals, as well as sex workers to sell photographs and videos directly to their fans.

**II.      Brittanya Knowingly Recruited, Enticed and Solicited Plaintiffs by Fraud to Engage in Commercial Sex Acts.**

17.     In or about July 2020, Brittanya posted a message on her Instagram account stating that she was "Looking for girls to manage."  In particular, upon information and belief, Brittanya sought to attract naïve, vulnerable young women who Brittanya could fraudulently manipulate and coerce into creating pornographic content that Brittanya could exploit on the OnlyFans Website while defrauding the women of their earnings.

18.     In or about July 2020, each Plaintiff saw the Instagram post and contacted Brittanya to obtain further information.  At the time, Plaintiff Colvin resided in Dallas, Texas; Plaintiff Gemmill resided in San Diego, California; and Plaintiff Hanford resided in Las Vegas, Nevada.

19.     After initiating conversations over Instagram, Brittanya moved the conversation with each Plaintiff to text messages and telephone calls, and set up individual, personal, face-to-face meetings with each Plaintiff in Las Vegas, Nevada.

20.     Brittanya purchased a plane ticket for Colvin to fly out to Las Vegas, Nevada for the meeting.  Gemmill and Hanford traveled to their respective meetings in Las Vegas, Nevada by car.

21.     At each of these initial meetings with Plaintiffs, Brittanya offered to manage Plaintiffs for the purposes of producing and exploiting pornographic content on the OnlyFans Website.  Brittanya represented and agreed that if the Plaintiffs worked with her, it would be an at-will management relationship that was terminable at any time.  Brittanya offered to take fifty percent (50%) of Plaintiffs' earnings from each Plaintiff's account on the OnlyFans Website as a commission for her services. Each Plaintiff naively agreed to the terms. None of the Plaintiffs had prior experience in the pornographic content industry.

4

22.    Brittanya's representations were false and fraudulent.  Upon information and belief, Brittanya intentionally misrepresented that she would take a 50% commission from Plaintiffs' earnings in exchange for management services when she intended on embezzling almost all of the money.

23.    Thereafter, Brittanya promptly pressured each Plaintiff into signing a one-page document in front of a witness and/or notary.  Brittanya refused to give the Plaintiffs a copy of the document they signed.

24.    These misrepresentations and acts of Brittanya constitute recruiting, enticing, obtaining, advertising, maintaining, patronizing, and/or soliciting commercial sex acts from Plaintiffs under the TVPA.

25.    Based upon Brittanya's fraud, Plaintiffs engaged in commercial sex acts at the direction of Brittanya.  In particular, as detailed below, Plaintiff's sex acts were recorded by photographs and videos (hereinafter, collectively, the **"Trafficked Content"**) which Brittanya commercially exploited on the OnlyFans Website.

26.    Using the Plaintiff's personal IDs, Brittanya set up each Plaintiff's account on the OnlyFans Website for the purposes of exploiting the Trafficked Content.  In doing so, Brittanya solely entered the bank account information as the source for income to be distributed from OnlyFans that was earned from Trafficked Content.  Upon information and belief, such bank accounts belonged to Brittanya, Marcello, Meow Gang, and/or DG Media.  Brittanya did not advise Plaintiffs of this nor did Plaintiffs consent to it.  However, Brittanya refused to give Plaintiffs the passwords to their own accounts.  As a result, Plaintiffs were unable to view what content was posted, how much money was being earned, and how much money Brittanya was fraudulently taking from them.  Instead, Brittanya surreptitiously withdrew all funds from the Plaintiff's OnlyFans accounts to Brittanya, Marcello, Meow Gang, and/or DG Media's own accounts.

27.    Likewise, Brittanya set up and controlled Instagram accounts for the Plaintiffs for the purposes of marketing their pages on the OnlyFans Website.  The Plaintiffs were not given the passwords to access these accounts.  Plaintiff's Instagram pages were used to advertise and promote the Trafficked Content on the OnlyFans Website.

5

### III. Brittanya Knowingly Recruited, Enticed, Harbored, Transported, and Solicited Plaintiffs by Coercion to Engage in Commercial Sex Acts.

28. Brittanya would persistently coerce the Plaintiffs to engage in numerous sex acts for the purpose of creating and delivering substantial amounts of Trafficked Content to Brittanya and Marcello for commercial exploitation.

29. In addition, Brittanya personally would record Trafficked Content, often while Marcello was present and using drugs.

30. Upon information and belief, Marcello, through his alter ego DG Media, would assist in Brittanya's scheme by, inter alia, editing the Trafficked Content. Brittanya would then post the Trafficked Content on Plaintiffs' respective pages on the OnlyFans Website and Instagram.

31. Brittanya's coercion included threatening to induce, and engaging in a scheme, plan, and/or pattern of inducing, psychological, financial, and reputational harm to Plaintiffs.

32. In addition, throughout her relationship with Plaintiffs, Brittanya coerced and exerted control over the Plaintiffs' lives through means of psychological, emotional, and financial manipulation.

33. For example, on the same day each Plaintiff agreed to work with her, Brittanya coerced Plaintiffs into "shooting" (i.e. photographing and video recording) pornographic content featuring the Plaintiffs in various states of undress and engaging in commercial sex acts in public places including the Las Vegas Strip.

34. Brittanya coerced and placed consistent pressure on each Plaintiff to shoot such Trafficked Content in public throughout their relationship, including within motor vehicles owned by Brittanya and Marcello while parked in public parking lots and other public locations. If and when Plaintiffs failed to keep up with her demands, Brittanya would call verbally abuse and coerce Plaintiffs.

35. One of the primary means of coercion and manipulation was encouraging the Plaintiffs to become intoxicated while shooting. Brittanya would ensure that alcohol was readily available at all times for Plaintiffs and would encourage them to consume it. In addition, illegal drugs were constantly present while shooting that Marcello would often bring and participate in the use of.

36.     Brittanya would pressure Plaintiffs daily to engage in sexual acts with another person for the purposes of producing Trafficked Content.  Brittanya's reasoning, she explained, is that such explicit, pornographic content would earn more money.  However, Brittanya failed to take even the most basic safety precautions such as having these other individuals tested for sexually transmitted diseases.

37.     Brittanya would also use alcohol to coerce participation.  For example, when one Plaintiff told Brittanya she was not comfortable engaging in these commercial sex acts, Brittanya would encourage her to keep consuming alcohol and stating, in essence, "I'll just talk to you again when you're drunk."  Under the intoxication of alcohol, this Plaintiff ultimately engaged in such commercial sex acts.

38.     At separate times, Brittanya had each Plaintiff move into Brittanya's home with her own husband and children for approximately a month or two each.  On information of belief, the purpose of harboring Plaintiffs in this fashion was to gain further physical and emotional control over the Plaintiffs.  For example, Brittanya asked the Plaintiffs to think of her as family and a mother-figure.  Thereafter, Brittanya had Plaintiffs live in other properties owned and/or controlled by Brittanya and Marcello and charged them rent.

## IV.    OnlyFans' Assisted, Supported, and Facilitated the Brittanya in Defrauding, Forcing, and/or Coercing Plaintiffs To Engage In Commercial Sex Acts.

39.     Upon information and belief, at all times relevant herein, OnlyFans's terms of service for the OnlyFans Website (hereinafter **"Terms of Service"**) expressly set forth that OnlyFans was acting in the "capacity as the agent" for the user that uploads content to the account.  Upon information and belief, Brittanya was the sole user that uploaded the Trafficked Content to Plaintiffs' accounts with OnlyFans.  OnlyFans was thus acting as Brittanya's agent.

40.     In addition, upon information and belief, at all times relevant herein, the Terms of Service:

    a.     required account holders to upload a valid ID and, only if requested by OnlyFans, further legal documentation such as a W-9;

b.      required that the account registration and uploaded information be solely that of the user;

c.      required that the account be registered solely for "personal use";

d.      reserved the right to verify that the information provided is in compliance with the Terms of Service "at any time";

e.      agreed that OnlyFans received and held all income earned on behalf of the account holder "as the agent" of the user;

f.      prohibited accounts that were not for "personal use";

g.      prohibited unauthorized use of another's information;

h.      prohibited use of the OnlyFans Website "in any manner or for any purpose that is illegal or unlawful, including engaging in any activity that violates any right of any person…";

i.      prohibited the uploading of content that "promotes any illegal activity, or advocates, promotes, or assists any unlawful act"; and

j.      prohibited use in any manner "that violates these Terms [of Service] or any applicable law".

41.      OnlyFans implemented a policy against preventing, or knowingly or recklessly failed to implement a policy to prevent, breaches of its Terms of Service.  For example, a policy and mechanism to search for duplicate bank accounts across multiple OnlyFans accounts could have prevented the sex trafficking alleged herein.  Instead, OnlyFans stuck its head in the sand and reaped the financial rewards from the exploitation of, and as an agent to, the Trafficked Content.

**V.      Defendants Earned Substantial Income Exploiting the Trafficked Content.**

42.      Defendants never showed or told Plaintiffs the amount of income earned from their pages on the OnlyFans Website and Brittanya reneged on her management agreement.  Instead, Brittanya had all of the money transferred to the Razavi Defendants' bank accounts and gave the Plaintiffs a meager weekly stipend.

43.      During the time Colvin worked with Brittanya, Colvin's page on the OnlyFans Website earned gross income of approximately $1,170,544.49, from which a net amount was paid out by

OnlyFans totaling approximately $946,890.20.  Upon information and belief, the Razavi Defendants wrongfully placed this entire net amount into their own bank accounts.

44.    During the time Gemmill worked with Brittanya, Gemmill's page the OnlyFans Website earned gross income of approximately $95,215.06, from which a net amount was paid out by OnlyFans totaling approximately $76,172.04.  Upon information and belief, the Razavi Defendants wrongfully placed this entire net amount into their own bank accounts.

45.    During the time Hanford worked with Brittanya, Hanford's page on the OnlyFans Website earned gross income of approximately $132,155.38, from which a net amount was paid out by OnlyFans totaling approximately $105,724.18.  Upon information and belief, the Razavi Defendants wrongfully placed this entire net amount into their own bank accounts.

46.    Brittanya owns, directly or indirectly, certain personal and/or real property that was (a) used or intended to be used by her to commit and/or facilitate the commission of commercial sex acts in violation of the TVPA, and/or (b) obtained, directly or indirectly, with income derived from such commercial sex acts.  Such property includes, without limitation:

a.    real property located at 10300 Mystic Ledge Court, Las Vegas, Nevada;

b.    real property obtained in or about November 2018 that is located at 10550 West Alexander Road, Unit 2130, Las Vegas, Nevada;

c.    real property obtained in or about June 2020 that is located at 8956 Aurora Bay Court, Las Vegas, Nevada;

d.    real property obtained in or about January 2021 that is located at 9303 Gilcrease Avenue, Unit 1, Las Vegas, Nevada;

e.    real property obtained in or about February 2021 that is located at 9522 Michelle Falls Avenue, Las Vegas, Nevada;

f.    real property located at 4016 English Lavender Avenue, Law Vegas, Nevada;

g.    a 2012 Rolls-Royce Ghost;

h.    a 2015 Chevrolet Suburban; and

i.    a 2016 Rolls-Royce Wraith.

47.     On information and belief, Brittanya transferred her interest in some or all of this real estate into revocable living trusts to fraudulently shield them from Brittanya's liabilities.  Such trusts are alter egos of Brittanya.

48.     On information and belief, Marcello transferred his interest in some or all of this real estate into trusts to fraudulently shield them from Marcello's liabilities.  Such trusts are alter egos of Marcello.

**VI.    Brittanya Engaged in a Scheme, Plan and Pattern to cause Serious Harm to Plaintiffs Following the Termination of their Relationship**

49.     Each Plaintiff terminated their respective relationships with Brittanya in or about January 2021.

50.     Promptly after Plaintiff's relationship with Brittanya was terminated, Brittanya began actively sabotaging Plaintiffs' income streams from OnlyFans as well as Plaintiffs' overall reputations and careers.

51.     For example, Brittanya refused to turn over the passwords and control of Plaintiffs' respective accounts on the OnlyFans Website and Instagram.  Instead, Brittanya removed all content from these pages and replaced them with content from other women Brittanya claimed to be managing.

52.     As another example, once in control of her page on the OnlyFans Website, Gemmill began posting new content, as OnlyFans was her sole source of income.  Upon information and belief, almost immediately thereafter, Brittanya sent multiple frivolous takedown notices to OnlyFans under the Digital Millennium Copyright Act (17 U.S.C. § 512), falsely attesting under penalty of perjury that she had a good faith belief that the works on Gemmill's page were infringing on Brittanya's copyrights. As a direct result, Gemmill's the OnlyFans Website account was terminated by OnlyFans, causing Gemmill to lose her sole source of income.

53.     Ultimately, Plaintiffs regained control and access to their accounts on the OnlyFans Website.  Only at that point did Plaintiffs become aware of how much money they had earned and how much Brittanya had wrongfully taken from them.  Plaintiffs were unable to get their Instagram accounts back.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT
## (18 U.S.C. § 1591(a))
### (By All Plaintiffs Against Brittanya Razavi)

54.     Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

55.     Brittanya knowingly used the instrumentalities and channels of interstate and foreign commerce to facilitate violations of 18 U.S.C. § 1591(a)(1), occurring within the territorial jurisdiction of the United States and Las Vegas, Nevada.

56.     Brittanya's conduct was in or affecting interstate or foreign commerce for purposes of the TVPA.

57.     Brittanya knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and/or solicited Plaintiffs for the purpose of causing them to engage in commercial sex acts, through the use of force, fraud, and/or coercion, pursuant to 18 U.S.C. § 1591(a).

58.     Plaintiffs engaged in commercial sex acts that were exploited on the Internet due to Brittanya's use of force, fraud and/or coercion.

59.     Brittanya fraudulently promised or promised to provide Plaintiffs something of value in exchange for each commercial sex act, including portions of the profits obtained from their commercial sex acts.

60.     Brittanya received financial compensation for the sex trafficking of Plaintiffs.

61.     Brittanya's conduct has caused Plaintiffs "serious harm," as that term is defined in the TVPA, including, without limitation, physical, psychological, financial, and reputational harm that is sufficiently serious under all the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

62.     As a direct and proximate result of the actions of Brittanya, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

**SECOND CLAIM FOR RELIEF**
**PARTICIPATING IN A VENTURE IN VIOLATION OF**
**THE TRAFFICKING VICTIMS PROTECTION ACT**
**(18 U.S.C. § 1591(a))**
**(By Plaintiffs Against All Defendants)**

63.     Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

64.     Defendants participated in a venture together, in violation of 18 U.S.C. § 1591(a)(2).

65.     Marcello, DG Media, Meow Gang, and OnlyFans knowingly benefited from and received value for their participation in the venture in which Brittanya, with Marcello, DG Media, Meow Gang and OnlyFans's knowledge, or in reckless disregard of the fact, that Brittanya would defraud, force, and/or coerce Plaintiffs to engage in commercial sex acts.

66.     Marcello, DG Media, Meow Gang and OnlyFans knew or were in reckless disregard of the fact that it was Brittanya's pattern and practice to use the interstate commerce and the resources provided by Marcello, DG Media, Meow Gang and OnlyFans to entice and recruit young aspiring female models into commercial sex acts based on the promise of lucrative modeling opportunities. Marcello, DG Media, Meow Gang and OnlyFans's employees and/or agents had actual knowledge that they were facilitating and participating in Brittanya's scheme to recruit, entice, coerce, and/or solicit Plaintiffs into commercial sex acts, through the use of force, fraud, and/or coercion.

67.     Despite such knowledge, Marcello, DG Media, Meow Gang and OnlyFans facilitated and participated in Brittanya's violations of 18 U.S.C. § 1591, where they knew, or were in reckless disregard of the fact, that Brittanya would use coercion, fraud, and/or force to get Plaintiffs, aspiring young models, to engage in commercial sex acts.

68.     Marcello, DG Media, Meow Gang and OnlyFans knowingly benefited financially and/or personally from Brittanya's sex-trafficking venture and the exploitation of Plaintiffs.

69.     By facilitating and participating in Brittanya's sex trafficking venture, Marcello, DG Media, Meow Gang and OnlyFans profited from Plaintiffs' forced and/or coerced participation in performing commercial sex acts that were recorded, distributed, displayed, and performed on the Internet.

70.     Defendants' conduct has caused Plaintiffs serious harm including, without limitation, physical, psychological, financial, and reputational harm, that is sufficiently serious under all the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

71.     As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

<div align="center">

**THIRD CLAIM FOR RELIEF**
**FINANCIALLY BENEFITTING FROM SEX TRAFFICKING IN VIOLATION OF**
**THE TRAFFICKING VICTIMS PROTECTION ACT**
**(18 U.S.C. § 1595)**
**(By Plaintiffs Against All Defendants)**

</div>

72.     Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

73.     Defendants participated in a venture together, in violation of 18 U.S.C. § 1591(a)(2).

74.     Marcello, DG Media, Meow Gang and OnlyFans knowingly benefited from, and received value for, their participation in the venture, in which Brittanya, with Marcello, DG Media, Meow Gang and OnlyFans's knowledge, or in reckless disregard of the fact, would defraud, force, and/or coerce Plaintiffs to engage in commercial sex acts.

75.     Marcello, DG Media, Meow Gang and OnlyFans knew or were in reckless disregard of the fact that it was Brittanya's pattern and practice to use the interstate commerce and the resources provided by the Defendants to entice and recruit young aspiring female models into commercial sex acts based on the promise of lucrative modeling opportunities.  Marcello, DG Media, Meow Gang and OnlyFans's employees and/or agents had actual knowledge that they were facilitating and participating in Brittanya's scheme to recruit, entice, coerce, and/or solicit Plaintiffs into commercial sex acts, through the use of force, fraud, and/or coercion.

76.     Despite such knowledge, Marcello, DG Media, Meow Gang and OnlyFans facilitated and participated in Brittanya's violations of 18 U.S.C. § 1591, where they knew, or were in reckless

<div align="center">13</div>

disregard of the fact that Brittanya would use coercion, fraud, and/or force to get Plaintiffs, aspiring young models, to engage in commercial sex acts.

77.     Marcello, DG Media, Meow Gang and OnlyFans knowingly benefited financially and/or personally from Brittanya's sex-trafficking venture and the exploitation of Plaintiffs.

78.     By facilitating and participating in Brittanya's sex trafficking venture, Marcello, DG Media, Meow Gang and OnlyFans profited from Brittanya's forced and/or coerced participation in their pornographic films.

79.     Defendants' conduct has caused Plaintiffs serious harm including, without limitation, physical, psychological, financial, and reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity, in order to avoid incurring that harm.

80.     As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

**FOURTH CLAIM FOR RELIEF**
**CONSPIRACY TO COMMIT VIOLATION OF THE**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(18 U.S.C. § 1594)**
**(By Plaintiffs Against All Defendants)**

81.     Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

82.     Marcello, DG Media, Meow Gang and OnlyFans conspired with Brittanya, by agreement or understanding, to further Brittanya's unlawful plan and/or purpose to commit illegal commercial sex acts with Plaintiffs.

83.     Marcello, DG Media, Meow Gang and OnlyFans committed overt acts in furtherance of the agreement or understanding by knowingly using Plaintiffs, against their will, to perform in their pornographic films and/or to engage in sexual activity and be paid by Brittanya for such use.

84.     Marcello, DG Media, Meow Gang and OnlyFans's participation in the furtherance of Brittanya's illegal sex trafficking plan and/or purpose was intentional and/or willful and, therefore, each

14

intentionally and/or willfully caused Plaintiffs' commission of the commercial sex acts in their affirmative acts supporting Brittanya.

85.     Marcello, DG Media, Meow Gang and OnlyFans knew that their acts and conduct supporting and facilitating Brittanya would lead to commercial sex acts by Plaintiffs.

86.     Marcello, DG Media, Meow Gang and OnlyFans conspired with Brittanya through their affirmative acts and profited from Brittanya forcing and/or coercing Plaintiffs to engage in commercial sex acts.

87.     Defendants' conduct has caused Plaintiffs serious harm, including, without limitation, physical, psychological, financial, and reputational harm, that is sufficiently serious under all the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

88.     As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

### FIFTH CAUSE OF ACTION
### FRAUD/MISREPRESENTATION
### (By All Plaintiffs Against All Defendants)

89.     Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

90.     Brittanya falsely represented to Plaintiffs that she would take a fifty percent (50%) management commission in exchange for Brittanya's assistance in creating, promoting and exploiting Plaintiffs' content on the OnlyFans Website.

91.     Brittanya knew and/or believed these representations were false when she made them.

92.     Brittanya's misrepresentations were made with the intent to (a) induce Plaintiffs to allowing Brittanya to set up and control their accounts with OnlyFans and (b) coerce Plaintiffs into engaging in commercial sex acts.

15

93.     Plaintiffs justifiably relied upon Brittanya's misrepresentations.  In particular, Plaintiffs believed Brittanya's misrepresentations and, as a direct result, allowed Brittanya to set up and control their accounts with OnlyFans.

94.     After gaining such access, Defendants, and each of them, wrongfully placed all money paid out by Plaintiffs' accounts with OnlyFans directly into Defendants' own bank accounts.

95.     As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

96.     The acts of the Defendants, and each of them, were done willfully, with malice and oppression, and with a conscious disregard for Plaintiffs' rights and, therefore, Plaintiffs are entitled to recover punitive damages in an amount deemed appropriate to punish the Defendants, and each of them, for their wrongful and egregious conduct.

<div align="center">

**SIXTH CAUSE OF ACTION**
**CONVERSION**
**(By All Plaintiffs Against All Defendants)**

</div>

97.     Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

98.     Plaintiffs were entitled to the money earned and paid from their accounts with OnlyFans.

99.     Defendants, and each of them, substantially interfered with Plaintiffs' property by knowingly and intentionally taking possession of their money directly from OnlyFans.

100.    Plaintiffs did not consent to Defendants taking their money.

101.    Defendants' conduct was in derogation, exclusion and/or defiance of Plaintiffs' title and/or rights in the personal property.

102.    As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

103.    The acts of the Defendants, and each of them, were done willfully, with malice and oppression, and with a conscious disregard for Plaintiffs' rights and, therefore, Plaintiffs are entitled to

recover punitive damages in an amount deemed appropriate to punish the Defendants, and each of them, for their wrongful and egregious conduct.

## SEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT
**(By All Plaintiffs Against All Defendants)**

104.    Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

105.    Defendants have been unjustly enriched by retaining the money of Plaintiffs against the fundamental principles of justice or equity, and good conscience, all to the detriment of Plaintiffs.

106.    As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

107.    The acts of the Defendants, and each of them, were done willfully, with malice and oppression, and with a conscious disregard for Plaintiffs' rights and, therefore, Plaintiffs are entitled to recover punitive damages in an amount deemed appropriate to punish the Defendants, and each of them, for their wrongful and egregious conduct.

## EIGHTH CAUSE OF ACTION
### BREACH OF CONTRACT
**(By All Plaintiffs Against All Defendants)**

108.    Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

109.    In the alternative to the First through Fourth Causes of Action, each Plaintiff individually entered into a valid and enforceable contract with Brittanya.

110.    Under the terms of the contract, Brittanya would manage each Plaintiff's account with OnlyFans in return for a fifty percent (50%) management commission.

111.    Each Plaintiff did all of the material things the contract required her to do, and/or was excused of her obligation to do so.

112.    Brittanya failed to abide by her obligations under the contract, which was a material breach of the contract.  In particular, Brittanya in conjunction with the other Defendants wrongfully took money from Plaintiffs that were not due to Defendants under the contract.

113.    That as a direct and proximate result of the actions of Brittanya, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

**NINTH CAUSE OF ACTION**
**BREACH OF THE IMPLIED COVENANT**
**OF GOOD FAITH AND FAIR DEALING**
**(By All Plaintiffs Against All Defendants)**

114.    Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

115.    In the alternative to the First through Fourth Causes of Action, Nevada law provides that in every contract and agreement there is an implied covenant of good faith and fair dealing.

116.    Each Plaintiff did all of the significant things that her contract required her to do, and/or was excused from having to do those things.

117.    Brittanya owed a duty of good faith to the Plaintiffs.

118.    Brittanya breached her duty of good faith by wrongfully taking monies from the Plaintiffs in a manner that was unfaithful to the purpose of the contract.

119.    As a direct and proximate result of the actions of Brittanya, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

**TENTH CAUSE OF ACTION**
**ALTER EGO ALLEGATIONS**
**(Plaintiffs against All Defendants)**

120.    Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

121.    Upon information and belief, at all relevant times herein, Defendants, and each of them including DOES 1-10, were the agent, representative, servant, independent contractor, subcontractor, partner, joint venture, alter ego, successor in interest, affiliate, parent and/or subsidiary, employee and/or franchise of each of the remaining Defendants, and each of them herein, and were at all times acting within the purpose and scope of said agency, service, employment, partnership, joint venture, parent/subsidiary, and franchise as such and with the express and/or implied permission, knowledge, consent, and ratification of all other said Defendants.

122.    Upon information and belief, at all relevant times herein, Defendants, and each of them including DOES 1-10, were the alter egos of each of the other Defendants named herein.

123.    Upon information and belief, at all relevant times herein, Defendants, and each of them including DOES 1-10, acted in concert and with such a unity of interest, ownership, and control that their separate corporate identities are a sham and should be disregarded and each should be held legally responsible for the conduct of the others.

124.    Upon information and belief, at all relevant times herein, DG Media and Meow Gang were inadequately capitalized and failed to abide by the formalities of corporate existence.   Upon information and belief, at all relevant times herein, Brittanya, Marcello and DOES 1-10, and each of them, used DG Media and Meow Gang's assets as their own.

125.    Upon information and belief, at all relevant times herein, Defendants, and each of them, were, as applicable, the principal, owner, director, officer, managing member, shareholder, member, central figure, and/or representative of DG Media and Meow Gang, and that they authorized, approved, directed, controlled, ratified, participated in, instigated, and/or was otherwise the moving, active, central, and/or conscious force of figure behind the unlawful activity alleged herein.

126.    Upon information and belief, at all relevant times herein, DG Media and Meow Gang were the alter ego of Brittanya, Marcello and DOES 1-10 (and vice-versa) because there was a unity of interest and ownership between them, such that their separate personalities no longer existed and any failure to disregard the corporate form would result in a fraud or injustice.

127.    Upon information and belief, at all relevant times, Defendants and DOES 1-10 acted as the principal, agent, and/or representatives of each other.   Any action by one of them was within the course and scope of the agency relationship between them and was with the permission, ratification, and/or authorization of each other.

128.    As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

/ / /

/ / /

1
2

### ELEVENTH CAUSE OF ACTION
### Civil Conspiracy

3
4

129.     Plaintiffs reallege each and every allegation set forth above and incorporate them herein by reference.

5
6

130.     Defendants, and each of them, agreed and intended to accomplish an unlawful objective for the purpose of harming the Plaintiffs as set forth herein.

7
8

131.     Plaintiffs sustained damage resulting from the Defendants' wrongful conduct as set forth herein.

9
10
11

132.     As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiffs have been injured in an amount in excess of $15,000.00, the exact amount to be proven at the time of trial.

12

13

### ATTORNEY'S FEES

14
15
16

Plaintiffs have been required to retain the law offices of The Urban Law Firm and Kuznetsky Law Group, P.C. to prosecute this action. Plaintiffs are hereby entitled to reasonable attorneys' fees and costs incurred herein.

17

18

### REQUEST FOR RELIEF

19

WHEREFORE, Plaintiffs pray as follows:

20
21
22

1.     That the Court grant preliminary and permanent injunctive relief to prohibit Defendants from continuing to engage in the unlawful acts and practices described herein;

23
24

2.     A finding of an alter ego between MEOW GANG PRODUCTION STUDIOS, INC. and BRITTANYA RAZAVI, thus piercing the corporate veil;

25
26

3.     A finding of an alter ego between DG MEDIA & ENTERTAINMENT GROUP, INC. and MARCELLO RAZAVI, thus piercing the corporate veil;

27

4.     For compensatory damages in an amount in excess of $15,000.00;

28

20

**445**

1    5.    For punitive damages in an amount as deemed appropriate to punish or set an

2    example of Defendants;

3    6.    Requiring restitution and disgorgement of all profits and unjust enrichment

4    obtained as a result of Defendants' unlawful conduct;

5    7.    For interest on all sums according to law;

6    8.    For attorney's fees;

7    9.    For costs of suit incurred herein; and

8    10.    For such other and further relief as the Court deems just and proper

9

10    Dated: June 21, 2022                    **THE URBAN LAW FIRM**

11

12    */s/ Michael A. Urban*

MICHAEL A. URBAN, Nevada State Bar No. 3875

13    4270 S. Decatur Blvd., Suite A-9

Las Vegas, Nevada 89103

14    Phone: (702) 968-8087

Fax: (702) 968-8088

15    murban@theurbanlawfirm.com

***Counsel for Plaintiffs***

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT YY

Electronically Filed
6/29/2022 4:44 PM
Steven D. Grierson
CLERK OF THE COURT

1

2   MICHAEL D. KUZNETSKY, ESQ
    California State Bar No.: 241045
3   KUZNETSKY LAW GROUP, P.C.
    210 N. Pass Avenue, Suite 103
4   Burbank, California 91505
    mike@kuzlaw.com
5   PH: (818) 753-2450
    Fax: (818) 736-0999
6     (Admitted pro hac vice under SCR 42)

7   MICHAEL A. URBAN, ESQ.
    Nevada Bar No.: 3875
8   THE URBAN LAW FIRM
    4270 S. Decatur Blvd., Suite A-9
9   Las Vegas, Nevada  89103
    PH: (702) 968-8087
10  Fax: (702) 968-8088
    murban@theurbanlawfirm.com
11  **Counsel for Plaintiffs**

12              **EIGHTH JUDICIAL DISTRICT COURT**

13                  **CLARK COUNTY, NEVADA**

14  LAUREN COLVIN, an individual; YOUREE          Case No.:    A-21-836019-C
    GEMMILL, an individual; and PATHAMAWAN
15  HANFORD, an individual,                       Dept. No.:   XXI

16              Plaintiffs,

17          v.                                    **PLAINTIFFS AND COUNTER-**
                                                  **DEFENDANTS' ANSWER TO**
18  BRITTANYA RAZAVI; MARCELLO RAZAVI;            **FIRST AMENDED COUNTERCLAIM**
    MEOW GANG PRODUCTION STUDIOS, INC.,
19  DG MEDIA & ENTERTAINMENT GROUP,
    INC., FENIX INTERNATIONAL LIMITED dba
20  ONLYFANS; and DOES 1-10 inclusive;

21              Defendants.

22  DG MEDIA & ENTERTAINMENT GROUP,
    INC.; MEOW GANG PRODUCTION STUDIOS,
23  INC.; MARCELLO RAZAVI; and BRITTANYA
    RAZAVI,
24
                Counterclaimants,
25
            v.
26
    LAUREN COLVIN, YOUREE GEMMILL, and
27  PATHAMAWAN HANFORD,

28              Counter - Defendants.

                                    1

## PLAINTIFFS AND COUNTER DEFENDANTS'
## ANSWER TO FIRST AMENDED COUNTERCLAIM

Plaintiffs and Counter-Defendants, Lauren Colvin ("Colvin"), Youree Gemmill ("Gemmill"), and Pathamawan Hanford ("Hanford") (collectively, "Plaintiffs") by and through their attorneys of record The Urban Law Firm and Kuznetsky Law Group, P.C., hereby answer Counterclaimants, Brittanya Razavi ("Brittanya"), Marcello Razavi ("Marcello"), Meow Gang Production Studios, Inc. ("Meow"), and DG Media & Entertainment Group, Inc. ("DG") First Amended Counterclaim ("FACC") as follows:

1.      Plaintiffs admit the allegations of paragraphs 1, 2, 3, 4, 6, 21, 22, 23, 24, 27, 28, and 87 of the FACC.

2.      Plaintiffs deny the allegations of paragraphs 16, 16.a., 16.b., 16.c., 16.d., 16.e., 17, 18, 27, 28, 31, 32, 33, 45, 46, 47, 50, 51, 52, 59, 60, 62, 63, 67, 68, 69, 70, 74, 75, 76, 77, 83, 84, 89, 90, 91, 92, 94, 96, 97, and 98 of the FACC.

3.      Answering paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 19, 20, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 48, 49, 53, 54, 58, 61, 64, 71, 79, 95, and 99 of the FACC, Plaintiffs have insufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore deny the same.

4.      Answering paragraph 13 of the FACC, Colvin admits signing a document in the presence of a notary.  As to the remaining allegations of paragraph 13, Plaintiffs are without sufficient knowledge or information upon which to form a belief as to the truth of those allegations, and therefore deny the same.

5.      Answering paragraph 25 of the FACC, Plaintiffs admit the grounds set forth in Plaintiffs' ex parte motion for prejudgment writ of attachment included, among others, that Defendants "are actively seeking to spend all of their available cash and all funds embezzled from Plaintiffs …". Plaintiffs deny the remaining allegations of paragraph 25.

6.      Answering paragraph 26 of the FACC, Plaintiffs admit that Plaintiffs' ex parte motion for prejudgment writ of attachment relied upon "three separate and disjunctive subsections of NRS 31.017" in seeking relief, including "(1) Plaintiffs seek to recover a specific amount of funds converted

2

by Defendants (subsection 3); (2) Defendants are about to hypothecate/dispose of Plaintiffs' money to purchase real estate (subsection 5); …".  Plaintiffs deny the remaining allegations of paragraph 26.

7.      Answering paragraph 55, 65, 72, 80, 85, and 100 of the FACC, Plaintiffs admit that Defendants are represented by counsel in this action.  Plaintiffs deny the remaining allegations of paragraphs 55, 65, 72, 80, 85, and 100.

8.      Answering paragraph 78 of the FACC, Plaintiffs admit alleging unlawful conduct on the parts of Defendants.  Plaintiffs deny the remaining allegations of paragraph 78.

9.      Answering paragraph 88 of the FACC, Plaintiffs admit the Court issued an order for prejudgment writ of attachment.  Plaintiffs deny the remaining allegations of paragraph 88.

10.     Answering paragraph 93 of the FACC, Plaintiffs admit they did not post a surety or bond prior to executing the writ.  Plaintiffs deny the remaining allegations of paragraph 93.

11.     Answering paragraphs 5, 14, 23, 24, 25, 26, 29, 30, 32, 44, 56, 57, 66, 73, 81, 82, and 86 Plaintiffs state that this paragraph contains legal conclusions that do not require a response.

12.     As to any remaining allegations not specifically responded to, Plaintiffs deny the same.

## AFFIRMATIVE DEFENSES TO FIRST AMENDED COUNTERCLAIM

1.      Defendants failed to state a claim upon which relief can be granted.

2.      Defendants' claims are barred by the doctrine of unclean hands.

3.      Defendants' claims are barred by the doctrine of waiver.

4.      Defendants' claims are barred by the doctrine of estoppel.

5.      Defendants' recovery, if any, must be offset to the extent any payment(s) have been made by, or monies have been unlawfully kept from, Plaintiffs on any and all of the subject claims.

6.      Defendants' recovery, if any, must be setoff, offset, reduced or apportioned to the extent of any other party's action, conduct, or omission caused or contributed to the damages, if any.

7.      Defendants' claims are barred because Defendants failed to fulfill a condition precedent prior to the filing of its counterclaims.

8.      Defendants' claims are barred because Defendants failed to give proper notice of breach thereof.

9.     Defendants' have not suffered any damages as a result of any actions taken by Plaintiffs, and are thereby barred from asserting any claim against Plaintiffs.

10.    Defendants are barred from recovering monetary damages to the extent that Defendants have failed to mitigate, or failed to reasonably attempt to mitigate, Defendants' damages, if any.

11.    Defendants' contract claims are barred because Defendants have breached the alleged applicable agreements, if any.

12.    Defendants' claims are barred by their own anticipatory breaches of contractual obligations, which breaches relieved any obligations of Plaintiffs.

13.    Defendants' claims are barred by their failure to perform.

14.    Plaintiffs, if subject to a contract, did not breach any contract.

15.    If a duty was owed by Plaintiffs, Plaintiffs fulfilled each duty in good faith.

16.    Plaintiffs, if any contract existed, fully or substantially performed under any such contract, or is excused or justified from performing any and all duties and obligations arising from any contract.

17.    Defendants' claims are barred by their own ratification, consent, acquiescence, or approval of any and all actions complained of.

18.    Defendants' claims are barred by their own acts, conduct or omissions.

19.    Any damages allegedly sustained by the Defendants were the result of their own actions or omissions.

20.    Defendants have not suffered any special damages.

21.    Defendants cannot recover attorney fees as special damages.

22.    Plaintiffs incorporate by reference the alleged facts and allegations in their First Amended Complaint in response to the allegations in the First Amended Counterclaim of Defendants.

23.    Plaintiffs incorporate by reference those affirmative defenses enumerated in NRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Plaintiffs reserve the right to seek leave of the Court to amend this Answer to specifically assert any such defense. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

24.     Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein, in so far as sufficient facts were not available after a reasonable inquiry upon the filing of Plaintiffs' Answer to Defendants' First Amended Counterclaim; therefore, Plaintiffs expressly reserve the right to amend this Answer and/or assert additional affirmative defenses after conducting further discovery, investigation and research.

Dated: June 29, 2022                          **THE URBAN LAW FIRM**

*/s/ Michael A. Urban*
MICHAEL A. URBAN, Nevada State Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
***Counsel for Plaintiffs and Counter-Defendants***

5

**451**

# EXHIBIT ZZ

Electronically Filed
7/5/2022 12:30 PM
Steven D. Grierson
CLERK OF THE COURT

**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
*Attorneys for Defendants/Counterclaimants*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LAUREN COLVIN, an individual; YOUREE GEMMILL, an individual; and PATHAMAWAN HANFORD, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> BRITTANYA RAZAVI; MARCELLO RAZAVI; MEOW GANG PRODUCTION STUDIOS, INC.; DG MEDIA & ENTERTAINMENT GROUP, INC.; and DOES 1-10 inclusive, <br><br> Defendants. | Case No.:   A-21-836019-C <br> Dept. No.:   XI |
| DG MEDIA & ENTERTAINMENT GROUP, INC.; MEOW GANG PRODUCTION STUDIOS, INC., MARCELLO RAZAVI and BRITTANYA RAZAVI, <br><br> Counterclaimants, <br><br> vs. <br><br> LAUREN COLVIN, YOUREE GEMMILL and PATHAMAWAN HANFORD, <br><br> Counter-Defendants. | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Brittanya Razavi ("Brittanya"), Marcello Razavi ("Marcello"), Meow Gang

Production Studios, Inc. ("Meow"), and DG Media & Entertainment Group, Inc. ("DG")

(collectively "Defendants"), by and through their attorneys of record, Nick D. Crosby, Esq., with

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:16631-001 4757880_1 7/5/2022 12:11 PM

**452**

the law firm of Marquis Aurbach, hereby answers Plaintiffs' First Amended Complaint as follows:

1.  In answering Paragraphs 4, 5, 6, 7, 14, 16, 20 and 115 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein.

2.  In answering Paragraphs 11, 12, 17, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 71, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 102, 103, 105, 106, 107, 109, 110, 111, 112, 113, 116, 117, 118, 119, 121, 122, 123, 124, 125, 126, 127, 128, 130, 131 and 132 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

3.  In answering the unnumbered paragraph under the title "Attorney's Fees" in the First Amended Complaint, Defendants deny the allegations contained therein.

4.  In answering Paragraphs 1, 2, 3, 8, 10, 18, 39, 40 and 41 of Plaintiffs' First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

5.  In answering Paragraphs 54, 63, 72, 81, 89, 97, 104, 108, 114, 120 and 129 of Plaintiffs' First Amended Complaint, Defendants repeat and reallege each and every response thereto.

6.  In answering Paragraph 9 of Plaintiffs' First Amended Complaint, the allegations do not contain an assertion of a fact, but rather state how the Defendants are referenced in the pleading.

7.  In answering Paragraph 13 of Plaintiffs' First Amended Complaint, Brittanya admits she is a reality television and social media personality, and appeared on reality shows, to include those listed in the First Amended Complaint, but denies the remaining allegations contained therein.

8.  In answering Paragraph 15 of Plaintiffs' First Amended Complaint, Brittanya admits she began posting content to Onlyfans.com in or around February 2020, but denies all remaining allegations contained therein.

MAC:16631-001 4757880_1 7/5/2022 12:11 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

9.      In answering Paragraph 19 of Plaintiffs' First Amended Complaint, Brittanya admits she had conversations with Plaintiffs, but denies the remaining allegations contained therein.

10.     As to any remaining allegations not specifically responded to, Defendants deny the same.

### AFFIRMATIVE DEFENSES

1.      Plaintiffs failed to state a claim upon which relief can be granted.

2.      Plaintiffs failed to mitigate their damages, if any.

3.      Plaintiffs' claims are barred by the doctrines of unclean hands, laches, waiver and estoppel.

4.      Plaintiffs' claims are barred by their first prior breaches.

5.      Plaintiffs' claims are barred by their own anticipatory breaches of contractual obligations, which breaches relieved any obligations of Defendants.

6.      Plaintiffs' claims are barred by their failure to perform.

7.      Defendants, if subject to a contract, did not breach any contract.

8.      Defendants, if such a duty was owed, fulfilled any such duty in good faith.

9.      Defendants, if any contract existed, fully or substantially performed under any such contract, or is excused or justified from performing any and all duties and obligations arising from any contract.

10.     Plaintiffs' claims are barred by their own ratification, consent, acquiescence, or approval of any and all actions complained of in the First Amended Complaint.

11.     Plaintiffs' claims are barred by their own acts, conduct or omissions.

12.     Plaintiffs' recovery, if any, must be setoff, offset, reduced or apportioned to the extent any other party's action, conduct, or omission caused or contributed to the damages, if any.

13.     Any damages allegedly sustained by the Plaintiffs were the result of their own actions or omissions.

14.     Plaintiffs' claims are barred in whole or in part by the doctrine of setoff or offset.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:16631-001 4757880_1 7/5/2022 12:11 PM

15.     Plaintiffs have not suffered any special damages.

16.     Plaintiffs cannot recover attorney fees as special damages.

17.     Plaintiffs have suffered no damages as a result of the complained-of actions.

18.     If any damages were sustained by the Plaintiffs, which Defendants deny, said damages were proximately caused by the negligence or intentional acts of third parties other than Defendants.

19.     At all times relevant, the actions Plaintiffs engaged in were voluntary and expressly or impliedly consented to by Plaintiffs.

20.     Defendants did not violate any statute or Act designed or intended to protect the Plaintiffs against the harm for which the Plaintiffs seek damages.

21.     Defendants incorporate by reference those affirmative defenses enumerated in NRCP 8 as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of such defenses, Defendants reserve the right to seek leave of the Court to amend this Answer to specifically assert any such defense.  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

22.     Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein, in so far as sufficient facts were not available after a reasonable inquiry upon the filing of these Defendants' Answer to Plaintiffs' Complaint; therefore, these Defendants reserve the right to amend their answer to allege additional affirmative defenses if subsequent investigations so warrant.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1.     That Plaintiffs take nothing by way of their First Amended Complaint and that the same be dismissed with prejudice;

2.     That Counterclaimants receive an award of compensatory damages in excess of $15,000;

3.     Prejudgment and post-judgment interest;

4.     For an award of reasonable attorney fees and costs of suit; and

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:16631-001 4757880_1 7/5/2022 12:11 PM

1       5.      For any further relief as the Court deems to be just and proper.

2      Dated this 5th day of July, 2022.

MARQUIS AURBACH

By:    *s/ Nick Crosby, Esq.*
       Nick D. Crosby, Esq.
       Nevada Bar No. 8996
       10001 Park Run Drive
       Las Vegas, Nevada 89145
       *Attorneys for Defendants/Counterclaimants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was submitted electronically for filing and/or service with the Eighth Judicial District Court on the 5th day of July, 2022.  Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:[1]

Michael A. Urban, Esq.
THE URBAN LAW FIRM
Email: murban@theurbanlawfirm.com

Michael W. Fattorosi, Esq. (CA Bar #193538)
LAW OFFICES OF MICHAEL W. FATTOROSI, P.C.
Email: michael@fattlegal.com
*Pro Hac Vice*

Michael D. Kuznetsky, Esq. (CA Bar #241045)
KUZNETSKY LAW GROUP, P.C.
Email: mike@kuzlaw.com
*Pro Hac Vice*

*Attorneys For Plaintiffs*

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to: N/A

*s/Sherri Mong*
An employee of Marquis Aurbach

---

[1] Pursuant to EDCR 8.05(a), each party who submits an E-Filed document through the E-Filing System consents to electronic service in accordance with NRCP 5(b)(2)(D).

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 5 of 5

MAC:16631-001 4757880_1 7/5/2022 12:11 PM

# EXHIBIT AAA

Electronically Filed
7/29/2022 4:59 PM
Steven D. Grierson
CLERK OF THE COURT

1   **JCCR**
MICHAEL D. KUZNETSKY, ESQ
2   California State Bar No.: 241045
KUZNETSKY LAW GROUP, P.C.
3   210 N. Pass Avenue, Suite 103
Burbank, California 91505
4   mike@kuzlaw.com
PH: (818) 753-2450
5   Fax: (818) 736-0999
    *(Admitted pro hac vice under SCR 42)*
6
MICHAEL A. URBAN, ESQ.
7   Nevada Bar No.: 3875
THE URBAN LAW FIRM
8   4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada  89103
9   PH: (702) 968-8087
Fax: (702) 968-8088
10  murban@theurbanlawfirm.com
**Counsel for Plaintiffs**
11
### EIGHTH JUDICIAL DISTRICT COURT
12
### CLARK COUNTY, NEVADA
13

14  LAUREN COLVIN, an individual; YOUREE
GEMMILL, an individual; and PATHAMAWAN
HANFORD, an individual,

Case No.:   A-21-836019-C

Dept. No.:   XI
15

16                    Plaintiffs,

17           v.                                        **JOINT CASE CONFERENCE REPORT**

18  BRITTANYA RAZAVI; MARCELLO RAZAVI;
MEOW GANG PRODUCTION STUDIOS, INC.,
19  DG MEDIA & ENTERTAINMENT GROUP,
INC., FENIX INTERNATIONAL LIMITED dba
20  ONLYFANS; and DOES 1-10 inclusive;

21                    Defendants.

22  DG MEDIA & ENTERTAINMENT GROUP,
INC.; MEOW GANG PRODUCTION STUDIOS,
23  INC.; MARCELLO RAZAVI; and BRITTANYA
RAZAVI,
24
                     Counterclaimants,
25
            v.
26
LAUREN COLVIN, YOUREE GEMMILL, and
27  PATHAMAWAN HANFORD,

28                    Counter - Defendants.

1

**457**

## JOINT CASE CONFERENCE REPORT

DISPUTE RESOLUTION

CONFERENCE REQUIRED

YES _____ NO _____X_____

SETTLEMENT CONFERENCE REQUESTED

YES _____ NO _____X_____

**I.**

## PROCEEDINGS PRIOR TO CASE CONFERENCE REPORT

**A.** **DATE OF FILING OF COMPLAINT:**

Complaint: June 9, 2021

First Amended Complaint: June 21, 2022

**B.** **DATE OF FILING OF ANSWER BY EACH DEFENDANT:**

Brittanya Razavi: May 31, 2022

Marcello Razavi: May 31, 2022

Meow Gang Production Studios, Inc.: May 31, 2022

DG Media & Entertainment Group, Inc.: May 31, 2022

Fenix International Limited dba OnlyFans: No responsive pleading filed.

**C.** **DATE OF FILING COUNTERCLAIM:**

Counterclaim: May 31, 2022

First Amended Counterclaim: June 8, 2022

**D.** **DATE OF FILING ANSWER BY EACH COUNTER-DEFENDANT:**

Lauren Colvin: June 21, 2022

Youree Gemmill: June 21, 2022

Pathamawan Hanford: June 21, 2022

**E.** **DATE THAT EARLY CASE CONFERENCE WAS HELD AND WHO ATTENDED:**

Thursday, June 30, 2022.  Michael A. Urban, Esq. and Michael D. Kuznetsky, Esq. for Plaintiffs and Counter-Defendants.   Nick D. Crosby, Esq., for Defendants and Counterclaimants.

**II.**

**A BRIEF DESCRIPTION OF THE NATURE OF THE ACTION AND**

**EACH CLAIM FOR RELIEF OR DEFENSE:**

**[16.1(c)(1)]**

A.  **Description of the action:** Sex Trafficking in violation of the Trafficking Victims Protection Act of 2000 (18 U.S.C. § 1591 et seq.); alternatively, Breach of Contract.

Causes of action:
1.  Violation of the Trafficking Victims Protection Act (18 U.S.C. § 1591(a));
2.  Participating in a Venture in Violation of the Trafficking Victims Protection Act (18 U.S.C. § 1591(a));
3.  Financially Benefitting from Sex Trafficking in Violation of the Trafficking Victims Protection Act (18 U.S.C. § 1595);
4.  Conspiracy to Commit Violation of the Trafficking Victims Protection Act (18 U.S.C. § 1594);
5.  Fraud/Misrepresentation;
6.  Conversion;
7.  Unjust Enrichment;
8.  Breach of Contract;
9.  Breach of the Implied Covenant of Good Faith and Fair Dealing;
10.  Alter Ego Allegations; and
11.  Civil Conspiracy.

B.  **Claims for relief in First Amended Complaint:**

1.  Preliminary and permanent injunctive relief;
2.  Finding an alter ego between Meow Gang Production Studios, Inc. and Brittanya Razavi;
3.  Finding of an alter ego between Dg Media & Entertainment Group, Inc. and Marcello Razavi;
4.  Compensatory damages;
5.  Punitive damages;
6.  Restitution and disgorgement of all profits and unjust enrichment;
7.  Interest on all sums;
8.  Attorneys' fees;
9.  Costs of suit;
10.  Other and further relief as the Court deems just and proper.

C.  **Defenses to First Amended Complaint:**

1.  Failure to state a claim;
2.  Failure to mitigate damages;
3.  Unclean hands, laches, waiver, and estoppel;

3

4.   Prior breach of contract;
5.   Anticipatory breach of contract;
6.   Failure to perform contract;
7.   No breach of contract by Defendants;
8.   Duty fulfilled in good faith;
9.   Fulfillment of contractual obligations, or excusal therefrom, by Defendants;
10. Ratification, consent, acquiescence, or approval;
11. Barred by conduct;
12. Offset;
13. No damages from Defendants' actions;
14. Setoff or offset;
15. No special damages;
16. Attorneys' fees not recoverable;
17. No damages;
18. Third party fault;
19. Voluntary action;
20. No violation of law;
21. All affirmative defenses in NRCP 8; and
22. Right to amend to allege additional affirmative defenses.

**D.      Description of First Amended Counterclaims:** Breach of Contract.

Causes of action:
1.      Breach of Contract;
2.      Breach of the Implied Covenant of Good Faith and Fair Dealing;
3.      Conversion;
4.      Negligent Misrepresentation; and
5.      Unlawful Attachment/Abuse of Process.

**E.      Claims for relief in First Amended Counterclaims:**

1.      Plaintiffs take nothing;
2.      Compensatory damages;
3.      Prejudgment and post-judgment interest;
4.      Attorneys' fees and costs of suit; and
5.      Other and further relief as the Court deems just and proper.

**F.      Defenses to First Amended Counterclaims:**

1.   Failure to state a claim;
2.   Unclean hands;
3.   Waiver;
4.   Estoppel;
5.   Offset;
6.   Setoff or offset;
7.   Failure to fulfill condition precedent in contract;
8.   Failure to give proper notice of breach of contract;
9.   No damages from Plaintiffs' actions;

4

10. Failure to mitigate damages;
11. Breach of contract;
12. Anticipatory breach of contract;
13. Failure to perform contract;
14. No breach of contract by Plaintiffs;
15. Duty fulfilled in good faith;
16. Fulfillment of contractual obligations, or excusal therefrom, by Defendants;
17. Ratification, consent, acquiescence, or approval;
18. Barred by conduct;
19. Damages self-inflicted;
20. No special damages;
21. Attorneys' fees not recoverable;
22. Incorporation by reference of allegations in First Amended Complaint;
23. All affirmative defenses in NRCP 8; and
24. Right to amend to allege additional affirmative defenses.

## III.

## LIST OF ALL DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS IN THE POSSESSION, CUSTODY OR CONTROL OF EACH PARTY WHICH WERE IDENTIFIED OR PROVIDED AT THE EARLY CASE CONFERENCE OR AS A RESULT THEREOF:

### [16.1(a)(1)(B) and 16.1(c)(4)]

**A.**    **Plaintiffs:**

1.    Text messages between the parties.

2.    Screen captures from Instagram.

3.    Screen captures from OnlyFans.

**B.**    **Defendants:**

1.    Licensing Agreement;

2.    Signed Consent for Use of Images (Colvin);

3.    Signed Consent for Use of Images (Hanford);

4.    July 13, 2021 Facsimile Communication from Chase Bank. *

## IV.

## LIST OF PERSONS IDENTIFIED BY EACH PARTY AS LIKELY TO HAVE INFORMATION DISCOVERABLE UNDER RULE 26(b), INCLUDING IMPEACHMENT OR REBUTTAL WITNESSES:

5

**[16.1(a)(1)(A) and 16.1(c)(3)]**

**A.    Plaintiffs:**

        1.      Lauren Colvin, Plaintiff

        2.      Youree Gemmill, Plaintiff

        3.      Pathamawan Hanford, Plaintiff

        4.      Brittanya Razavi, Defendant

        5.      Marcello Razavi, Defendant

        6.      Paris

        7.      Amanda

        8.      Lexi

        9.      Kaylee

        10.     Rubii

        11.     Alyssa

        12.     Stephen Lioa pka Credit

        13.     Sonia

Plaintiffs' agree that depositions may be performed via video.

**B.    Defendants:**

        1.      Brittanya Razavi, Defendant

        2.      Marcello Razavi, Defendant

        3.      Lauren Colvin, Plaintiff

        4.      Youree Gemmill, Plaintiff

        5.      Pathamawan Hanford, Plaintiff

        6.      Any witness(es) identified by Plaintiffs

**V.**

**DISCOVERY PLAN**

**[16.1(b)(2) and 16.1(c)(2)]**

A.    What changes, if any, should be made in the timing, form or requirements for disclosures under 16.1(a):

      **1.**    **Plaintiffs' view:**

      **2.**    **Defendants' view: None at this time**


**When disclosures under 16.1(a)(1) were made or will be made:**

      **1.**    **Plaintiffs' disclosures:**  Made on 7/15/2022.

      **2.**    **Defendants' disclosures:**  Will be made on or before August 5, 2022.

**B.**    **Subjects on which discovery may be needed:**

      **1.**    **Plaintiffs' view:**  All matters raised in the First Amended Complaint and First Amended Counterclaims, and related affirmative defenses.

      **2.**    **Defendants' view:**  All matters raised in the First Amended Complaint and First Amended Counterclaims, and related affirmative defenses.

**C.**    **Should discovery be conducted in phases or limited to or focused upon particular issues?**

      **1.**    **Plaintiffs' view:**    No

      **2.**    **Defendants' view:**    No

**D.**    **What changes, if any, should be made in limitations on discovery imposed under these rules and what, if any, other limitations should be imposed?**

      **1.**    **Plaintiffs' view:**    None

      **2.**    **Defendants' view:**    None

**E.**    **What, if any, other orders should be entered by court under Rule 26(c) or Rule 16(b) and (c):**

      **1.**    **Plaintiffs' view:**    None

      **2.**    **Defendants' view:**    None

**F.**     **Estimated time for trial:**

    **1.**     **Plaintiffs' view:**     7 Court days following jury selection.

    **2.**     **Defendants' view:**     7 Court days following jury selection

**VI.**

## DISCOVERY AND MOTION DATES

### [16.1(c)(5)-(8)]

**A.**     **Dates agreed by the parties:**

    **1.**     **Close of discovery:**   January 3, 2023 (This date is 182 days following the Defendants' Answer to the First Amended Complaint.  The initial 180-day deadline falls on a Sunday [holiday], therefore, the deadline is moved to the next judicial day).

    **2.**     **Final date to file motions to amend pleadings or add parties (without a further court order):**  October 5, 2022

    **3.**     **Final dates for expert disclosures:**  November 4, 2022

        **i.**     **initial disclosure:** October 5, 2022

        **ii.**     **rebuttal disclosures:** December 5, 2022 (This date is 31 days following the deadline for expert disclosures. The initial deadline falls on a Sunday, therefore the deadline is moved to the next judicial day).

    **4.**     **Final date to file dispositive motions:** February 2, 2023

**B.**     **In the event the parties do not agree on dates, the following section must be completed:**   N/A

    **1.**     **Plaintiffs' suggested close of discovery:**

    **Defendants' suggested close of discovery:**

    **2.**     **Final date to file motions to amend pleadings or add parties (without a further court order):**

    **Plaintiffs' suggested:**

    **Defendants' suggested:**

    **3.**     **Final dates for expert disclosures:**

        **i.**     **Plaintiffs' suggested initial disclosure:**

1                             **Defendants' suggested initial disclosure:**

2              **ii.**     **Plaintiffs' suggested rebuttal disclosures:**

3                         **Defendants' suggested rebuttal disclosures:**

4       **4.**     **Final date to file dispositive motions:**

5              **Plaintiffs' suggested:**

6              **Defendants' suggested:**

7       **Failure to agree on the calendar dates in this subdivision shall result in a discovery**

8 **planning conference.**

9                                     **VII.**

10                             **<u>JURY DEMAND</u>**

11                            **[16.1(c)(10)]**

12 **A.**     **Jury demand has been filed:**   Yes.  First Amended Complaint filed June 21, 2022.

13                                   **VIII.**

14             **<u>INITIAL DISCLOSURES/OBJECTIONS</u>**

15                           **[16.1(a)(1)]**

16       If a party objects during the Early Case Conference that initial disclosures are not appropriate in

17 the circumstances of this case, those objections must be stated herein. The Court shall determine what

18 disclosures, if any, are to be made and shall set the time for such disclosure.

19       This report is signed in accordance with Rule 26(g)(1) of the Nevada Rules of Civil Procedure.

20 Each signature constitutes a certification that to the best of the signer's knowledge, information and

21 belief, formed after a reasonable inquiry, the disclosures made by the signer are complete and correct as

22 of this time.

23 Dated: July 29, 2022                **THE URBAN LAW FIRM**

24                           */s/ Michael A. Urban*

25                     MICHAEL A. URBAN, Nevada State Bar No. 3875
                         4270 S. Decatur Blvd., Suite A-9

26                     Las Vegas, Nevada 89103
                         Phone: (702) 968-8087

27                     Fax: (702) 968-8088
                         murban@theurbanlawfirm.com
                         ***Counsel for Plaintiffs and Counter-Defendants***

28

Dated: July 29, 2022

**MARQUIS AURBACH**

_/s/ Nick D. Crosby_
Nick D. Crosby, Esq., Nevada State Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Phone: (702) 382-0711
Fax: (702) 382-5816
ncrosby@maclaw.com
**_Counsel for Defendants and Counterclaimants_**

10

466

# EXHIBIT BBB

Electronically Filed
8/2/2022 10:05 AM
Steven D. Grierson
CLERK OF THE COURT

1   **ORDR**

2

3

4

5                                    DISTRICT COURT

6                              CLARK COUNTY, NEVADA

7

8   Lauren Colvin, Plaintiff(s)                 CASE NO:  A-21-836019-C

9   vs.
                                               DEPARTMENT 11
10  Brittanya Razavi, Defendant(s)

11

12

13

14         **MANDATORY RULE 16 PRE-TRIAL SCHEDULING CONFERENCE ORDER**

15         This ORDER ("Order") is entered *inter alia* to assist the parties in expediting disposition of

16  the action; resolving disputes; establishing and maintaining control so that the case will not be

17  protracted because of lack of management; discouraging wasteful pretrial activities; reduce costs,

18  and difficulties of discovery; and facilitating settlement. (See, NRCP 16(a)(1-5)).  This Order may

19  be amended or modified only by the Court upon good cause shown, and is made subject to any

20  Orders that have heretofore been entered herein.  After the conclusion of the Pre-Trial Scheduling

21  Conference, a Scheduling Order and Order Setting Civil Jury/Non-Jury Trial will be issued from

22  DEPARTMENT 11 pursuant to NRCP 16(b).

23

24  / / /

25  / / /

26  / / /

27

Ellie Roohani
DISTRICT COURT JUDGE
Department 11

**467**

**IT IS HEREBY ORDERED:**

**A.**  A Mandatory NRCP 16 Pre-Trial Scheduling and Discovery Conference, with the Court and counsel/parties in proper person, will be held on **Tuesday, 9/6/22 at 9:00 a.m.** in Department 11, **Courtroom 3E** , located in the Regional Justice Center, 200 Lewis Ave., Las Vegas, NV 89155.

**B.**  The served parties are ORDERED to exchange **all** applicable items required pursuant to NRCP 16.1(a). **This provision does not implicitly or explicitly extend the time for disclosure and ensures that the Conference is not delayed due to a party inadvertently not providing its required disclosures timely**.  These items include-but are not limited to:

1.  A signed medical release for each medical provider seen by the Plaintiff for the injuries asserted in the complaint, if applicable.

2.  A copy of the declaration page of **every** insurance policy which **might** offer coverage for the alleged injury/damage, if applicable.

3.  An itemized list of damages known to date.

4.  The name and, if known, the address and telephone number of each individual to have information discoverable under Rule 26(b) including for impeachment or rebuttal, identifying the subjects of the information.

5.  All items necessary pursuant to NRCP 16.1.

**C.**  **The following persons are required to attend the conference**:

1.  When a party is represented, **trial or lead counsel for that party must appear.** When determining who that counsel is for represented parties, that individual must be authorized "to make stipulations and admissions about all matters that can reasonably be anticipated for discussion at a pretrial conference." (NRCP 16(c)(1)).  When an individual is representing himself or herself, he or she must be present at the Conference.

2.  Parties and/or their representative(s) (including insureds, if applicable) may also be required to be present at the Conference if either the Court or counsel feels that his/her/their attendance would be beneficial.  If **all** counsel stipulate to the attendance of parties and/or their representatives, please contact the department, in writing, with

Ellie Roohani
DISTRICT COURT JUDGE
Department 11

a minimum of three (3) agreed-upon dates and times to schedule a telephonic conference call with the Court for a determination.  The conference call must be scheduled at least two weeks prior to the Pre-Trial Scheduling Conference date.  If the Court deems it necessary to have the parties and/or their representatives appear, the Court will notify counsel and will determine whether it is necessary to have the parties appear in person, or whether it will be appropriate to have the parties be reasonably available via telephone or audio visual means.

**D.** Each attorney (and party or pro se litigant as applicable) participating should be familiar with, and prepared to discuss, all of the issues set forth in NRCP 16.  In addition, the following is a generalized listing of the goals that Pre-Trial Scheduling Conferences are to accomplish.  Counsel, pro se litigants, and parties are to ensure that they are able to discuss, make determinations, and enter into stipulations regarding each of the following as they relate to their claims/case.  If there are additional issues that are not listed below, it is counsel and/or the litigant's obligation to bring the issue(s) to the attention of the Court so it/they can be addressed.

1. Timely Outstanding objections raised by any party in a NRCP 16.1(c) report;

2. What form of alternative dispute resolution is appropriate for the case, including if there are identifiable discovery matters that need to be undertaken before the parties can enter into a meaningful settlement conference or mediation;

3. Have the parties discussed the cost of litigation vs. resolution.   Determine a deadline by which a settlement conference/mediation shall be undertaken if appropriate;

4. Simplification of issues;

5. Any special case management procedures appropriate to this case; e.g jurisdictional discovery issues, bifurcation issues, proceedings in other forums, related/consolidated cases, complex issues requiring the appointment of a Special Master or a receiver;

6. An estimate of the volume of documents and/or electronic information likely to be the subject of discovery in the case, and methods to render document discovery more manageable at an acceptable cost; identify any and all document retention/destruction

Ellie Roohani
DISTRICT COURT JUDGE
Department 11

469

policies including electronic data; and, whether confidentiality agreements are needed;

7. A summary of discovery conducted and the nature and timing of remaining discovery; identify any unusual issues that may impact discovery including, but not limited to: a) whether the number of depositions will exceed those allowed under the rules or the time period allowed under the rules; b) what is Plaintiff's present medical status (if a personal injury matter) as it relates to ongoing treatment for timing of discovery and trial;

8. Determine the contents of the NRCP 16(b) Order applicable to the instant case, as well as other Pre-Trial and trial-related dates (i.e Pre-Trial/Trial Settling Conference, Calendar Call, and Trial Stack (or Firm Trial if applicable) as well as the need for additional Pre-Trial Conferences as defined by NRCP 16(b). This includes *inter alia*: time to join other parties, date to amend the pleadings, date to complete discovery, dispositive motion cut-off, Motion in Limine cut-off, as well as additional Pre-Trial Conferences;

9. Trial Setting - Determine if there are there any unique trial issues the parties are already aware of such as: witness issues, including parties or witnesses who are serving in the military living overseas; the need for an interpreter; or the need for an accommodation; and estimated days needed for trial;

10. Any other matters that may aid in the prompt disposition and resolution of this action.

**E.** Plaintiff should also be prepared to address whether all Defendants have been served; and, if not, what is the status of service. The Plaintiff is responsible for serving a copy of this Order upon counsel for all parties who it may have served after the Order was filed.

**F.** When a case is settled, counsel for the Plaintiff, and each unrepresented Plaintiff of record, shall notify the District Court Judge within forty-eight (48) hours of the settlement and shall advise the Court of the identity of the party or parties who will prepare and present the Judgment, Dismissal, or Stipulation of Dismissal, which shall be presented within twenty (20) days of the notification of settlement.

Ellie Roohani
DISTRICT COURT JUDGE
Department 11

/ / /

/ / /

/ / /

**G.    SANCTIONS**

NRCP 16(f) "on motion or on its own, the court may issue any just orders, including those authorized by rule 37(b)(1), if a party or its attorney: (A) fails to appear at a scheduling or other Pre-Trial Conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or, (C) fails to obey a scheduling or other pretrial order."

**H.    DISCOVERY**

1.    All discovery disputes in this matter will be handled by the Discovery Commissioner.

2.    A continuance of trial does not extend the deadline for completing discovery. A request for an extension of the discovery deadline, if needed, must be presented in compliance with EDCR 2.35.

3.    A party objecting to a written discovery request must timely, in the original objection, specifically detail the reasons that support the objection, and include affidavits or other evidence for any factual assertions upon which an objection is based.

4.    Documents produced in compliance with NRCP 16.1 or in response to a written discovery request, must be consecutively Bates stamped or numbered and accompanied by an index with a reasonably specific description of the documents.

5.    Any party whether in compliance with NRCP 16.1 or in a response to a written discovery request not producing all documents in its possession, custody or control, shall:

(a)    identify any documents withheld with sufficient particularity to support a

Motion to Compel; and

(b)    state the basis for refusing to produce the documents(s).

Ellie Roohani
DISTRICT COURT JUDGE
Department 11

6.  If photographs are produced in compliance with NRCP 16.1 or in a response to a written discovery request, the parties are instructed to include one (1) set of color prints (Color laser copies of sufficient clarity are acceptable), accompanied by a front page index, location depicted in the photograph (with reasonable specificity) and the date the photograph was taken.  If color laser copies are deposited, any party wishing to view the original photographs shall make a request to do so with the other party.

**I.    PRETRIAL MOTIONS**

1.  Any requests for <u>injunctive relief</u>, or other extraordinary relief shall be made with notice to the opposing party unless extraordinary circumstances exist.  All parties shall advise the Court in writing if there is an agreement to consolidate the trial on the merits with the preliminary injunction hearing pursuant to NRCP 65(a)(2).

2   Any motions which should be addressed prior to trial – including motions for summary judgment – shall be served, filed and scheduled for hearing no later than 45 days before trial.

3.  Motions in limine shall be served, filed and scheduled for hearing no later than 45 days before trial.  Except upon a showing of unforeseen extraordinary circumstances, the Court will not shorten time for the briefing of any pretrial motions or orally presented after these deadlines.

4.   One stipulation to continue trial will be allowed.  **THEREAFTER, CONTINUANCES WILL BE GRANTED FOR GOOD CAUSE AFTER A MOTION AND A HEARING.**

IT IS SO ORDERED this 2nd day of August, 2022.

_Elham Roohani_
Ellie Roohani, District Court Judge

Ellie Roohani
DISTRICT COURT JUDGE
Department 11

**472**

1

2

3

<div align="center"><u>**CERTIFICATE OF SERVICE**</u></div>

4

5

      I hereby certify that on or about the date signed, a copy of this Order was electronically filed

6

and served to all registered parties in the Eighth Judicial District Court Electronic Filing Program

7

and/or placed in the attorney's folder maintained by the Clerk of the Court and/or transmitted via

8

facsimile and/or mailed, postage prepaid, by United States mail to the proper parties as follows:

9

10

*Traci Rawlinson*

11

Traci Rawlinson

12

Judicial Executive Assistant
Department 11

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Ellie Roohani
DISTRICT COURT JUDGE
Department 11

**473**